**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN BRATTON, | ] |
|     Plaintiff, | ] |
|     V. | ] |
| CHATEL REAL ESTATE, INC. | ]  Case No. 0694 (JDB) |
| THIERRY LIVERMAN AND | ] |
| MARY WHITE. | ] |
|     Defendants. | ] |

<u>ANSWER OF DEFENDANT MARY WHITE</u>

Comes now the defendant, Mary White, by and through counsel, and in answer to the Complaint, states as follows:

1. The plaintiffs "Nature of the Action" is a mixed recitation of claims and law. A response is not required to paragraphs 1 through 3. Paragraph 4 claims that defendants repeatedly declined to lease office space to plaintiff because he is African American. This allegation is denied. This defendant also denies that she ever told the plaintiff that the space had been leased. The defendant also denies that she leased the space to the plaintiff after he filed a complaint for racial discrimination. The remaining allegations in sub paragraphs (4), (5) and (6) are also denied.

5. The plaintiff asserts jurisdiction under the Civil Rights Act and pursuant to the D.C. Human Rights Act, 2-1402.21 and 2-1402.23. This Court does not have jurisdiction because the plaintiff had filed a complaint under the D.C. Human Rights Act which was pending at the time this Complaint was filed.

6. The defendant denies the jurisdiction asserted in paragraph 6 of the Complaint.

7. The defendant admits that venue would be proper if this Court has

jurisdiction.

8. The defendant admits the allegations contained in paragraph 8 of the Complaint.

9. The defendant neither admits nor denies the allegations contained in paragraph 9 of the Complaint and demands strict proof thereof.

10. The defendant neither admits nor denies the allegations contained in paragraph 10 of the Complaint and demands strict proof thereof.

11. The defendant neither admits nor denies the allegations contained in paragraph 11 of the Complaint and demands strict proof thereof.

12. The allegations contained in paragraph 12 of the Complaint are legal conclusions and do not require a response.

13. The defendant admits the allegations contained in paragraph 13 of the Complaint.

14. The defendant admits that Mary White owns the building located at 1622 Wisconsin Avenue, NW, which has mixed commercial and residential usage.

15. The defendant admits that Mary White owned a real estate brokerage in the District of Columbia but denies that Barrett Anderson was her office manager.

16. The defendant denies that at all relevant times she knew that the plaintiff was an African-American.

17. The defendant admits that she listed the first and second floors of 1622 Wisconsin Avenue, NW for rent. The defendant denies that she listed the basement floor for rent.

18. The defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof.

19. The allegations contained in paragraph 19 of the Complaint are admitted.

20. The allegations contained in paragraph 20 of the Complaint are admitted.

21. The defendant denies that no other terms were disclosed in the MRIS

listing; admits that it did not disclose that a portion of real estate taxes would be paid by the tenant; and did not offer a right of first refusal to the tenant.

22. The allegations contained in paragraph 22 of the Complaint are admitted.

23. The allegations contained in paragraph 23 of the Complaint are denied.

24. The basement space was mistakenly listed with the terms and conditions stated in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint are admitted.

26. The allegations contained in paragraph 26 of the Complaint are admitted.

27. The defendant denies that the lower level of the property was vacant on October 6, 2005. The remaining allegations contained in paragraph 27 of the Complaint are admitted.

28. The defendant neither admits nor denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

29. The defendant has no knowledge of the allegations contained in paragraph 29 of the Complaint and demands strict proof thereof.

30. The defendant has no knowledge as to whether Mr. Pagones "began sweating and acting nervous" when confronted by the plaintiff. The defendant has no knowledge of the remaining allegations contained in paragraph 30 and demands strict proof thereof.

31. The defendant has no knowledge of the allegations asserted in paragraph 31 of the Complaint and demands strict proof thereof.

32. The defendant has no knowledge of the allegations asserted in paragraph 32 of the Complaint and demands strict proof thereof.

33. The defendant admits that the plaintiff delivered a lease which he had prepared to the office of Mary White, Inc. along with two checks on October 7, 2005 which was then sent on to Chatel Real Estate, Inc.

34. The allegations contained in paragraph 34 of the Complaint are denied.

35. The defendant has no knowledge of the truth or falsity of the allegations

contained in paragraph 35 of the Complaint and demands strict proof thereof.

36. The defendant has no knowledge of the truth or falsity of the allegations contained in paragraph 36 of the Complaint and demands strict proof thereof.

37. The defendant has no knowledge of what Mr. Pagones and Mr. Liverman may have said to the plaintiff. The defendant denies that she rejected plaintiff's lease or that she told any one that it had been leased to someone else.

38. There was no tenant who leased the property on October 11, 2005. The remaining allegations in paragraph 38 of the Complaint are denied.

39. The defendant, Mary White, denies that she misrepresented the unavailability of the Wisconsin Avenue property, admits that no one other than plaintiff executed a lease agreement. The defendant denies that no one else submitted an offer to lease the property in October 2005. The defendant denies that she ever refused to lease the property to the plaintiff because he is African-American, or for any other reason. The defendant did not even know the plaintiff was African American on October 11, 2005.

40. Defendant denies that she ever rejected plaintiff's offers to lease the property, so therefore he could not have suffered humiliation, embarrassment and emotional distress.

41. The defendant denies that she was told that the plaintiff was going to institute legal proceedings against her on October 12, 2005.

42 The allegations contained in paragraph 42 of the Complaint are denied. Mr. Bratton's complaint for discrimination was filed on October 25, 2005 and a copy was received by the defendant, Mary White, on November 7, 2005.

43. The allegations contained in paragraph 43 of the Complaint are denied.

44. It is admitted that the defendant's counsel did negotiate the lease with the plaintiff, but this was commenced before plaintiff filed his administrative complaint. When the administrative complaint was filed, the negotiations continued and the defendant nor her counsel had any knowledge of the administrative

complaint. The MRIS listing did not contain an offer of a right of first refusal; the defendant never offered the lower level for rent; and the tenant was required to pay real estate taxes of $200 a month. The defendant's counsel did not draft the lease which Mr. Bratton signed, but he did require that plaintiff submit his tax returns and other financial information.

45. The allegations contained in paragraph 45 of the Complaint are admitted.

46. The allegations contained in paragraph 46 of the Complaint are denied.

47. The defendant admits that the plaintiff signed a lease on October 31, 2005. The remaining allegations contained in paragraph 47 of the Complaint are denied.

48. The plaintiff has occupied the street level since November 1, 2005. The defendant was utilizing the lower level as her office until the renovation was completed at Washington Fine Properties.

49. The allegations contained in paragraph 49 are admitted.

## COUNT ONE

50. The prior responses to paragraphs 1-49 are reiterated.

51. Paragraph 51 of the Complaint contains legal conclusions and does not require a response.

52. Paragraph 52 of the Complaint contains legal conclusions and does not require a response.

53. The defendant denies that she ever rejected plaintiff's offers to lease the property. The defendant denies the remaining allegations contained in paragraph 53 of the Complaint.

54. The defendant denies the allegations contained in paragraph 54 of the Complaint.

55. The allegations contained in paragraph 55 of the Complaint are denied.

56. The allegations contained in paragraph 56 of the Complaint are denied.

57. The allegations contained in paragraph 57 of the Complaint are denied.

58. The defendant denies that she discriminated against plaintiff and denies that he is entitled to punitive damages.

## COUNT TWO

59. The prior responses to paragraphs 1-58 are reiterated.

60. The statements contained in paragraph 60 of the Complaint are legal conclusions and do not require a response.

61. The statements contained in paragraph 61 of the Complaint are legal conclusions and do not require a response.

62. The defendant did not ever reject plaintiffs offers to lease the property. The remaining allegations contained in paragraph 62 of the Complaint are denied.

63. The defendant denies the allegations contained in paragraph 63 of the Complaint.

64. The defendant denies the allegations contained in paragraph 64 of the Complaint.

65. The defendant denies the allegations contained in paragraph 65 of the Complaint.

66. The allegations contained in paragraph 66 of the Complaint are denied.

67. The allegations contained in paragraph 67 of the Complaint are denied and the plaintiff is not entitled to any damages.

## COUNT THREE

68. The responses contained in paragraphs 1-67 are reiterated.

69. The statements contained in paragraph 69 of the Complaint are legal conclusions and do not require a response.

70. The statements contained in paragraph 70 of the Complaint are legal conclusions and do not require a response.

71. The defendant denies the allegations contained in paragraph 71 of the Complaint.

72. The allegation contained in paragraph 72 of the Complaint is denied.

73. The allegations contained in paragraph 73 of the Complaint is denied.

` 74. The defendant denies the allegations contained in paragraph 74 of the Complaint and denies that the plaintiff is entitled to any damages.

## COUNT FOUR

75. The responses previously asserted in paragraphs 1-74 are reiterated.

76. Paragraph 76 of the Complaint states legal conclusions and does not require a response.

77. Paragraph 77 of the Complaint states legal conclusions and does not require a response.

78. The defendant is without information or knowledge sufficient to either admit or deny the allegations contained in paragraph 78 of the Complaint and demands strict proof thereof.

79. The defendant denies the allegations contained in paragraph 79 of the Complaint.

80. The allegation contained in paragraph 80 of the Complaint is denied.

81. The allegations contained in paragraph 81 of the Complaint are denied.

82. Paragraph 82 requires no answer.

**WHEREFORE,** the defendant prays that this Complaint be dismissed with costs and legal fees awarded to the defendant.

 /s/ John Gordon Forester, Jr.  
John Gordon Forester, Jr. Bar No. 4424  
1914 Sunderland Place, NW  
Washington, DC 20036  
202 293-3353

        /s/ Ashley E. Wiggins
Ashley E. Wiggins, Bar No. 481557
Griffin & Murphy, L.L.P.
1912 Sunderland Place, NW
Washington, DC 20036
202 429-9000

ATTORNEYS FOR DEFENDANT, MARY WHITE