UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BRATTON<br><br>　　　Plaintiff<br><br>v.<br><br>CHATEL REAL ESTATE, INC, et al<br><br>　　　Defendants. | Case No.: 1: 06CV00694<br><br>**ORAL HEARING REQUESTED**<br><br>Hon. John D. Bates |

## DEFENDANTS CHATEL REAL ESTATE, INC AND THIERRY LIVERMAN'S MOTION TO DISMISS COUNTS III & IV OF PLAINTIFF'S COMPLAINT

Defendants Chatel Real Estate, Inc. and Thierry Liverman (collectively "Defendants") by and through their undersigned counsel, hereby file this Motion to Dismiss Counts III and IV of Plaintiff Complaint pursuant to Rule 12(b). In support thereof, Defendants rely upon the attached Memorandum of Points and Authorities.

Respectfully Submitted,

CHATEL REAL ESTATE, INC and
THIERRY LIVERMAN

By: _/s/ Matthew A. Ranck_
Matthew A. Ranck, Esq. (DC Bar # 484983)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696 (telephone)
(202) 857-0762 (facsimile)
*Counsel for Defendants Chatel Real Estate,
Inc. and Thierry Liverman*

## REQUEST FOR A HEARING

Defendants Chatel Real Estate, Inc. and Thierry Liverman, by undersigned counsel, respectfully request that the Court schedule a hearing on the instant Motion.

Respectfully Submitted,

**CHATEL REAL ESTATE, INC and THIERRY LIVERMAN**

By: _____
Matthew A. Ranck, Esq. (DC Bar # 484983)

## RULE 7(m) CERTIFICATION

Despite efforts, consent could not be obtained to the relief requested in the foregoing Motion.

_____
Matthew A. Ranck, Esq. (DC Bar # 484983)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May 2006, Defendants caused a copy of the foregoing Motion, Memorandum of Points and Authorities in support thereof and a proposed Order to be served by electronic mail upon:

**John Gordon Forester**
1742 N Street, NW
Washington, DC 20036
(202) 293-3353
JGFcadence@aol.com
*Counsel for Defendant Mary White*

Stefan Shaibani
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9h Floor
Washington, DC 20036
(202) 277-8892
stefan@litigationassociate.com
*Counsel for Plaintiff*

_____
Matthew A. Ranck, Esq. (DC Bar # 484983)

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BRATTON<br><br>    Plaintiff<br><br>v.<br><br>CHATEL REAL ESTATE, INC, et al<br><br>    Defendants. | Case No.: 1: 06CV00694<br><br>**ORAL HEARING REQUESTED**<br><br>Hon. John D. Bates |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CHATEL REAL ESTATE, INC AND THIERRY LIVERMAN'S MOTION TO DISMISS COUNTS III & IV OF PLAINTIFF'S COMPLAINT

Defendants Chatel Real Estate, Inc. and Thierry Liverman (collectively "Chatel") by and through their undersigned counsel, hereby file this Memorandum of Points and Authorities in support of their Motion to Dismiss Count III and Count IV of John Bratton's ("Plaintiff") Complaint, and state as follows:

### I. INTRODUCTION

The above-captioned lawsuit involves claims under both the Federal Civil Rights Act and the D.C. Human Rights Act ("HRA"). Plaintiff, however, has already filed a Complaint with the District of Columbia Office of Human Rights ("OHR") seeking relief under the HRA. As such, this Court lacks subject matter jurisdiction, under the HRA's election of remedies provision, to hear Plaintiff's HRA-based claims.[1]

### II. STATEMENT OF FACTS

In October 2005, Plaintiff expressed interest in leasing a certain commercial space (the "Property") owned by Defendant Mary White and listed by Chatel. Although

---

[1] Counsel for Defendants has brought election of remedies provision to the attention of Plaintiff's counsel. Plaintiff's counsel has refused to dismiss the counts asserted under the Human Rights Act.

1

Plaintiff ultimately negotiated and executed a lease agreement, he claims he was discriminated against in the process.

As such, Plaintiff filed a Complaint with the D.C. Office of Human Rights alleging Ms. White, Chatel, Thierry Liverman, and John Pagones, a Chatel agent as the time, engages in discriminatory practices. Defendants answered the OHR Complaint, denying any wrongdoing.

Pursuant to DC Code §2-1403.04(d), before the OHR fully investigates a claim or makes any determination on the merits, all parties must attend mediation. As such, Plaintiff and Defendants attended an OHR meditation on December 7, 2005. No resolution was reached at mediation, and OHR resumed it probable-cause investigation. As part of this investigation, OHR interviewed Defendant Thierry Liverman on April 19, 2006, and, during this interview, Plaintiff caused the instant Complaint to be served on these Defendants. *See* Exhibit 1, Thierry Liverman's Affidavit, at ¶ 3-4.

If the Court were to allow Plaintiff to proceed on Count III and Count IV, Defendant would be required to defend two identical HRA claims in two different forums. To avoid this exact consequence, both the HRA and this Court have determined that the jurisdiction of OHR and the Court are mutually exclusive with regard to HRA claims. As the OHR matter was pending when this suit was filed, this Courts lacks subject-matter jurisdiction to hear Counts III and IV.[2]

### III. ARGUMENT

As explained above, Plaintiff has asserted claims under both the Federal Civil Rights Act (Counts I & II) and D.C. Human Rights Act (Counts III & IV). Due the

---

[2] On information and belief, the OHR matter is still pending, as neither Chatel nor undersigned counsel have received notice of any withdrawal or dismissal.

2

election of remedies provision in the HRA, however, this Court lacks subject-matter jurisdiction to hear Counts III and IV, both presently and *ab initio*.

Section 2-1403 of the DC Human Rights Act sets forth the procedures and requirements for filing a claim under the HRA. It explains that a claimant may file their claim with the OHR as prescribed in §2-1403 or may pursue its cause of action in a "court of competent jurisdiction." The Act makes clear, however, that if a complaint is filed with the OHR under §2-1403, a party *cannot bring a separate claim in the state or federal court systems.* It provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, ***unless such person has filed a complaint hereunder;*** Provided, that where the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed.
> DC Code 2-1403.16 (emphasis added)

That is, if a party has filed an OHR action they cannot file a seperate lawsuit based on the same facts without first withdrawing their OHR complaint. As this Court has expressed, "the jurisdiction of the Court and the OHR are mutually exclusive," *Parker v. Nat. Corp. Housing Partnerships,* 697 F. Supp5, 7 (D.D.C. 1988) (citing *Brown v. Capitol Hill Club,* 425 A.2d 1309, 1311 (D.C. 1981)), and, therefore,

> [a]n aggrieved party who has filed a complaint with the OHR may file a complaint in a court of competent jurisdiction *only* when the OHR dismisses the complaint on the ground of administrative convenience or when the

3

> complainant withdraws her complaint before the OHR renders an administrative decision.
>
> *Parker*, 697 F.Supp. at 7 (emphasis added)

On October 25, 2005, Plaintiff filed a Complaint with the OHR (the "OHR Complaint") under the same HRA provisions and based upon the same facts alleged in the instant suit. *See* Complaint, at ¶ 42. At no time has Plaintiff withdrawn this OHR Complaint nor has it been dismissed on the grounds of administrative convenience.[3] The OHR Complaint is apparently still pending, as of the filing of the instant motion, and certainly was pending on the date the instant suit was filed. Indeed, Plaintiff caused Defendants to be served with the instant Complaint *while an OHR investigator was interviewing Defendants*. *See* Exhibit 1, *supra*, at ¶ 3-4. Accordingly, under the clear language of the statute and this Court, Plaintiff was precluded as of the date of filing, and still is precluded, from bringing his claims under the Human Right Act in this or any other court. *Parker*, 697 F.Supp. at 7. As such, the Court lacks jurisdiction to hear Plaintiff claims under the HRA and Counts III and IV should be dismissed.[4]

## IV. CONCLUSION

WHEREFORE, Defendants respectfully request that the court enter an Order granting its Motion, Dismissing Counts III and IV of Plaintiff's Complaint.

---

[3] Plaintiff notes in his Complaint that OHR mediation was unsuccessful. Obviously, however, the failure to reach a settlement in OHR mediation does not terminate, dismiss or otherwise affect the pendancy of an OHR claim.

[4] Although Plaintiff is not barred from bringing a claim under the Federal Civil Rights Act while his OHR claim is pending, any factual or legal determinations by the OHR will have *res judicata* effect on Plaintiff's Federal claims. *See e.g. Kirkland v Peekskill*, 651 F Supp 1225 (S.D.N.Y. 1987); *Parker v National Corp. for Housing Partnerships*, F Supp 1061 (D.D.C. 1985); *King v Pagedale* 573 F Supp 309 (E.D.Mo. 1983). As such, Defendants urge this court, in an effort to promote judicial economy and spare the parties duplicative litigation costs, to stay counts I and II of Plaintiff's Complaint until the OHR has reached an administrative determination.

4

Respectfully Submitted,

**CHATEL REAL ESTATE, INC and THIERRY LIVERMAN**

By: *[signature]*
Matthew A. Ranck, Esq. (DC Bar # 484983)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696 (telephone)
(202) 857-0762 (facsimile)
*Counsel for Defendants Chatel Real Estate, Inc. and Thierry Liverman*