## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN BRATTON,            )
                             )
      Plaintiff,       )
                             )
      vs.            )
                             )  Court No. 06 Civ. 0694 (JDB)
CHATEL REAL ESTATE, INC., ET AL.,  )
                             )
      Defendants.     )
                             )

## PLAINTIFF'S OPPOSITION TO DEFENDANT CHATEL'S AND LIVERMAN'S MOTION TO DISMISS COUNTS III AND IV OF THE COMPLAINT

Plaintiff, John Bratton, respectfully requests the Court to deny as moot the motion to dismiss counts three and four of the complaint filed by defendants Chatel Real Estate, Inc. ("Chatel") and Thierry Liverman (collectively "defendants").[1]  As discussed below, defendants' May 8, 2006 motion to dismiss counts three and four of the complaint alleging violation of §§ 2-1402.21 and 2-1402.23 of the District of Columbia Human Rights Act ("Human Rights Act") is now moot because the District of Columbia Office of Human Rights ("Office of Human Rights") dismissed plaintiff's administrative complaint on May 10, 2006 pursuant to plaintiff's May 2,

---

[1] Defendants' implication that counsel "has refused to dismiss the counts under the Human Rights Act" is misleading. Defs.' Mot., at 1, n. 1. On or about May 1, 2006, counsel was informed by Mr. Ranck, defendants' counsel, that the administrative complaint "may be open." Mr. Ranck, however, was uncertain as to whether plaintiff's administrative complaint was, in fact, open. Mr. Ranck requested counsel to voluntarily "dismiss the complaint." At no time did Mr. Ranck seek a partial dismissal of counts three and four. Counsel justifiably rejected Mr. Ranck's request because (1) plaintiff had informed counsel that the Office of Human Rights had "closed" his administrative complaint, and (2) the jurisdictional basis of the Civil Rights Act counts was not affected by the administrative complaint. On May 1, 2006, counsel contacted the Office of Human Rights to ascertain whether the administrative complaint was open despite the Office's contrary representations to plaintiff. Upon discovering that the administrative complaint had not been dismissed, counsel promptly informed plaintiff and submitted his withdrawal request to the Office of Human Rights on May 2, 2006. Plaintiff's administrative complaint was dismissed on May 10, 2006.

2006 request for withdrawal, and plaintiff has concurrently filed a motion for leave to amend and a proposed First Amended Complaint. *See* Ex. A to Shaibani Affid. (May 10, 2006 Order of the Office of Human Rights); Ex. B to Shaibani Affid. (Plaintiff's Request for Withdrawal of Administrative Complaint). Plaintiff's request for withdrawal of the administrative complaint was made *before* the Office of Human Rights rendered an administrative decision. *See* May 10, 2006 Order.

Prior to filing suit, plaintiff was informed by Mandi Galloway, Esq. (the investigator and mediator assigned to plaintiff's administrative action at the Office of Human Rights) that his administrative complaint would be "closed within 10 days" of the conclusion of mediation proceedings between the parties, which concluded on December 7, 2005. *See* Bratton Affid. ¶¶ 3-4. Plaintiff thus reasonably believed that his administrative complaint was "closed" at the time he consulted with the undersigned counsel on April 10, 2006 to file suit against defendants. *Id.* ¶ 5. Indeed, based upon Ms. Galloway's representation to plaintiff, he reasonably believed that his administrative complaint was dismissed by the Office of Human Rights prior to filing this case. Had the Office of Human Rights not misinformed plaintiff that his administrative complaint would be "closed within 10 days" of the conclusion of mediation proceedings, plaintiff would not have filed suit in this Court on April 18, 2006. *Id.*

Plaintiff has concurrently filed a motion for leave to amend his complaint and a proposed First Amended Complaint.[2] Plaintiff's First Amended Complaint will be deemed filed "on the date on which the order granting the motion is entered." Local Civil Rules 7(i) & 15.1. Should the Court grant plaintiff's motion for leave to amend, the Court would possess jurisdiction to

---

[2] On May 17, 2006, Mr. Ranck, counsel for Chatel and Liverman, indicated that he "consents to the relief sought in the motion" for leave to amend but does "not agree with anything else contained therein." To this day, Mr. Forester, counsel for Mary White, has not informed counsel whether he consents to plaintiff's motion for leave to amend.

entertain counts three and four of plaintiff's First Amended Complaint (pertaining to the Human Rights Act violations) because the action would be deemed filed *after dismissal* of the administrative complaint by the Office of Human Rights on May 10, 2006. *See* DC ST. § 2-1403.16 ("where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed."); *Held v. Nat'l R.R. Passenger Corp.*, 101 F.R.D. 420, 424 (D.D.C. 1984); *Brown v. Capital Hill Club*, 425 A.2d 1309, 1311 (DC Ct. App. 1981) ("Where OHR dismisses a complaint on grounds of administrative convenience, or where the complainant withdraws his complaint before an administrative decision is rendered, such person retains the right to file a complaint in court").

In the event the Court denies plaintiff's motion for leave to amend his complaint—which would be improper due to (1) the procedural posture of this case, the motion to amend being filed less than a month after commencement of this action, (2) the absence of prejudice to defendants, (3) the liberal policy behind granting motions for leave to amend, and (4) plaintiff's being misinformed by the Office of Human Rights about the status of his administrative complaint long before filing suit—the Court would nonetheless possess jurisdiction to entertain counts one and two of plaintiff's complaint which allege violations of the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982. *See Carter-Obayuwana v. Howard Univ.*, 764 A.2d 779, 787 (DC Ct. App. 2001) (plaintiff's "resort to an administrative complaint to the OHR does not, however, preclude her from pursuing the claim under civil rights law. This is so because Title VII confers upon the plaintiff the right to *de novo* judicial consideration of her allegations."); *Hogue v. Roach*, 967 F. Supp. 7, 10 (D.D.C. 1997) (although the Office of Human Rights had fully investigated plaintiff's claim and reached an unfavorable conclusion on the merits, plaintiff could nonetheless "bring a Title VII claim"). These counts are entirely distinct from the Human Rights Act

violations alleged in counts three and four of plaintiff's complaint.  Further, counts one and two of plaintiff's complaint are neither dependent upon nor affected by the administrative complaint filed by plaintiff at the Office of Human Rights, which has been dismissed.  *See, e.g., Locklear v. Dubliner, Inc.*, 721 F. Supp. 1342, 1342 (D.D.C. 1989) ("It is clear that common law claims are not preempted by HRA"); *Jordan v. Hutcheson*, 323 F.2d 597, 605 (4th Cir. 1963) (declining to exercise abstention over plaintiffs' federal civil rights claims); *McLaurin v. Brusturis*, 320 F. Supp. 190, 191 (E.D.Wis. 1970) ("It is no answer that the State has a law which if enforced would give relief.  The federal remedy is supplementary to the state remedy").  Indeed, defendants concede in their motion that the Court possesses jurisdiction to entertain counts one and two of plaintiff's complaint, and they have not moved to dismiss those counts but merely request a stay.[3]  Defs.' Mot. to Dismiss, at 4, n. 4 ("plaintiff is not barred from bringing a claim under the Federal Civil Rights Act while his OHR claim is pending").

Nor would the Office of Human Rights' findings of fact have a *res judicata* effect upon plaintiff's action for violation of the Civil Rights Act.  The Office of Human Rights did not make any findings of fact or conclusions of law in connection with plaintiff's administrative complaint, but instead dismissed it upon plaintiff's request for withdrawal.  *See* May 10, 2006 Order ("your case has been closed administratively with no finding being made on the merits of the allegations").  Consequently, there is no basis for staying counts one and two of plaintiff's

---

[3] Defendant Mary White did not file a motion to dismiss but instead answered plaintiff's complaint on May 3, 2006.  In her answer, defendant White contests the Court's jurisdiction over this action.  *See* Answer of Defendant Mary White, ¶¶ 5 & 6.  To the extent defendant White contests the Court's jurisdiction over counts one and two of plaintiff's complaint upon the basis that an administrative complaint was pending at the Office of Human Rights at the time this action was filed, defendant's position is entirely without merit.  *See Carter-Obayuwana v. Howard Univ.*, 764 A.2d 787.

complaint because the Office of Human Rights has already dismissed the administrative complaint.

For the above reasons, plaintiff respectfully requests the Court to deny as moot defendants' motion to dismiss counts three and four of the complaint.

Respectfully submitted,

Dated: May 17, 2006

/s/ Stefan Shaibani
Stefan Shaibani (Bar No. 490024)
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036
Tel:  (202) 862-4335
Fax: (202) 828-4130

*Attorney for plaintiff John Bratton*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 17, 2006, I electronically filed "PLAINTIFF'S OPPOSITION TO DEFENDANT CHATEL'S AND LIVERMAN'S MOTION TO DISMISS COUNTS THREE AND FOUR OF THE COMPLAINT," and that service was thus effected upon defendants' counsels in accordance with Local Civil Rule 5.4(d).

<u>/s/ Stefan Shaibani</u>