**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN BRATTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Court No. 06 Civ. 0694 (JDB) |
| CHATEL REAL ESTATE, INC., ET AL., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**PLAINTIFF'S PARTIAL CONSENT MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure ("FRCP") and Local Civil Rules 7(i) and 15.1, plaintiff, John Bratton, through his counsel, Stefan Shaibani, respectfully requests leave of Court to amend his complaint filed on April 18, 2006. On May 17, 2006, Mr. Ranck, counsel for Chatel Real Estate, Inc. ("Chatel") and Thierry Liverman, indicated that he "consents to the relief sought in the motion" but "does not agree to anything else contained therein." Mr. Forester, counsel for defendant Mary White, has not responded to counsel's requests for his consent to this motion. In support of this motion, plaintiff relies upon the attached memorandum of points and authorities and the affidavits of John Bratton and Stefan Shaibani. Plaintiff's First Amended Complaint is attached as Exhibit A to this motion.

                                                Respectfully submitted,

Dated: May 17, 2006                                /s/ Stefan Shaibani
                                                              Stefan Shaibani (Bar No. 490024)
                                                              LITIGATION ASSOCIATE, PLLC
                                                              1150 Connecticut Avenue, N.W.,
                                                              Suite 900
                                                              Washington, DC 20036
                                                               Tel: (202) 862-4335

                                                              *Attorney for plaintiff John Bratton*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BRATTON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Court No. 06 Civ. 0694 (JDB) |
| CHATEL REAL ESTATE, INC., ET AL., | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S PARTIAL CONSENT MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 7(i) and 15.1, plaintiff, John Bratton, respectfully requests leave of Court to amend his complaint filed on April 18, 2006. As discussed below, plaintiff's motion for leave to amend should be granted because (1) plaintiff was misinformed by the District of Columbia Office of Human Rights ("Office of Human Rights") about the status of his administrative complaint prior to filing this suit, (2) plaintiff's motion for leave to amend is being filed less than a month after commencement of this action, (3) amendment of plaintiff's complaint will not prejudice defendants, and (4) the District of Columbia Circuit and this Court have adopted a liberal policy toward granting motions for leave to amend, particularly when there is no prejudice to the opposing parties, as is the case here.

**STATEMENT OF FACTS**

This action arises from defendants' unlawful discrimination of plaintiff in connection with leasing of Georgetown office space. Plaintiff and defendants Liverman and White are real estate brokers in the District of Columbia. On October 5, 2005, plaintiff approached Chatel to lease a commercial property owned by Ms. White on Wisconsin Avenue, which was listed for

2

rental on the Metropolitan Regional Information Systems, Inc.'s database.  From October 6 to October 11, 2005, plaintiff submitted several offers to lease Ms. White's property but was initially informed that his offers were unacceptable for dubious reasons and subsequently told that the property had been leased to another, when that was not true.  Plaintiff subsequently filed an administrative complaint for discrimination against defendants at the Office of Human Rights.  After learning of this administrative complaint, defendants informed plaintiff that the office space he had previously sought to lease was now available, despite defendants' prior representation to plaintiff that another tenant had leased the property.

The parties conducted mediation at the Office of Human Rights in connection with plaintiff's administrative complaint.  On December 7, 2005, mediation proceedings concluded with no agreement reached between the parties.  On that day, plaintiff was informed by Mandi Galloway, Esq. (the investigator and mediator assigned to plaintiff's administrative case at the Office of Human Rights) that his administrative complaint would be "closed within 10 days" if the parties could not reach agreement.  *See* Bratton Affid. ¶¶ 3-4.  At no time did the parties reach agreement concerning plaintiff's administrative complaint.  Plaintiff thus reasonably believed that his administrative case was "closed" as of December 18, 2005.  *Id.* ¶ 5.

On April 10, 2006, plaintiff consulted with undersigned counsel to file a discrimination case against defendants.  On April 18, 2006, plaintiff filed the instant suit against defendants alleging violation of the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982, and sections 2-1402.21 and 2-1402.23 of the District of Columbia Human Rights Act ("Human Rights Act").  Based upon Ms. Galloway's December 7, 2005 representation to plaintiff concerning the status of his administrative case, plaintiff reasonably believed that his administrative complaint was dismissed by the Office of Human Rights on December 18, 2005.  Indeed, plaintiff did not hear

3

from the Office of Human Rights from December 7, 2005 until May 10, 2006, when the Office dismissed his administrative complaint. Had the Office of Human Rights not misinformed plaintiff that his administrative complaint would be "closed within 10 days" of December 7, 2005, plaintiff would not have filed suit in this Court on April 18, 2006. Bratton Affid., ¶¶ 3-4.

On May 8, 2006, defendants Chatel and Liverman filed a motion to dismiss counts III and IV of plaintiff's complaint. In their motion, defendants contend that the Court lacks subject matter jurisdiction to entertain counts III and IV of plaintiff's complaint because at the time this action was filed, an administrative complaint for discrimination was pending at the Office of Human Rights. On May 10, 2006, the Office of Human Rights dismissed plaintiff's administrative complaint following his request for withdrawal. In its order, the Office of Human Rights stated that "your case has been closed administratively with no finding being made on the merits of the allegations." Exhibit A to Shaibani Affid., May 10, 2006 Order.

### ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff may amend his complaint "by leave of court or by written permission of the adverse party" but that "leave shall be freely given when justice so requires." It is axiomatic that leave to amend should be liberally granted, particularly when the amendment would not prejudice the opposing party. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). The District of Columbia Circuit and this Court have both endorsed the liberal policy toward granting leave to amend pleadings. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ("it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of

amendment"); *In re Vitamins Antitrust Litigation*, 271 F.R.D. 30, 32 (D.D.C. 2003). The purpose of Rule 15(a) is to facilitate a decision on the merits. *Forman*, 371 U.S. 182.

As discussed below, analysis of the Rule 15(a) factors leads to the inescapable conclusion that plaintiff's motion for leave should be granted.

### A.    Undue Delay

Plaintiff filed this action on April 18, 2006. Upon discovering that his administrative complaint was pending at the Office of Human Rights on May 2, 2006, plaintiff promptly submitted a request for withdrawal and caused his administrative case to be dismissed on May 10, 2006. Plaintiff is now moving to amend his complaint to reflect the fact that the Office of Human Rights has dismissed his administrative case. Clearly, there is no undue delay because plaintiff's motion for leave to amend is being filed less than a month after commencement of this action and less than 10 days after the Office of Human Rights dismissed plaintiff's administrative complaint. *See, e.g.*, *Howey v. United States*, 481 F.2d 1187, 1190-92 (9th Cir. 1973) (reversing denial of motion for leave to amend five years after filing of complaint and in the midst of trial); *see also* 3 MOORE'S FEDERAL PRACTICE § 15.08 ("The mere fact that an amendment is offered late in the case is, however, not enough to bar it; amendments may be offered at the trial, or even after reversal and remand").

### B.    Bad Faith

There is no bad faith or dilatory motive in plaintiff's request to amend his complaint less than a month after commencement of this action. Because the Office of Human Rights dismissed plaintiff's administrative case after this action was filed, plaintiff seeks leave of Court to amend his complaint to reflect this development. Amendment of plaintiff's complaint is necessary because plaintiff could not pursue his Human Rights Act claims in this Court while his

5

administrative complaint was pending with the Office of Human Rights, which plaintiff was not aware of at the time he filed this suit. *See Brown v. Capital Hill Club*, 425 A.2d 1309, 1311 (DC Ct. App. 1981).

Prior to filing suit, plaintiff was informed by the Office of Human Rights that his administrative case would be "closed within 10 days" of the conclusion of mediation proceedings, which concluded on December 7, 2005. *See* Bratton Affid. ¶¶ 3-4. Plaintiff thus reasonably believed that his administrative complaint was "closed" at the time he consulted with the undersigned counsel on April 10, 2006. *Id.* ¶ 5. Had the Office of Human Rights not misinformed plaintiff that his administrative complaint would be "closed within 10 days" of the conclusion of mediation proceedings, plaintiff would not have filed suit in this Court on April 18, 2006.[1] *Id.*

### C. Repeated Failure to Cure Deficiencies

This is the first time that plaintiff has sought leave to amend his complaint.

### D. Undue Prejudice to the Opposing Party

"Undue prejudice is the touchstone for the denial of leave to amend." *Vitamins Antitrust Litigation*, 271 F.R.D. 32. In order to show prejudice, "the non-movant must show unfairness in procedure or timing preventing the non-movant from properly responding." *Id.* The party opposing the motion "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Dooley v. United Technologies Corp.*, 152 F.R.D. 419, 425 (D.D.C. 1993).

---

[1] Any implication by defendants that this motion is filed to unnecessarily increase the costs of litigation should be flatly rejected. That plaintiff was misinformed by the Office of Human Rights concerning the status of his administrative complaint prior to filing suit clearly indicates that plaintiff's instant motion is not made in bad faith.

Amendment of plaintiff's complaint in this case will not prejudice defendants because discovery has not even begun, and defendants will have the opportunity to present facts and evidence to defend the Human Rights Act claims raised in plaintiff's First Amendment Complaint. Indeed, these counts were alleged in plaintiff's original complaint and should be no surprise to defendants. At best, defendants' claim of "prejudice," if any, would amount to their having to re-file an answer. However, the mere incurring of legal expenses to defend new or revived claims is not the type of prejudice cognizable under Rule 15(a). *See Vitamins Antitrust Litigation*, 271 F.R.D. 33.

### E.     Futility of Amendment

Amendment of this complaint would not be futile because plaintiff can pursue an action in Court alleging violations of the Human Rights Act upon withdrawing his administrative complaint from the Office of Human Rights. *See* DC ST. § 2-1403.16 ("where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed."); *Held v. Nat'l R.R. Passenger Corp.*, 101 F.R.D. 420, 424 (D.D.C. 1984); *Brown*, 425 A.2d 1311 ("Where OHR dismisses a complaint on grounds of administrative convenience, or where the complainant withdraws his complaint before an administrative decision is rendered, such person retains the right to file a complaint in court"). Pursuant to Local Civil Rules 7(i) and 15, plaintiff's First Amended Complaint would be deemed filed "on the date on which the order granting the motion is entered." This date would necessarily be after May 10, 2006, when the Office of Human Rights dismissed plaintiff's administrative complaint.[2]

---

[2] Nor is there a statute of limitations bar to this motion because it is filed less than a year from the date of the unlawful discrimination committed by defendants.

## CONCLUSION

For the above reasons, plaintiff respectfully requests the Court to grant his motion for leave to amend.

                                                      Respectfully submitted,

Dated: May 17, 2006                       /s/ Stefan Shaibani
                                          Stefan Shaibani (Bar No. 490024)
                                          LITIGATION ASSOCIATE, PLLC
                                          1150 Connecticut Avenue, N.W.
                                          Suite 900
                                          Washington, DC 20036
                                          Tel:  (202) 862-4335
                                          Fax: (202) 828-4130

                                          *Attorney for plaintiff John Bratton*

CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2006, I electronically filed "PLAINTIFF'S PARTIAL CONSENT MOTION FOR LEAVE TO AMEND COMPLAINT," and that service was thus effected upon defendants' counsels in accordance with Local Civil Rule 5.4(d).

/s/ Stefan Shaibani