UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON**<br><br>Plaintiff<br><br>v.<br><br>**CHATEL REAL ESTATE, INC, et al.**<br><br>Defendants. | Case No.: 1: 06CV00694<br><br>Honorable John D. Bates |

### ANSWER OF DEFENDANTS CHATEL REAL ESTATE, INC. AND THIERRY LIVERMAN TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Chatel Real Estate, Inc. and Thierry Liverman (collectively, "Defendants") by and through undersigned counsel, hereby answer Plaintiff John Bratton's ("Plaintiff") Amended Complaint and state as follows:

### NATURE OF THE ACTION

1. Defendants admit Plaintiff filed such a suit, but deny any wrongdoing.

2. Defendants admit the allegations contained in Paragraph 2 to the extent that Plaintiff characterizes his unproven claims. Defendants deny the allegations contained in Paragraph 2 to the extent that Plaintiff alleges Defendants violated 42 U.S.C. §1982 or 42 U.S.C. §1981.

3. Defendants admit the allegations contained in Paragraph 3 to the extent that Plaintiff characterizes his unproven claim. Defendants deny the allegations contained in Paragraph 3 to the extent that Plaintiff alleges that Defendants violated the District of Columbia Human Rights Act.

4. Defendants deny the allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5. Defendants admit the allegations contained in Paragraph 5 to the extent that Plaintiff has asserted claims under each of the enumerated statutes. Defendants deny the allegations contained in Paragraph 5 to the extent that Plaintiff alleges Defendants violated the enumerated statutes.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants admit the allegations contained in Paragraph 7.

## THE PARTIES

8. Defendants admit the allegations contained in Paragraph 8 to the extent that Plaintiff alleges Mr. Bratton is African-American. Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 8.

9. Defendants admit the allegations contained in Paragraph 9.

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants deny that John Pagones was an employee of Chatel Real Estate Inc., but admit he was at all times affiliated with Chatel Real Estate Inc. Defendants admit the remaining allegations of Paragraph 11.

12. The allegations contained in Paragraph 12 are legal conclusions to which no response is required.

13. Defendants admit the allegations contained in Paragraph 13.

14. Defendants admit that Ms. White owns the building as alleged, but states that the building has a mixed commercial and residential use.

15. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15.

-3-

## FACTUAL ALLEGATIONS

16. Defendants are unable to admit or deny the allegations contained in Paragraph 16 as the allegations contained therein are unclear and/or ambiguous with respect to what Plaintiff defines as "relevant times."

17. Defendants admit the allegations contained in Paragraph 17 to the extent that Plaintiff alleges that on July 29, 2005 Defendant Mary White listed the street-level unit and upper-level unit of the property located at 1622 Wisconsin Avenue for lease. Defendants deny the remaining allegations contained in Paragraph 17.

18. Defendants deny Mr. Pagones was an employee, and lack sufficient information to either admit or deny the "primary source" allegations. The remaining allegations contained in Paragraph 18 are admitted.

19. Defendants admit the allegations contained in Paragraph 19.

20. Defendants admit the allegations contained in Paragraph 20.

21. Defendants deny the allegations in the first sentence of Paragraph 21. Defendants admit the allegations contained in the second sentence of Paragraph 21. Defendants admit that no right of first refusal was offered.

22. Defendants admit the allegations contained in Paragraph 22.

23. Defendants admit the allegations contained in Paragraph 23 to the extent that Plaintiff alleges that the lower-level unit was listed on the MRIS. Defendants deny the remaining allegations contained in Paragraph 23

24. Defendants admit the allegations contained in Paragraph 24.

25. Defendants deny the allegations in the first sentence of Paragraph 25. Defendants admit the allegations contained in the second sentence of Paragraph 25. Defendants admit that no right of first refusal was offered.

26. Defendants admit the allegations contained in Paragraph 26.

27. Defendants deny that the lower level was vacant on the date alleged, but admit the balance of the allegations contained in Paragraph 27.

28. Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 28.

29. Defendants lack sufficient knowledge and information to admit or deny Plaintiff's alleged intent in visiting Chatel's Georgetown office. Defendants admit the remaining allegations contained in Paragraph 29, except that they deny Plaintiff initially identified himself as a real estate broker and owner of a real estate company.

30. Defendants admit the allegations in the second sentence of Paragraph 30, but deny the remaining allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants lack sufficient knowledge and information to admit or deny the allegations in paragraph 33 that he hand-delivered documents and/or money to Mr. Anderson. Defendants admit the allegations contained in Paragraph 33 to the extent that Plaintiff alleges Mr. Pagones received a document, financial information, and $5,000.00 from Mr. Anderson on October 7, 2005. Defendants deny the allegations contained in Paragraph 33 to the extent that Plaintiff alleges Mr. Mr. Pagones accepted the document as a "Lease Agreement" or accepted the money as a "security deposit" or "first month's rent."

34. Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 34.

35. Defendants admit the allegations contained in Paragraph 35 to the extent that Plaintiff alleges Mr. Pagones informed him that Ms. White had rejected his lease agreement because she wanted him to fill out a standard commercial lease and application and that Mr. Pagones sent Plaintiff a commercial lease bearing Chatel's logo along with a rental application. Defendants deny the remaining allegations contained in Paragraph 35.

36. Defendants lack sufficient knowledge or information to admit or deny Plaintiff's allegations that he delivered a revised lease agreement to Ms. White. Defendants admit the allegations contained in the second sentence of Paragraph 36. Defendants further admit that the Plaintiff was advised that the owner would require the tenant to pay a portion of the property taxes. Defendants deny the remaining allegations contained in Paragraph 36.

37. Defendants admit the Plaintiff was advised that there was another tenant candidate interested in the property, and that Plaintiff was subsequently advised that the owner was accepting another tenant candidate's offer. Defendants deny the remaining allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 44.

45. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 45.

46. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46.

47. Defendants admit the allegations contained in Paragraph 47 to the extent that Plaintiff alleges that on October 31, 2005 Plaintiff executed a Lease Agreement (an offer) for the Wisconsin Avenue property. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 47.

48. Defendants admit the allegations contained in Paragraph 48 to the extent that Plaintiff alleges he has been occupying the street level of the Wisconsin Avenue property since November 1, 2005. Defendants deny the allegations contained in Paragraph 48.

49. Defendants admit that a mediation was held before the D.C. Office of Human Rights and that such mediation did not resolve this dispute. Defendants deny Mandi Galloway, Esquire was the mediator. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 49.

50. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50.

51. Defendants admit that John Pagones is no longer affiliated with Chatel Real Estate. Defendants deny the remaining allegations contained in Paragraph 51.

## COUNT I

52. Defendants adopt and incorporate their answers as set forth in Paragraphs 1-52.

53. The allegations contained in Paragraph 53 are legal conclusions to which no response is required.

54. The allegations contained in Paragraph 54 are legal conclusions to which no response is required.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny any discrimination or other wrongful conduct.

## COUNT II

61. Defendants adopt and incorporate their answers as set forth in Paragraphs 1-60.

62. The allegations contained in Paragraph 62 are legal conclusions to which no response is required.

63. The allegations contained in Paragraph 63 are legal conclusions to which no response is required.

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

66. Defendants deny the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny any discrimination or other wrongful conduct.

## COUNT III

70. Defendants adopt and incorporate their answers as set forth in Paragraphs 1-69.

71. The allegations contained in Paragraph 71 are legal conclusions to which no response is required.

72. The allegations contained in Paragraph 72 are legal conclusions to which no response is required.

73. Defendants deny the allegations contained in Paragraph 73.

74. Defendants deny the allegations contained in Paragraph 74.

75. Defendants deny the allegations contained in Paragraph 75.

76. Defendants deny any discrimination or other wrongful conduct.

## COUNT IV

77. Defendants adopt and incorporate their answers as set forth in Paragraphs 1-76.

78. The allegations contained in Paragraph 78 are legal conclusions to which no response is required.

79. The allegations contained in Paragraph 79 are legal conclusions to which no response is required.

80. Defendants deny the allegations contained in Paragraph 80.

81. Defendants deny the allegations contained in Paragraph 81.

82. Defendants deny the allegations contained in Paragraph 82.

83. Defendants deny any discrimination or other wrongful conduct.

## DEMAND FOR JURY TRIAL

84.  Paragraph 84 contains no factual or legal allegation to which a response is required.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim for which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of collateral estoppel and res judicata.

### Third Affirmative Defense

Plaintiff has failed to mitigate his damages.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

Defendants reserve the right to amend or supplement their Affirmative Defenses as discovery proceeds in this matter.

WHEREFORE, Defendants respectfully request that the Court Dismiss Plaintiff's Complaint with prejudice, with costs and attorneys fees awarded to these Defendants.

Respectfully Submitted,

**CHATEL REAL ESTATE, INC and**
**THIERRY LIVERMAN**

/s/     *Matthew A. Ranck*
Matthew A. Ranck, Esquire (DC Bar # 484983)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of June 2006, Defendants caused a copy of the foregoing Answer to be served by electronic mail upon:

**John Gordon Forester**
1742 N Street, NW
Washington, DC 20036
(202) 293-3353
JGFcadence@aol.com
*Counsel for Defendant Mary White*

**Stefan Shaibani**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
(202) 277-8892
stefan@litigationassociate.com
*Counsel for Plaintiff*

/s/     *Matthew A. Ranck*
Matthew A. Ranck, Esq. (DC Bar # 484983)