IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BRATTON | : |
| Plaintiff | : |
| v. | : 06 Civ. 0694 (JDB) |
| CHATEL REAL ESTATE, INC.<br>and<br>THIERRY LIVERMAN<br>and<br>MARY WHITE | :<br><br>:<br><br>: |
| Defendants | : |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Mary White, by her attorney, Robert H. Bouse, Jr., for answer to the Plaintiff's First Amended Complaint, says:

### NATURE OF THE ACTION

1. This is a statement of the nature of a law suit and not a statement of facts which must be either admitted or denied.

2. Defendant denies the allegations of paragraph 2.

3. Defendant denies the violation of civil rights act as asserted in Paragraph 3.

4. Defendant denies the allegations of paragraph 4.

### JURISDICTION OF VENUE

5. Paragraph 5 asserts the basis for jurisdiction and this Defendant neither admits nor denies his assertions of jurisdiction but demands strict proof thereof.

6. Paragraph 6 asserts the Court's right of jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367. This Defendant neither admits nor denies jurisdiction under those acts but demands strict proof thereof.

7. Defendant admits the venue asserted in Paragraph 7.

## THE PARTIES

8. The Defendant admits that John Bratton is a citizen of the District of Columbia and further admits that he is an African-American. Defendant can neither admit nor deny the remaining allegations asserted in Paragraph 8.

9. Defendant admits the allegations of paragraph 9.

10. Defendant admits the allegations of paragraph 10.

11. This Defendant can neither admit nor deny the allegations of paragraph 11 and demands strict proof thereof.

12. Defendant can neither admit nor deny the allegations of paragraph 12 and demands strict proof thereof.

13. Defendant admits the allegations of paragraph 13.

14. This Defendant admits that Ms. White owns the building as alleged, but states that the building has a mixed commercial and residential use.

15. Defendant admits that Ms. White was the owner of a real estate brokerage in the District of Columbia named Mary White Real Estate, Inc. Defendant denies that Barrett Anderson was Ms. White's office manager.

## FACTUAL ALLEGATIONS

16. This Defendant denies the allegations of paragraph 16.

17. Defendant admits the allegations contained in paragraph 17 to the extent that Plaintiff alleges that on July 29, 2005 Defendant Mary White listed the street level unit and upper level unit of the property located at 1622 Wisconsin Avenue, N.W., Washington, D.C. This Defendant denies the remaining allegations contained in paragraph 17.

18. Defendant admits that Ms. White's property was listed for lease. However, this Defendant can neither admit nor deny the remaining allegation contained in paragraph 18 and demands strict proof thereof.

19. Defendant admits the allegation of paragraph 19.

20. Defendant admits the allegation of paragraph 20.

21. Defendant denies that no other terms were disclosed in the listing for the Wisconsin Avenue property. Defendant admits that it did not disclose that a portion of the real estate taxes would be paid by the tenant; and did not offer a right of first refusal to the tenant.

22. Defendant admits the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. The Defendant admits the allegations of paragraph 24 but states that the lower level was mistakenly listed as stated in this paragraph.

25. Defendant denies the allegations of the first sentence of paragraph 25. Defendant admits that the listing did not indicate that a portion of the real estate tax would be paid by the tenant. Defendant admits that the listing did not provide a right of first refusal for purchase of the property.

26. Defendant admits the allegations of paragraph 26.

27. This Defendant denies that the lower level of the property was vacant on October 6, 2005. The remaining allegations contained in paragraph 27 of the Complaint are admitted.

28. This Defendant can neither admit nor deny the allegations of paragraph 28 but demands strict proof thereof. The Defendant does deny that Barrett Anderson was Ms. White's office manager.

29. This Defendant has no knowledge of the allegations of paragraph 29 but demands strict proof thereof.

30. This Defendant can neither admit nor deny the allegations of paragraph 30 but demands strict proof thereof.

31. This Defendant has no knowledge of the allegations set forth in paragraph 31 and demands strict proof thereof.

32. This Defendant has no knowledge of the allegations of paragraph 32 and demands strict proof thereof.

33. This Defendant admits that the Plaintiff delivered the lease which he had prepared to the office of Mary White, Inc. along with two checks on October 7, 2005 which was then sent on to Chattel Real Estate, Inc. Defendant denies the allegation of paragraph 33 that asserts that the document was a lease agreement and that the money was a security deposit and first month's rent.

34. This Defendant denies the allegations of paragraph 34.

35. This Defendant has no knowledge of the allegations of paragraph 35 and demands strict proof thereof.

36. This Defendant has no knowledge of the allegations of paragraph 36 and demands strict proof thereof.

37. Defendant can neither admit nor deny the allegations as to what the Plaintiff was informed by Mr. Liverman or Mr. Pagones. This Defendant denies she rejected the Plaintiff's lease or that she told anyone that it had been leased to anyone else.

38. Defendant denies the allegations of paragraph 38.

39. This Defendant denies that she misrepresented the unavailability of the Wisconsin Avenue property and admits that no one other than the Plaintiff executed the lease agreement. Defendant denies the remaining allegations set forth in paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant admits that John Gordon Forester acting as Ms. White's counsel did negotiate a lease with the Plaintiff, but states that these negotiations were commenced before the Plaintiff filed his Administrative Complaint. Defendant further indicates that the negotiations continued after the Administrative Complaint was filed and the Defendant and her counsel did not have any knowledge of the Administrative Complaint. Defendant also asserts that the MRIS listing does not contain an offer of a right of first refusal; Defendant never offered the lower level for rent; and the tenant was required to pay real estate taxes of $200 per month. Defendant's counsel did not draft the lease which Mr. Bratton signed, but he did require the Plaintiff to submit his tax returns and other financial information.

45. This Defendant can neither admit nor deny the allegations of paragraph 45 but notes that in a response to the first Complaint filed by the Plaintiff, Ms. White's lawyer Mr. Forester, admitted the allegations contained in paragraph 45.

46. The Defendant denies the allegations of paragraph 46.

47. Defendant admits that the Plaintiff signed the lease on October 31, 2005. Defendant denies the rest of the allegations contained in paragraph 47.

48. Defendant admits that the Plaintiff has occupied the street level of the property as set forth in paragraph 48, but denies the remaining portion of paragraph 48 and further states that the Defendant

Mary White was utilizing the lower level as her office until the renovation was completed on her office at Washington Fine Properties.

49. Defendant admits the allegations of paragraph 49.

50. This Defendant lacks sufficient knowledge or information to either admit nor deny the allegations contained in paragraph 50.

51. This Defendant can neither admit nor deny the allegations of paragraph 51 and demands strict proof thereof.

## COUNT ONE

### (42 U.S.C. §1982)

52. Defendant adopts and incorporates by reference her answers as set forth in paragraphs 1 through 52.

53. The allegations set forth in paragraph 53 is a statement of law and is a legal conclusion and no response is required.

54. The allegation contained in paragraph 54 is a legal conclusion and no response is required.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

## COUNT TWO

### (42 U.S.C. §1981)

61. This Defendant adopts and incorporates by reference her answers as set forth in paragraphs 1 through 60.

62. The allegations contained in paragraph 62 are legal conclusions and therefore no response is required.

63. The allegations contained in paragraph 63 are legal conclusions and no response is required.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

## COUNT THREE

### (DC ST. § 2-1402.21)

70. Defendant adopts and incorporates her answers as set forth in paragraphs 1 through 69.

71. The allegations of paragraph 71 are legal conclusions and need not be responded to.

72. The allegations of paragraph 72 are legal conclusions which need not be responded to.

73. Defendant denies the allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74.

75. Defendant denies the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

## COUNT FOUR

## (DC ST. § 2-1402.23)

77. Defendant adopts and incorporates her answers as set forth in paragraphs 1 through 76.

78. The allegations contained in paragraph 78 are legal conclusions to which no response is required.

79. The allegations of paragraph 79 are legal conclusions to which no response is required.

80. Defendant denies the allegations of paragraph 80 as it implies violation of § 2-1402.23.

81. Defendant denies the allegations of paragraph 81.

82. Defendant denies the allegations of paragraph 82.

83. Defendant denies the allegations of paragraph 83.

### DEMAND FOR JURY TRIAL

84. Paragraph 84 contains no factual legal allegations to which a response is required.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff has failed to state a claim for which relief can be granted against this Defendant.

#### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of collateral estoppel and *res judicata*.

#### Third Affirmative Defense

Plaintiff has failed to mitigate his damages.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

Defendant reserves the right to amend or supplement her Affirmative Defenses as discovery proceeds in this matter.

**WHEREFORE,** Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, with costs and attorneys fees awarded to this Defendant.

_____ (Bar #MD01926)
Robert H. Bouse, Jr.
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Balto., MD 21201
Telephone: 410-752-1630
Fax: 410-752-0085
*Attorney for Mary White*

I HEREBY CERTIFY that on this 14th day of June, 2006, copy of the foregoing was mailed to:

Stefan Shaibani, Esq.
Litigation Associate, PLLC
1150 Connecticut Avenue, NW
Suite 900
Washington, D.C. 20036
*Attorney for Plaintiff John Bratton*

Matthew A. Ranck, Esq.
Eccleston & Wolf, P.C.
2001 S. Street, N.W., Suite 310
Washington, D.C. 20009
*Counsel for Defendants*

9

_____ (Bar #MD01926)
Robert H. Bouse, Jr.
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Balto., MD 21201
Telephone: 410-752-1630
Fax: 410-752-0085
*Attorney for Mary White*