UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BRATTON, | ) |
|     Plaintiff, | ) ) ) |
|     vs. | ) Court No. 06-0694 (JDB) ) |
| CHATEL REAL ESTATE, INC., *ET AL.*, | ) ) |
|     Defendants. | ) ) |

## **JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3(d)**

Pursuant to Local Civil Rule 16.3(d), the parties hereby submit the following Joint Status Report in the above captioned matter:

    1.  DATE TO AMEND PLEADINGS/JOIN PARTIES:  Motions to amend pleadings and to join parties shall be filed by the close of discovery.

    2.  MAGISTRATE/JUDGE:  The parties request that all matters be assigned to a district judge.

    3.  SETTLEMENT:  The parties have conferred concerning settlement of this case but are unable to reach an agreement at this time.  Defendants however believe that a settlement conference before a Magistrate Judge may be useful in trying to amicably resolve the matter.  Plaintiff believes that informal settlement discussions between the parties would be more efficient, as the parties could not resolve their dispute through mediation held at the District of Columbia Office of Human Rights.

    4.  ALTERNATIVE DISPUTE RESOLUTION:  Alternative dispute resolution, including mediation, is not appropriate for this matter.

    5.  SUMMARY JUDGMENT:  The parties anticipate that summary judgment motions will be filed in this case.  Summary judgment motions shall be filed no later than 30 days after the close of discovery.

6. INITIAL DISCLOSURES:  Plaintiff believes that initial disclosures under Federal Rule of Civil Procedure 26(a)(1) should be served no later than 20 days after the date of the Court's Scheduling Order.  The Defendants do not believe this case calls for 26(a)(1) initial disclosures due to the fact that a mediation had taken place previously and a Complaint filed before the D.C. Office of Human Rights.  Plaintiff disagrees with defendants' position that Rule 26(a)(1) disclosures are inappropriate in this case: (a) plaintiff needs to know the identity of defendants' witnesses and those who may have discoverable information, (b) plaintiff needs to obtain the documents upon which defendants intend to rely to support their defenses, (c) plaintiff does not have this material in his possession, (d) defendants are obligated to provide this information to plaintiff pursuant to Rule 26(a)(1) "without awaiting a discovery request," and (e) this case does not fall under any of the exemptions for Rule 26(a)(1) disclosures set forth in subsection (E).

7. DISCOVERY and EXPERTS:  The Plaintiff wishes that all discovery be completed no later than 120 days after the date of the Court's Scheduling Order.  The Defendants believe that 180 days is more appropriate given the summer schedule of the Defendants' counsel and the Defendants themselves.  Plaintiff believes that the six month discovery period requested by defendants is excessive in light of the facts that extensive discovery won't be necessary in this case and the parties previously conducted mediation during the administrative proceedings before the District of Columbia Office of Human Rights.  The parties agree that they shall serve all written discovery no later than 75 days after the date of the Court's Scheduling Order.  Defendants believe that Plaintiff should name his experts first within 90 days of the Court's scheduling order along with the appropriate reports and the Defendants would then name their experts 120 days after the Court's Order.  Plaintiff, however, believes that the parties should concurrently designate their experts along with the appropriate reports within 90 days of the Court's Order, and that rebuttal expert designations, if any, be submitted 15 days thereafter.  The

Plaintiff has suggested all depositions and all discovery shall be completed by no later than 120 days after the date of the Court's Scheduling Order unless there are pending discovery motions, in which case the discovery deadline shall be tolled pending disposition of said motions. Defendants as pointed out above agree that the depositions and all discovery shall be completed within 180 days after the date of the Court's Scheduling Order. The parties agree that each party shall be permitted to take 10 depositions. Each party shall be permitted to propound 25 Interrogatories, 25 Requests for Production of Documents, and 25 Requests for Admissions on each opposing party, with the understanding that Plaintiff will propound separate discovery requests on each Defendant. The parties shall be further permitted to serve subpoenas on third parties for production of documents and depositions.

      8. CLASS ACTIONS: Not applicable.

      9. BIFURCATION: The parties do not believe this case is appropriate for bifurcation.

      10. PRETRIAL CONFERENCE: Plaintiff requests that if no dispositive motions are pending, a pretrial conference be scheduled at a time convenient to the Court during the weeks of January 15 and January 22, 2007. Due to the Defendants' request for a 180-day discovery deadline, the Defendants request that a pretrial conference be scheduled at a time convenient to the Court during the weeks of February 12th or February 19, 2007.

      11. TRIAL: The parties agree that trial should be scheduled within 30 to 60 days from the date of the pretrial conference.

      12. SCHEDULING ORDER: Separate proposed Scheduling Orders are attached from each side.

Respectfully submitted,

/s/ Stefan Shaibani
Stefan Shaibani (DC Bar #490024)
Litigation Associate, PLLC
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, DC  20036
Tel:  (202) 862-4335
Fax:  (202) 828-4130
*Counsel for Plaintiff*

/s/ Robert H. Bouse, Jr.
Robert H. Bouse, Jr. (Bar #MD 01926)
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Balto., MD  21201
Tel:  410-752-1630
Fax:  410-752-0085
*Counsel for Defendant Mary White*

/s/ Matthew Ranck
Matthew A. Ranck, Esq. (DC Bar #484983)
Eccleston & Wolf, P.C.
2001 S. Street, N.W., Suite 310
Washington, DC  20009
*Counsel for Defendants Thierry Liverman*
*and Chatel Real Estate, Inc.*