UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BRATTON<br><br>　　Plaintiff<br><br>v.<br><br>CHATEL REAL ESTATE, INC, et al.<br><br>　　Defendants. | Case No.: 1: 06CV00694<br><br>Honorable John D. Bates |

**DEFENDANTS CHATEL REAL ESTATE, INC., AND THIERRY LIVERMAN'S
INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Defendants Chatel Real Estate and Thierry Liverman ("Defendants"), by and through their undersigned counsel, hereby set forth their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, and states as follows:

**DISCLOSURES**

**(A).   The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

John Bratton; 1223 10th Street, N.W., Washington, DC 20001. Mr. Bratton, the Plaintiff, has first-hand information regarding all aspects of the events that gave rise to this claim, including, but not limited to, his attempts to lease the subject property; the documents and information submitted (and not submitted) when attempting to lease the property; his communications with the Defendants and their agents or employees; and his compliance and lack of compliance with the provisions of his lease. Plaintiff also has information regarding the alleged damages.

Thierry Liverman; 3210 N Street N.W., Washington, DC 20007. Mr. Liverman, the principal and manager of Chatel, has first-hand information regarding the events that gave rise to this claim, including, but not limited to, the owner's efforts to lease the subject property; all applicants' and other interested parties' attempts to lease the subject property, or inquiries concerning the property; the documents and information submitted (and not submitted) by the applicants; Plaintiff's communications with the Defendants and their agents or employees;

Chatel's communications with the owner; and Plaintiff's compliance and lack of compliance with the provisions of his lease.  Mr. Liverman also has information concerning Chatel's business practices and procedures, and the lack of any racial animus or discrimination on his part or Chatels' part as alleged in the Amended Complaint.  This witness can be reached through defense counsel.

Patsy Petty, 3210 N Street N.W., Washington, DC 20007.  Ms. Petty, a property manager at Chatel, may have first-hand information regarding the events that gave rise to this claim, including, but not limited to, the owner's efforts to lease the subject property; all applicants' and other interested parties' attempts to lease the subject property, or inquiries concerning the property; the documents and information submitted (and not submitted) by the applicants; Plaintiff's communications with the Defendants and their agents or employees; Chatel's communications with the owner; and Plaintiff's compliance and lack of compliance with the provisions of his lease.  Ms. Petty also has information concerning Chatel's business practices and procedures, and the lack of any racial animus or discrimination on Chatels' part as alleged in the Amended Complaint.  This witness can be reached through defense counsel.

John Pagones, 1930 Calvert Street, N.W., Washington, DC 20009.  Mr. Pagones, a former employee of Chatel, has first-hand information regarding the events that gave rise to this claim, including, but not limited to, the owner's efforts to lease the subject property; all applicants' and other interested parties' attempts to lease the subject property, or inquiries concerning the property; the documents and information submitted (and not submitted) by the applicants; Plaintiff's communications with the Defendants and their agents or employees; Chatel's communications with the owner; and Plaintiff's compliance and lack of compliance with the provisions of his lease.  Mr. Pagones also has information concerning Chatel's business practices and procedures, and the lack of any racial animus or discrimination on his part or Chatels' part as alleged in the Amended Complaint.  This witness can be reached through defense counsel.

Mary White, 1241 33rd Street, N.W., Washington, DC 20007.  Ms. White, the owner of the property that is the subject of the litigation, is believed to have first-hand information regarding the events that gave rise to this claim, including, but not limited to, her efforts to lease the subject property; all applicants' and other interested parties' attempts to lease the subject property, or inquiries concerning the property; the documents and information submitted (and not submitted) by the applicants; Plaintiff's communications with the Defendants and their agents or employees; Chatel's communications with her; and Plaintiff's compliance and lack of compliance with the provisions of his lease.  Ms. White also has information concerning the basis of her leasing decisions regarding this property, and the lack of any racial animus or discrimination by Defendants as alleged in the Amended Complaint.  This witness can be reached through her counsel.

Barrett Anderson, 1622 Wisconsin Ave. N.W., Washington, DC 20007.  This witness is an office assistant to Ms. White, and may have information regarding the events that gave rise to this claim, including, but not limited to, the owner's efforts to lease the subject property; all applicants' and other interested parties' attempts to lease the subject property, or inquiries

concerning the property; the documents and information submitted (and not submitted) by the applicants; Plaintiff's communications with the Defendants and their agents or employees; Chatel's communications with the owner; the owner's leasing decisions regarding this property, and the lack of any racial animus or discrimination by Defendants as alleged in the Amended Complaint. This witness can be reached the owner's defense counsel.

Roberta Medlin, 1421 29th Street, N.W., Washington, DC 20007. Ms. Medlin, an applicant to lease the property that is the subject of this litigation, may have information regarding the events that gave rise to this claim, including, but not limited to, her attempts to lease the subject property; the documents and information submitted (and not submitted) when attempting to lease the property; her communications with the Defendants and their agents or employees. _____.

John Gordon Forester, Jr., Esquire; 1914 Sunderland Place, NW, Washington, DC 20036; This witness may have information regarding the events that gave rise to this claim, including, but not limited to, the owner's negotiations with Plaintiff that resulted in the lease between those two parties, as well as the terms thereof. 202-293-3353.

**(B).   A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Defendants or their counsel are in possession of the following documents:

1) Documents and information submitted by applicants or those potentially interested in leasing the subject property, including: rental applications and related documents from Plaintiff and Ms. Roberta Medlin; executed and/or unexecuted lease agreements between Ms. White and Plaintiff; executed and/or unexecuted lease agreements between Ms. White and Ms. Roberta Medlin;
2) A listing agreement between Ms. White and Defendant Chatel;
3) Various correspondence between and among the parties;
4) Chatel's Property Manager's Manual and other documents pertaining to relevant training, policies and procedures at Chatel;
5) MRIS listings for the property that is the subject of the litigation;
6) Copies of checks written by Plaintiff and Ms. Roberta Medlin; and
7) Documents pertaining to the property after Plaintiff's lease began.

**(C).   A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendant has not claimed any damages.

3

      (D).    For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Defendants' counsel will produce a copy of the applicable insurance policy.

Respectfully Submitted,

**CHATEL REAL ESTATE, INC and**
**THIERRY LIVERMAN**
*By counsel:*

Matthew A. Ranck, Esquire (DC Bar # 484983)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696
*Counsel for Defendants Chatel Real Estate and Thierry Liverman*

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August 2006, Defendants caused a copy of the foregoing to be served by electronic and first class mail upon:

**Robert Bouse, Esquire**
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201
JGFcadence@aol.com
*Counsel for Defendant Mary White*

**Stefan Shaibani, Esquire**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
(202) 277-8892
stefan@litigationassociate.com
*Counsel for Plaintiff*

_/s/ Matthew A. Ranck_
Matthew A. Ranck, Esq. (DC Bar # 484983)