**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN BRATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 06-694 (JDB) |
| | ) |
| CHATEL REAL ESTATE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RULE 26(a)(2)**
**DISCLOSURES, AND PLAINTIFF'S SUPPLEMENTAL EXPERT DISCLOSURES**
**PERTAINING TO ECONOMIC DAMAGES SUFFERED FROM DISCRIMINATION**

Plaintiff, John Bratton, respectfully requests leave of Court to supplement his Rule

26(a)(2) disclosures to permit plaintiff to present expert testimony at trial from his expert,

Thomas Lynch, concerning plaintiff's economic damages arising from defendants'

discrimination in the terms and conditions of leasing Georgetown office space to plaintiff.  On

October 20, 2006, plaintiff filed his Rule 26(a)(2) disclosures, including an expert report from

Thomas Lynch, a real estate broker and instructor of fair housing laws and the District of

Columbia Human Rights Act.  The expert report discussed defendants' liability for

discrimination but not the economic damages suffered by plaintiff as a result of the

discrimination.  On February 9, 2007, counsel for defendants stated that they opposed this

motion.

The economic damages suffered by plaintiff were, however, touched upon in plaintiff's

First Amended Complaint as well as plaintiff's Rule 16 initial disclosures and discussed at length

during plaintiff's two-day deposition held on January 19 and January 24, 2007.  Further, on

February 9, 2007, defendants deposed plaintiff's expert, Thomas Lynch, and were informed by

counsel that plaintiff intended to present expert testimony at trial from Mr. Lynch on economic

damages.  Defendants objected on the grounds that plaintiff's expert report did not cover the

subject of economic damages.  Counsel, however, agreed to allow defendants to depose Mr.

Lynch on February 12, 2007, and indicated that this would enable defendants to have yet another

opportunity to depose Mr. Lynch concerning his proposed testimony on plaintiff's economic

damages.  In light of plaintiff's detailed description of his economic damages during his two-day

deposition, the discussion of same in plaintiff's initial disclosures, and defendants' being

permitted to depose Mr. Lynch for a second day of depositions, defendants have had prior notice

of plaintiff's economic damages and are neither surprised nor prejudiced by this motion.

At trial, Mr. Lynch intends to testify (in addition to the matters discussed in his expert

report) that as a result of defendants' discrimination in the terms and conditions of plaintiff's

lease agreement for his real estate office in Georgetown, plaintiff has suffered and will continue

to suffer economic damages as follows:

(1) Lost rental revenue from having to maintain two offices in Washington, D.C. for his

real estate brokerage, when plaintiff would have rented his Logan Circle office (which he owns)

for $1,600 per month for two years but for defendants' discrimination in rejecting his offers to

have an option to renew his lease for the Georgetown Office or a provision in the lease

converting it to a month-to-month lease at the end of the two-year term such that plaintiff would

not be forced to vacate the premises at the end of the lease, despite Mary White's Georgetown

property being advertised to the public by defendants as available for a 1 to 4-year lease and

despite defendants' offering to lease said property to a female white prospective candidate with a

provision for conversion to a month-to-month lease at the end of the initial lease term;

(2) Moving expenses (including creation of new advertisements and letterhead) associated with plaintiff's having to relocate his real estate office from the Georgetown property to elsewhere at the end of the two-year lease; and

(3) Lost profits—namely, reduced real estate sales volume—arising from plaintiff's having to relocate his Georgetown Office located at 1622 Wisconsin Avenue to a less prestigious location at the end of the two-year lease.

For the above reasons, plaintiff respectfully requests the Court to grant this motion and allow Thomas Lynch to present expert testimony at trial concerning the economic damages suffered by plaintiff as a result of defendants' discrimination.

Respectfully submitted,

/s/ Stefan Shaibani

Dated: February 11, 2007                   Stefan Shaibani (DC Bar No. 490024)
                                           LITIGATION ASSOCIATE, PLLC
                                           1150 Connecticut Avenue, N.W.
                                           Suite 900
                                           Washington, DC 20036
                                           Tel:  (202)862-4335
                                           Fax:  (202)828-4130

                                           *Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2007, I electronically filed "PLAINTIFF'S

MOTION FOR LEAVE TO SUPPLEMENT RULE 26(a)(2) DISCLOSURES, AND

PLAINTIFF'S SUPPLEMENTAL EXPERT DISCLOSURES PERTAINING TO ECONOMIC

DAMAGES SUFFERED FROM DISCRIMINATION," and that service was thus effected upon

defendants' counsels named below in accordance with Local Civil Rule 5.4(d):

Matthew A. Ranck
Eccleston & Wolf, P.C.
2001 S Street, NW, Suite 310
Washington, DC 20009
Tel: 202-857-1696
*Counsel for Defendants Chatel Real Estate Inc. and Thierry Liverman*

Robert Bouse
Anderson, Coe, and King
201 North Charles Street, Suite 2000
Baltimore, MD 21201
Tel: 410-752-1630
*Counsel for Defendant Mary White*

/s/ Stefan Shaibani