IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN BRATTON                              :

    Plaintiff                              :

v.                                        :         06 Civ. 0694 (JDB)

CHATEL REAL ESTATE, INC.                  :
and
THIERRY LIVERMAN                          :
and
MARY WHITE                                :

    Defendants                             :

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RESPONSE TO REQUEST FOR ADMISSIONS OF FACT

Defendant, Mary White, by her attorney, Robert H. Bouse, Jr., in response to Request for Admissions of Fact heretofore propounded by the Plaintiff, states as follows:

1. **REQUEST:** Admit that John Pagones was the listing agent for the Property, and that Chatel and/or Thierry Liverman was the broker for the Property from July 2005 through October 2005.

**RESPONSE:** Admitted.

2. **REQUEST:** Admit that the MRIS listings for the Property neither required the renter to pay $200 per month for real estate taxes nor precluded a right of first refusal to the renter to purchase the Property if it were to be offered for sale during the term of the lease.

**RESPONSE:** Defendant admits that the MRIS listing for the property is not required to pay the $200 per month for real estate taxes nor preclude a right of first refusal to the renter to purchase the property however, those terms were in the Lease as presented to the Plaintiff.

3. **REQUEST:** Admit that John Bratton toured the Property with Barrett Anderson on October 6, 2005.



PLAINTIFF'S EXHIBIT 26

**RESPONSE:** Admitted.

4.   **REQUEST:** Admit that as of October 6, 2005, the street level unit of the Property had been listed on the MRIS for 69 days.

**RESPONSE:** Admitted.

5.   **REQUEST:** Admit that as of October 6, 2005, the lower level unit of the property has been listed on the MRIS for 13 days.

**RESPONSE:** Defendant admits that the lower level unit of property had been listed on the MRIS but does not know the exact listing date. Defendant cannot state whether or not it had been as of October 6, 2005 listed for thirteen days.

6.   **REQUEST:** Admit that on October 6, 2005, two separate lockboxes were outside the Property containing keys to open the doors for the first floor and lower level units of the Property.

**RESPONSE:** Admitted.

7.   **REQUEST:** Admit that John Bratton informed you on October 7, 2005 of his intent to lease the Property.

**RESPONSE:** The Defendant admits that she received a letter from John Bratton indicating his intent to lease the property and the letter was dated October 7, 2005. However, she did not receive that letter on October 7, 2005 but some time later.

8.   **REQUEST:** Admit that Barrett Anderson delivered a lease agreement drafted by John Bratton to Chatel and/or you, along with a $2,500 check for the first month's rent and a $2,500 check for security deposit for the Property on October 7, 2005.

**RESPONSE:** Defendant denies that Barrett Anderson delivered to her the Lease Agreement drafted by John Bratton on October 7, 2005, as well as the checks.

9.   **REQUEST:** Admit that by October 7, 2005, you knew that John Bratton is an African-American and had long hair with dreadlocks.

**RESPONSE:** Denied.

**10. REQUEST:** Admit that you rejected John Bratton's lease agreement for the Property submitted ton October 7, 2005.

**RESPONSE:** Defendant admits that the Lease prepared by John Bratton submitted on October 7, 2005 was rejected but not by this Defendant but rather by Thierry Liverman of Chatel Realty.

**11. REQUEST:** Admit that John Bratton submitted to Chatel a second lease agreement for the Property dated October 10, 2005, and that you rejected John Bratton's aforementioned offer to lease the Property.

**RESPONSE:** Defendant can neither admit nor deny whether or not the second Lease submitted by John Bratton was rejected. It is Defendant's recollection that Lease Agreement was the one that was further negotiated and may have been ultimately signed with changes and/or additions.

**12. REQUEST:** Admit that you rejected John Bratton's offer to lease the lower level unit of the Property.

**RESPONSE:** Admitted.

**13. REQUEST:** Admit that John Bratton was the only person to execute a lease agreement for the Property in October 2005.

**RESPONSE:** Admitted.

**14. REQUEST:** Admit that the lower level unit of the Property continued to be listed on MRIS as of October 13, 2005.

**RESPONSE:** Defendant admits that the lower level unit of the property was listed on MRIS, however the Defendant cannot state the exact date that it was actually removed since the continual listing was a mistake. The Defendant had made it clear that the lower level was to be used by her for her office until her new office was ready and consequently should have been removed from the MRIS listing.

15. **REQUEST:** Admit that according to John Bratton's IRS for m Schedule C, his net income was $205,706 in 2003 and $197,155 in 2004.

**RESPONSE:** Admitted.

16. **REQUEST:** Admit that in October 2005, your attorney, John Gordon Forester, stated to John Bratton that he was a "test case" for discrimination.

**RESPONSE:** This Defendant can neither admit nor deny what John Gordon Forester said to John Bratton in October of 2005.

17. **REQUEST:** Admit that you accepted John Bratton's offer to lease the Property after he filed an administrative complaint for discrimination against you and Chatel with the District of Columbia Office of Human Rights.

**RESPONSE:** Denied.

18. **REQUEST:** Admit that you offered to lease the Property to John Bratton only after you learned that he filed a complaint for discrimination against you and Chatel with the District of Columbia Office of Human Rights.

**RESPONSE:** Denied.

19. **REQUEST:** Admit that John Pagones was your lawful agent in October 2005, constituting a principal-agent relationship for *respondeat superior* purposes.

**RESPONSE:** The Defendant objects to this request as it does not request that admission of a fact but rather asked the Defendant to admit a principle of law, consequently is not an appropriate request for admission of fact.

20. **REQUEST:** Admit that no lease agreement was ever executed between you and Roberta Jean Medlin for the Property.

**RESPONSE:** Admitted as Roberta Jean Medlin withdrew her application to lease the property in late October of 2005.

21. **REQUEST:** Admit that Roberta Jean Medlin did not submit checks for first month's rent and security deposit to you or Chat el for purposes of leasing the Property.

**RESPONSE:** Denied.

22. **REQUEST:** Admit that there were no legitimate, non-discriminatory reasons behind your rejections of John Bratton's offers to lease the Property from October 6, 2005 through October 29, 2005.

**RESPONSE:** Denied.

23. **REQUEST:** Admit that on or about October 11, 2005, Chatel informed you that John Bratton had expressed his intent to file a discrimination complaint against you and Chatel in connection with his attempts to lease the Property.

**RESPONSE:** Denied.

Robert H. Bouse, Jr.
Anderson, Coe & King, LLP
Suite 2000
201 North Charles Street
Baltimore, Maryland 21201
(410) 752-1630

## CERTIFICATE OF SERVICE

I hereby certify on that on August 25, 2006, I sent by regular mail, a copy of

Defendant, Mary White's Responses to Request for Admission to the recipients named below:

Matthew Ranck
Eccleston & Wolf, P.C.
2001 S. Street, N.W., Suite 310
Washington, DC 20009
*Counsel for Defendants Thierry Liverman
And Chatel Real Estate, Inc*

Stephan Shaibani
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036
*Attorney for Plaintiff John Bratton*

Robert H. Bouse, Jr.