UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN BRATTON

    Plaintiff

v.

CHATEL REAL ESTATE, INC, et al.

    Defendants.

Case No.: 1: 06CV00694

Honorable John D. Bates

### DEFENDANTS CHATEL REAL ESTATE'S AND THIERRY LIVERMAN'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendants Chatel Real Estate, Inc., and Thierry Liverman (collectively, "Defendants"), by and through their undersigned counsel, respond and object to Plaintiffs' Requests for Admission as follows:

### RESPONSES TO REQUESTS FOR ADMISSION

1. **Admit that during the month of October 2005, John Pagones was a real estate agent affiliated with Chatel.**

RESPONSE: Admitted

2. **Admit that John Pagones was the listing agent for the Property in October 2005, and that you were the broker for the Property in October 2005.**

RESPONSE: Defendants admit that John Pagones was the listing agent for the Property in October 2005. Defendants object to the balance of the request as vague and ambiguous. Subject to and without waiving objection, to the extent a response is required, Defendants admit only that Thierry Liverman was the broker for the Property in October 2005.

E:\DOCUMENT\52952\DISCOVER\RESPONSES TO RFA.DOC



PLAINTIFF'S EXHIBIT 27

3. **Admit that John Pagones was your lawful agent in October 2005, constituting a principal-agent relationship for *respondeat superior* purposes.**

RESPONSE: Defendants object to this request as it calls for legal conclusions regarding the application of *respondeat superior* and agency principals. To the extent a response is required, this request is denied as phrased.

4. **Admit that the MRIS listings for the Property neither required the renter to pay $200 per month for real estate taxes nor precluded a right of first refusal to the renter to purchase the Property if it were to be offered for sale during the term of the lease.**

RESPONSE: Defendants object as the referenced documents are not attached. Furthermore, the documents speak for themselves. Subject to and without waiving these objections, the request is denied as phrased.

5. **Admit that John Bratton toured the Property with Barrett Anderson on October 6, 2005.**

RESPONSE: Despite reasonable inquiry, the information known or reasonably obtainable to Defendants is insufficient to admit or deny this request.

6. **Admit that as of October 6, 2005, the street level unit of the Property had been listed on the MRIS for 69 days.**

RESPONSE: Admitted

7. **Admit that as of October 6, 2005, the lower level unit of the Property had been listed on the MRIS for 13 days.**

RESPONSE: Admitted

8. Admit that on October 6, 2005, two separate lockboxes were outside the Property containing keys to open the doors for the first floor and lower level units of the Property.

RESPONSE: Admitted

9. Admit that on October 6, 2005, John Bratton requested in person a commercial lease application and blank lease agreement for the Property from John Pagones at Chatel's Georgetown Office.

RESPONSE: Defendants deny that on October 6, 2005, John Bratton requested a lease application. Defendants admit that, to the extent that the term "Property" refers to the main level of the property located at 1622 Wisconsin Ave. SE, Washington, DC, John Bratton requested a blank lease agreement for the Property on October 6, 2005.

10. Admit that on October 6, 2005, John Pagones declined to provide a blank commercial lease application and lease agreement to John Bratton.

RESPONSE: Denied.

11. Admit that on October 6, 2005, John Pagones refused to accept John Bratton's offers to provide a $2,500 check for security deposit and $2,500 check for first month's rent for the Property.

RESPONSE: Denied.

12. Admit that on October 6, 2005, Chatel was in possession of a blank commercial lease application and/or blank lease agreement.

RESPONSE: Defendants object to this request as Plaintiff has failed to adequately define the terms used, thereby making the request ambiguous and unclear. Subject to and without waiving this objection, Defendants deny this request as phrased.

3

13. Admit that on October 6, 2005, Hope Edwards was present at Chatel's Georgetown Office where John Bratton arrived in person to meet with John Pagones.

RESPONSE: Despite reasonable inquiry, the information known or reasonably obtainable to Defendants is insufficient to admit or deny this request.

14. Admit that Barrett Anderson delivered a lease agreement drafted by John Bratton to Chatel and/or Mary White, along with a $2,500 check for first month's rent and a $2,500 check for security deposit for the Property on October 7, 2005.

RESPONSE: Denied as phrased

15. Admit that John Bratton's first lease agreement submitted to Chatel on October 7, 2005 was rejected by Mary White.

RESPONSE: Denied as phrased

16. Admit that on October 10, 2005 (or October 11, 2005), John Pagones provided a lease application bearing Chatel's logo to John Bratton.

RESPONSE: Admitted

17. Admit that John Bratton submitted to Chatel a rental application and lease agreement for the Property dated October 10, 2005.

RESPONSE: Admitted

18. Admit that on October 11, 2005, Thierry Liverman informed John Bratton that his offer to lease the Property had been rejected by Mary White upon the basis that another tenant had purportedly leased the Property.

RESPONSE: Denied as phrased

4

19. Admit that John Bratton telephonically informed Thierry Liverman on or about October 11, 2005 that he intended to file a discrimination complaint against Chatel and Mary White in connection with his attempts to lease the Property.

RESPONSE: Denied.

20. Admit that no lease agreement was ever executed between Roberta Jean Medlin and Mary White for the Property.

RESPONSE: Admitted

21. Admit that Roberta Jean Medlin did not submit checks for first month's rent and security deposit to Chatel or Mary White for purposes of leasing the Property.

RESPONSE: Denied

22. Admit that there were no legitimate, non-discriminatory reasons behind Chatel's and Mary White's rejections of John Bratton's offers to lease the Property in October 2005.

RESPONSE: Denied

23. Admit that John Pagones' affiliation with Chatel was terminated after John Bratton filed a complaint for discrimination against Chatel and Mary White at the District of Columbia Office of Human Rights.

RESPONSE: Defendants object to this request as Plaintiff has failed to adequately define the terms used, thereby making the request ambiguous and unclear. Subject to and without waiving this objection, Defendants deny this request as phrased.

24. Admit that Mary White offered to lease the Property to John Bratton only after she learned that he had filed a complaint for discrimination against Chatel and Mary White at the District of Columbia Office of Human Rights.

RESPONSE: Despite reasonable inquiry, the information known or reasonably obtainable to Defendants is insufficient to admit or deny this request. To the extent a response is required, the request is denied.

Respectfully submitted,

**CHATEL REAL ESTATE and THIERRY LIVERMAN**
by counsel:

_____
Matthew A. Ranck, Esquire (DC Bar # 484983)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696
*Counsel for Defendants*
*Chatel Real Estate, Inc. and Thierry Liverman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September 2006, Defendants Chatel Real Estate and Thierry Liverman caused a copy of the foregoing to be mailed, postage prepaid to:

**Stefan Shaibani**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
(202) 277-8892
*Counsel for Plaintiff*

**Robert H. Bouse, Jr.**
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201
(410) 752-1630
*Counsel for Defendant Mary White*

_____
Matthew A. Ranck, Esq. (DC Bar # 484983)