UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON**<br><br>    Plaintiff<br><br>v.<br><br>**CHATEL REAL ESTATE, INC, et al**<br><br>    Defendants. | Case No.: 1: 06CV00694<br><br>**ORAL HEARING REQUESTED**<br><br>Hon. John D. Bates |

### OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RULE 26(a)(2) DISCLOSURES

Defendants Chatel Real Estate, Inc. and Thierry Liverman (collectively "Defendants") by and through their undersigned counsel, hereby file this Opposition and state as follows:

### I. FACTS RELEVANT TO MOTION

On October 20, 2006, Plaintiff filed a report pursuant to Rule 26(a)(2) designating Thomas J. Lynch as his sole expert witness. The report stated that Mr. Lynch would testify that Defendants "discriminated in violation of the [Federal Civil Rights Act] and the District of Columbia Human Rights Act." *See Exhibit 1,* Report of Thomas J. Lynch, at 27. The report did not indicate that Mr. Lynch would testify regarding Plaintiff's damages or damage calculations. In fact, the 27-page report did not even mention the categories or amounts of damages that Plaintiff claims to have suffered.

November 27, 2006, was the deadline for Defendants to designate their own expert. Seeing nothing in Mr. Lynch's report that required expert testimony to refute, Defendants declined to designate an expert witness. On February 9, 2007, Defendants

1

deposed Plaintiff's Mr. Lynch. During this deposition, Plaintiff's counsel indicated that Mr. Lynch would be testifying regarding the categories and amount of damages allegedly suffered by Plaintiff. Counsel for Defendants objected and Plaintiff filed the instant motion.

## II. ARGUMENT

An "expert cannot testify on a matter not disclosed in his preliminary report." *Taylor v. Evans*, 1997 U.S. Dist. LEXIS 3907, *6 (S.D.N.Y. 1997). Rule 26 requires, not just that other parties be put on notice of expert testimony, but that the notice be given in the form of a written report which "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore." *Fed. R. Civ. P. 26(a)(2)(B)*. This rule imposes a "duty to disclose information concerning expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Fed. R. Civ. P. 26(a)(2)*, 1993 advisory committee's note. To hold otherwise "would undermine the rationale for requiring the report in the first instance..." *Taylor*, 1997 U.S. Dist., at *6.

Here, Plaintiff is attempting to belatedly present testimony on subjects clearly not addressed in the expert's report. Upon objection from Defendants, Plaintiff's counsel essentially conceded that the report failed to address these subjects and attempted to orally put counsel on notice that his expert would testify on these additional subjects. *See* Exhibit 2, Deposition of Thomas Lynch, at 195:8-11. However, the Rules require much more. Indeed, "a party must supplement its expert disclosures under Rule 26(a) if the party learns 'that in some material respect the information disclosed is incomplete or

incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Norfolk S. Corp. v. Chevron U.S.A., Inc.*, 279 F. Supp. 2d 1250, 1274 (M.D.Fla. 2003) (Citing Rule 26(e)(1)). Moreover, **"a party that without substantial justification fails to disclose information as required by Rule 26(a) or 26(e)(1)...is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any...information not so disclosed."** *See Ferriso v. Conway Org*, 1995 U.S. Dist. LEXIS 14328, *3 (S.D.N.Y. 1995) (quoting *Rule 37(c)(1)* and applying it to an export report)(emphasis added). That is, because Plaintiff failed to disclose information pursuant to Rule 26, he should not permitted to amend his designation and present this previously undisclosed testimony at trial *"unless [his] failure is harmless." Rule 37(c)(1)*(emphasis added); s*ee also., Norfolk S. Corp. v. Chevron U.S.A., Inc.*, 279 F. Supp. 2d 1250, 1275 (M.D.Fla. 2003) (Motion to Strike Late-Filed Expert Disclosures granted because failure to disclose full opinion earlier "was not harmless"). Here it is clear that allowing an amendment to Plaintiff's expert report, or otherwise allowing Plaintiff's expert to testify on matters outside his report, would cause defendants substantial harm and prejudice.

First, Defendants have not retained their own expert to evaluate this previously undisclosed area of proposed expert testimony. The initial report provided by Mr. Lynch simply opined that the facts pled in the Amended Complaint constituted violations of the state and federal civil rights statutes. Defendants reviewed this report, determined that the Court would instruct the jury as to the law, and that the application of fact to law was within the competence and province of the jury. Thus, Defendants did not designate an

expert to refute Mr. Lynch. Unlike the type of conclusions contained in Mr. Lynch's initial report, however, conclusions regarding specialized damage assessments and calculations (the type Plaintiff seeks to add) are often beyond the ordinary knowledge of the jury. As such, if Mr. Lynch's initial report contained these conclusions regarding damages, Defendants would have retained and designated experts to evaluate and refute those conclusions and the methodology used to reach those conclusions. However, in reliance upon Mr. Lynch's report, Defendants have consulted no experts and the time for Defendants to designate an expert has long since passed.[1]

Second, the failure to timely disclose all expert opinions will require all parties to bear the expense of duplicative depositions. Because the instant Motion was the first time that Plaintiff has presented any written disclosures regarding Mr. Lynch's economic damage opinions, Defendants have not had the opportunity to examine Mr. Lynch on these subjects. As such, if Mr. Lynch is permitted to amend his report, Defendants will be forced to redepose him. It would appear prejudicial to require Defendants to bear the costs of redeposing Mr. Lynch solely because he failed to file a complete and accurate report. Indeed, at least one court has noted that '[t]he purpose of a detailed and complete expert report as contemplated by Rule 26(a)…is, in part, to minimize the expense of deposing experts" *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R.*, 248 F.3d 29, 35 (1st Cir. 2001).

---

[1] Even if the Court were to permit Defendant additional time to designate experts on the issue of economic damages, the timeline for disposition of this case would be significantly set back. Defendant would need to redepose Mr. Lynch, seek an expert and have the expert issue his or her own report. Then, Plaintiff would presumably wish to depose that expert and the dispositive Motion deadline would need to be extended. The effect would be to set the case's timeline back significantly and harm Defendants' right to a timely adjudication of these frivolous claims.

4

Finally, allowing Mr. Lynch to amend his expert report would be allowing Plaintiff to conduct "trial by ambush." Assumedly, the purpose of setting the expert deadlines prior to the close of discovery is to allow parties full discovery of any expert opinions and the factual basis for those opinions. Here, Defendants would be deprived of this opportunity and would be forced to investigate the factual bases for Mr. Lynch's previously undisclosed opinions for the first time at trial. For instance, one of Mr. Lynch's previously undisclosed opinions is that as a result of Defendants actions, Plaintiff will be forced to pay "Moving expenses (including creation of new advertisements and letterhead) associated with having to relocate his real estate office...at the end of the two-year lease." Because this damage claim has not been previously raised, Defendants have taken no written or deposition discovery regarding Plaintiff's advertising budget, use of letterhead or past relocation expenses. Another of Mr. Lynch's previously undisclosed opinions is that as a result of Defendants actions, Plaintiff will suffer "Lost profits- namely, reduced real estate sales volume..." Because this damage claim has not been previously raised, Defendants have taken no written or deposition discovery on Plaintiff's revenues, profits or sales volume.[2] Forcing Defendants to investigate these damages for the first time at this late date would be highly prejudicial, greatly harmful and would amount to "trial by ambush." *See Ortiz-Lopez*, 248 F.3d 29, 35 (1st Cir. 2001); ("The purpose of a detailed and complete expert report as contemplated by Rule 26(a)…is, in part, to...prevent an ambush at trial."); *See also, Michelone v. Desmarais*, 25 Fed.Appx. 155, 158 (4th Cir. 2002).

---

[2] Interestingly, these damages appear to be claims of Bratton Realty, LLC, a non-party, and not those of Mr. Bratton personally.

Plaintiff's only attempt to justify his failure timely disclose Mr. Lynch's economic damage opinions is that economic damages were discussed during Plaintiff's discovery deposition. However, this explanation does not constitute substantial justification. Moreover, the particular categories of damages now addressed by Mr. Lynch were never discussed and, even if touched upon, "the precise requirements of [Rule 26(a)(2)] cannot be mooted by a casual reference in the course of a deposition." *Ferriso*, 1995 U.S. Dist. LEXIS, at *3.

### III. CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that this court deny Plaintiff's Motion and prohibit Plaintiff's expert from offering any expert opinions regarding economic damages.

Respectfully Submitted,

**CHATEL REAL ESTATE, INC and THIERRY LIVERMAN**


By:    /s/ Matthew A. Ranck            -
       Matthew A. Ranck, Esq. (DC Bar # 484983)
       Nicholas B. Reuhs, Esq. (DC Bat # 500005)
       ECCLESTON & WOLF, P.C.
       2001 S Street, N.W., Suite 310
       Washington, D.C. 20009
       (202) 857-1696 (telephone)
       (202) 857-0762 (facsimile)
       Counsel for Defendants Chatel Real Estate,
       Inc. and Thierry Liverman

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of February 2007, I caused a copy of the foregoing to be served electronically upon:

**Stefan Shaibani**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
(202) 277-8892
*Counsel for Plaintiff*

**Robert H. Bouse, Jr.**
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201
(410) 752-1630
*Counsel for Defendant Mary White*

/s/ Matthew A. Ranck                -
Matthew A. Ranck, Esq. (DC Bar # 484983)