UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON**  Plaintiff  v.  **CHATEL REAL ESTATE, INC, et al**  Defendants. | Case No.: 1: 06CV00694  **ORAL HEARING REQUESTED**  Hon. John D. Bates |

## DEFENDANTS CHATEL REAL ESTATE, INC AND THIERRY LIVERMAN'S MOTION TO STRIKE PLAINTIFF'S EXPERT

Defendants Chatel Real Estate, Inc. and Thierry Liverman (collectively "Defendants") by and through their undersigned counsel, hereby file this Motion to Strike Plaintiff's Expert, and state as follows:

1. The opinions of Plaintiff's expert Thomas J. Lynch are impermissible legal conclusions that must be stricken.

2. Attached hereto and incorporated by reference is a Memorandum of Points and Authorities in support of this Motion.

WHEREFORE, for the reasons stated herein and in their Memorandum of Points and Authorities, Defendants Chatel Real Estate and Thierry Liverman respectfully request that the court enter an Order striking Plaintiff's expert witness.

Respectfully Submitted,

**CHATEL REAL ESTATE, INC and THIERRY LIVERMAN**

By: /s/ Matthew A. Ranck               -
Matthew A. Ranck, Esq. (DC Bar # 484983)
Nicholas B. Reuhs, Esq. (DC Bar # 500005)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696 (telephone)
(202) 857-0762 (facsimile)
*Counsel for Defendants Chatel Real Estate, Inc. and Thierry Liverman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of February 2007, I caused a copy of the foregoing Motion and a Memorandum in support therefo to be served electronically upon:

**Stefan Shaibani**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
(202) 277-8892
*Counsel for Plaintiff*

**Robert H. Bouse, Jr.**
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201
(410) 752-1630
*Counsel for Defendant Mary White*

/s/ Matthew A. Ranck               -
Matthew A. Ranck, Esq. (DC Bar # 484983)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN BRATTON**<br><br>    Plaintiff<br><br>v.<br><br>**CHATEL REAL ESTATE, INC, et al**<br><br>    Defendants. | Case No.: 1: 06CV00694<br><br>**ORAL HEARING REQUESTED**<br><br>Hon. John D. Bates |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CHATEL REAL ESTATE, INC AND THIERRY LIVERMAN'S MOTION TO STRIKE PLAINTIFF'S EXPERT**

Defendants Chatel Real Estate, Inc. and Thierry Liverman (collectively "Chatel") by and through their undersigned counsel, hereby file this Memorandum of Points and Authorities in support of their Motion to Strike Plaintiff's Expert, and state as follows:

**I. INTRODUCTION**

In October 2005, Bratton Realty, LLC expressed interest in leasing a certain commercial space owned by Defendant Mary White and listed by Chatel. Although Plaintiff, on his own behalf, ultimately executed a lease agreement for the space less than thirty (30) days later, he claims he was discriminated against in the process. As such, he has filed the instant suit under (1) the Federal Civil Rights Act and (2) the D.C. Human Rights Act.

On October 20, 2006, Plaintiff filed an export report signed by Thomas J. Lynch. See Exhibit 1 (hereinafter "Report").[1] Pursuant to Rule 26, this report was to contain a

---

[1] In his deposition, Mr. Lynch testified that the Plaintiff's counsel, Mr. Shabani, actually prepared the report, but that it was a "collaborative effort" because the two of them went over it. However, Mr. Lynch

**3**

"complete statement of all opinions to be expressed and the basis and reasons therefore." FRCP 26(a)(2). As discussed more fully below, Mr. Lynch's opinions are fairly summarized in his conclusion, which reads in its entirety, "[i]n my opinion, Defendants' treatment of John Bratton *was discriminatory in violation of 42 U.S.C. § 1981, 42 U.S.C. §1982, and the District of Columbia Human Rights Act §§ 2-1402.21 and 2-1402.23*." See Exhibit 1, at 27 (emphasis added). As opinions of this type are improper and are not permitted under the Federal Rules of Evidence, the Report and Plaintiff's expert should be stricken.

## II.    ARGUMENT

### A.    The Report

That Mr. Lynch's proffered opinions are improper legal conclusions that must be stricken can be seen from the letter by which Plaintiff's counsel retained him. In that letter, the witness was asked to "*render an expert opinion whether the defendants' conduct in this case with respect to leasing Georgetown office space to John Bratton amounted to discrimination in violation of the Civil Rights Act, 42 U.S.C. §§ 1981-1982, and the District of Columbia Human Rights Act*." See Exhibit 3, Letter from Stefan Shaibani dated 9/12/06 (emphasis added). Moreover, in his deposition, Mr. Lynch confirmed that the statement in counsel's letter to him in fact provided a fair and accurate description of the opinions he intended to offer in the case. See Exhibit 2, at 31: 2-20.

The substantive portions of the Report itself are contained in sections IV and V thereof.[2] Although section IV is captioned "Standards of Conduct for Real Estate Salespersons and Brokers," the only real estate standards identified are those requiring

---

acknowledged that he made no substantive changes to the draft report Mr. Shabani provided. See deposition of Thomas Lynch, attached hereto as Exhibit 2, at 77:8-78:2.

[2] Sections I, II and III are the Introduction, Qualifications and Documents Reviewed sections, respectively.

that real estate brokers and salespersons cannot discriminate and must comply with the various anti-discrimination statutes at issue in this case. See Exhibit 1 at pp. 5-9. Rather section IV begins with two full sections outlining the statutory provisions relevant to this case. At the same time, confirming the nature of his opinions, Mr. Lynch concludes that by certain alleged conduct, the Defendants:

> "… violated the Civil Rights Act, §§ 1981 and 1982;"[3]
>
> "discriminated against John Bratton because of his race (African American) and personal appearance (dreadlocks);"[4]
>
> engaged in "discriminatory behavior towards Mr. Bratton;"[5] and
>
> "renounced their legal obligations…."[6]

These preliminarily stated conclusions were apparently simply summaries of the more detailed opinions that follow in the Report. Nevertheless, as set forth below, all such statements are impermissible legal conclusions that must be stricken.

Section V of the Report, containing Mr. Lynch's opinions and the purported bases therefore, is telling even in its title: "*Discriminatory* Treatment Received By John Bratton." Exhibit 1 at 10 (emphasis added). Chatel's alleged "*Discriminatory* treatment of John Bratton" is set forth at pages 10-16 of the Report, and is broken into five (5) separate categories of allegedly discriminatory conduct. *Id*. On these pages, Mr. Lynch offers the following additional "opinions":

1) that certain representations made by Defendants were " completely improper, " relying on the Amended Complaint at paragraph 31, which alleges that the Defendants' conduct was motivated by racial animus;[7]

---

[3] See Exhibit 1 at 6.
[4] See Exhibit 1 at 7.
[5] See Exhibit 1 at 8.
[6] See Exhibit 1 at 9.
[7] See Exhibit 1 at 11. As such, this opinion is simply that the alleged actions were improper because they were discriminatory.

2) that [a Chatel agent] "discriminated against Mr. Bratton because of his race…and personal appearance…;"[8]

3) that an certain alleged misrepresentation "is a text book example of unlawful discrimination…;"[9] and

4) [a Chatel agent's] failure to meet standards requiring non-discriminatory treatment of customers "demonstrates that his treatment of John Bratton was discriminatory and motivated by racial animus."[10]

**B.     The Law**

With regard to expert testimony, the Federal Rules of Evidence provide that "if...specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." *Fed. R. Evid.702*. In interpreting this provision, courts apply a two-part test for determining the admissibility of expert testimony: the witness (1) must be qualified, and (2) must be capable of assisting the trier of fact. *See e.g., Exum v. General Elec. Co.,* 260 U.S. App. D.C. 366, 819 F.2d 1158, 1163 (D.C. Cir. 1987). While Mr. Lynch's real estate qualifications are not at issue with respect to this motion, the opinions he is prepared to offer are legal conclusions, which interfere with the role of the Court and are incapable as a matter of law of assisting the trier of fact. *See e.g., Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212-13 (1997).

Rule of Evidence 704 provides that "testimony . . . otherwise admissible is not objectionable because it embraces the ultimate issue to be decided." *Fed. R. Evid. 704.* As such, subject to concerns concerning speculation and conjecture, Mr. Lynch's

---

[8] See Exhibit 1 at 12.
[9] See Exhibit 1 at 15.
[10] See Exhibit 1 at 16.

testimony would not be inadmissible simply because it is a conclusion on an ultimate fact. However, the Advisory Committee notes to this rule point out that Rule 704 "does not lower the bars so as to admit all opinions." *Adv. Comm. Notes to Fed. R. Evid. 704*. Instead, "the effect of Rule 704 is merely to remove the proscription against opinions on 'ultimate issues' and to shift the focus to whether the testimony is 'otherwise admissible.'" *Torres v. County of Oakland*, 758 F.2d 147, 150 (1985) (citing *United States v. Baskes*, 649 F.2d 471, 479 (7th Cir. 1980)). That is, despite Rule 704, in order to be admissible, ultimate issue testimony must still be capable of assisting the trier of fact and otherwise admissible. *Id.*

To this extent, it has been held <u>"that expert testimony that consists of legal conclusions cannot properly assist the trier of fact...and thus it is not 'otherwise admissible.'"</u> *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (1997)(emphasis added)(citing *Torres v. County of Oakland,* 758 F.2d 147, 150 (6th Cir. 1985) (holding that expert testimony couched in terms of a "legal conclusion" is "not helpful to the jury"); *see also Weston v. WMATA,* 78 F.3d 682, 684 n.4 (D.C. Cir. 1996) (stating that "legal conclusions on domestic law ... are outside [an expert] witness' area of expertise"); *Kuehl v. Wal-Mart Stores*, 909 F.Supp. 794, n2 (1992) ("an expert may not state legal conclusions drawn by applying the law to the facts"); *United States v. Baskes*, 649 F.2d 471, 479 (7th Cir. 1980) ("Rule 704...does not provide that witnesses' opinions as to the legal implications of conduct are admissible."). The rationale for this rule is that "testimony containing a legal conclusion is...conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury. This 'invade[s] the province of the court to determine the applicable law and to instruct the jury as to that law.'" *Torres*, 758 F.2d, at

150 (citing *F.A.A. v. Landy,* 705 F.2d 624, 632 (2d Cir. 1983); *See also Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir.) ("It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge."). Put another way, the actual "legal principles are outside the witness' area of expertise, " *Weston v. WMATA,* 78 F.3d 682, 684 n.4, as "[e]ach courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart*, 112 F.3d at 1212.

It would appear even based on the principles set forth above that Mr. Lynch's opinions are strictly legal conclusions and should be stricken. However, at least one federal court has already applied these principles to a discrimination claim involving the exact type of proffered testimony at issue here. In *Torres*, the Sixth Circuit concluded that "the best resolution of this type of problem is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular. If they do, exclusion is appropriate." *Torres,* 758 F.2d at 151. Applying this principle to its discrimination claim, the *Torres* court concluded that it was improper to permit an expert to testify as to whether the plaintiff "had been discriminated against because of her national origin." *Id.* As the court explained, the expert's actual testimony constituted a legal conclusion for two reasons: it tracked the language of the applicable statute, and the term "discrimination" has a specialized legal meaning that is more precise than the lay understanding of the term. *Id; see also, Burkhart*, 112 F.3d at 1212 (D.C. Circuit embracing the test applied in *Torres*).

Here, as his Report indicates[11], Mr. Lynch intends to testify that "Defendants' treatment of John Bratton was *discriminatory* in violation of 42 U.S.C. § 1981, 42 U.S.C. §1982, and the District of Columbia Human Rights Act §§ 2-1402.21 and 2-1402.23." Report, at 27 (emphasis added). This statement so plainly appears to be a legal conclusion, that the *Torres* test seems unnecessary. Nonetheless, not only does Mr. Lynch track the language of the statute and use terminology that has been determined to have a specialized legal meaning, he actually cites the applicable statute and specifically couches his terminology as sufficient to meet the specialized legal meanings required by the statutes. Mr. Lynch has made no effort to characterize his opinion in any other way. Indeed, in no place does the Report even attempt to distinguish Mr. Lynch's opinions from the requirements of statutory framework that he first lays out. Instead, he repeatedly reaches legal conclusions regarding whether or not Defendants *discriminated* against Plaintiff specifically within the meaning of the applicable statutes. As such, Mr. Lynch's opinions are clearly impermissible legal conclusions that must be stricken.

### III. CONCLUSION

WHEREFORE, for the reasons aforesaid, Defendants Chatel Real Estate, Inc. and Thierry Liverman respectfully request that their Motion be granted, and that this Honorable Court enter an Order striking Plaintiff's expert witness.

---

[11] These opinions were reiterated numerous times in his deposition. See e.g. Exhibit 2 at 132:8-11; 237:11-15; 308:9-309:1; 309:15-22; 310:1-14.

Respectfully Submitted,

**CHATEL REAL ESTATE, INC and THIERRY LIVERMAN**

By: /s/ Matthew A. Ranck
Matthew A. Ranck, Esq. (DC Bar # 484983)
Nicholas B. Reuhs, Esq. (DC Bar # 500005)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696 (telephone)
(202) 857-0762 (facsimile)
*Counsel for Defendants Chatel Real Estate, Inc. and Thierry Liverman*