UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOHN BRATTON** | * | |
| Plaintiff | * | |
| v. | * | Case No.: 06-CV-00694 (JDB) |
| **CHATEL REAL ESTATE, INC.** | * | The Honorable John D. Bates |
| and | * | |
| **THIERRY LIVERMAN** | * | |
| and | * | |
| **MARY WHITE** | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT MARY WHITE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RULE 26(a)(2) DISCLOSURES

Defendant, Mary White, by her attorney, Robert H. Bouse, Jr., hereby submits this Memorandum in opposition to Plaintiff's Motion for Leave to Supplement Rule 26(a)(2) Disclosures, and in support thereof, states as follows:

**I.  PROCEDURAL POSTURE**

Pursuant to this Court's Scheduling Order, issued July 25, 2006, Plaintiff's deadline to designate experts and provide expert reports was October 27, 2006. In accordance with the Scheduling Order, Plaintiff filed a detailed, 27-page report of Thomas J. Lynch ("Mr. Lynch") on October 20, 2006. The report was actually prepared by Plaintiff's counsel, who presented it to Mr. Lynch for signature and it set forth Plaintiff's theories of race-based discrimination in significant detail. (Exhibit 1, Lynch Deposition Excerpts, pp. 69-76) Throughout the twenty-seven page document, though, there was not one mention of economic damages.

Defendants were required to designate their experts by November 27, 2006. Neither Defendant chose to designate expert witnesses. On February 9, 2007, Defendants deposed Mr. Lynch and, for the first time, learned that Plaintiff intended to have Mr. Lynch offer expert testimony pertaining to economic damages. (Exhibit 1, pp. 192-195). Counsel for Defendants strenuously objected, arguing that such testimony was not included in Mr. Lynch's report, had not been timely disclosed and was improper. Plaintiff filed his Motion for Leave to Supplement shortly thereafter.

II.  **ARGUMENT**

The primary argument set for by Plaintiff in his Motion for Leave to Supplement is as follows:

> In light of plaintiff's detailed description of his economic damages during his two-day deposition, the discussion of same in plaintiff's initial disclosures, and defendants' being permitted to depose Mr. Lynch for a second day of depositions, defendants have had prior notice of plaintiff's economic damages and are neither surprised nor prejudiced by this motion.

(See Plaintiff's Motion, p. 2). Plaintiff is incorrect in stating that Defendants have not suffered any prejudice and has misconstrued the purpose behind Fed.R.Civ.P. 26.

Rule 26(a)(2) requires that a witness retained to provide expert testimony must submit "a written report prepared and signed by the witness" which "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore." The purpose behind Rule 26(a)(2)'s detailed and complete expert report requirement is, in part, to prevent prejudice created by surprises and ambush. Michelone v. Desmarais, 25 Fed.Appx. 155, 158 (4th Cir. 2002); see also Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R., 248 F.3d 29, 35 (1st Cir. 2001) ("The purpose of a detailed and complete expert report as contemplated by Rule 26(a)…is, in part, to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial.") Thus, the Court's focus "is mainly

2

upon surprise and prejudice" as to what testimony plaintiffs will introduce through their experts. Thiebeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992).

Of course, since Plaintiff filed his complaint, it was known that he sought economic damages in this case. Such information did not, however, put Defendant on notice that Plaintiff would introduce expert testimony on the issue of economic damages. Indeed Plaintiff's expert's report was devoted entirely to the discrimination alleged against Defendants and failed to address economic damages at all. Plaintiff's failure to advise Defendants that Mr. Lynch would testify as to economic damages and their failure to comply with FED.R.CIV.P. 26(a)(2)'s requirement that a "complete" report be filed was exactly the surprise and ambush the rule was created to avoid. First, Ms. White was of the opinion that Plaintiff would personally testify to evidence of damages. This was confirmed when Mr. Lynch's report failed to mention damages. Accordingly, Ms. White never considered or came to a conclusion about whether she would meet Plaintiff's expert testimony on damages with expert testimony of her own. Now, the deadline for designation of experts has long since passed, and, if Mr. Lynch is permitted to testify to damages, Ms. White will have been unable to even consider whether she desired to have her own damages expert.

Second, in preparation for Mr. Lynch's deposition, Ms. White's counsel had not prepared to explore the witness' testimony with respect to economic damages. Plaintiff's counsel argues that he "permitted" Defendants a second day to depose Mr. Lynch, but, in fact, the second day was required because Mr. Lynch's testimony on liability ran much longer than expected. Moreover, that "concession" only provided Ms. White's counsel a weekend to explore the issue of damages. That was not enough time to speak with experts and fully develop a

3

deposition strategy with respect to those issues. Without question, Plaintiff's deposition-day ambush prejudiced Defendants.

Lastly, Defendants will suffer prejudice because if Plaintiff is permitted to elicit damages testimony from Mr. Lynch, Defendants should be given an opportunity to rebut that evidence with their own testimony. Even if Defendants were given additional time to designate experts on the issue of economic damages, the timeline for disposition of this case would have to be set back significantly. In addition to finding an expert and obtaining a report from that expert, Plaintiff would presumably wish to depose the expert.

Plaintiff argues in its Motion that the Defendant had prior notice of plaintiff's economic damages because Plaintiff set forth his damages in his initial disclosures and testified to them at his deposition. Expert evidence, though, "can be both powerful and quite misleading because of the difficulty in evaluating it." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 595, 113 S.Ct. 2786, 2798 (1993). Consequently, Plaintiff's notice that they would seek economic damages is far different than notice that they would introduce expert testimony on economic damages. It is one thing for a jury to hear from the Plaintiff that he suffered damages. It is quite another for a jury to hear from a purported expert that Plaintiff suffered damages.

### III. CONCLUSION

Plaintiff was given significant opportunity to comply with the expert disclosure rule and he failed to do so. He then attempted to offer expert testimony on a topic not touched upon in his twenty-seven page report. To permit Plaintiff the opportunity to supplement his report at this time would be prejudicial to Ms. White, and should not be permitted. Accordingly, Defendant respectfully requests that this Court deny Plaintiff's Motion for Leave to Supplement Rule 26(a)(2) Disclosures.

_____/s/_____
Robert H. Bouse, Jr. (Bar #MD01926)
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, Maryland 21201
Telephone:  410-752-1630
Fax:  410-752-0085
*Attorney for Mary White*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of February 2007 a copy of the foregoing Motion was served by electronic mail upon:

Stefan Shaibani, Esquire
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
Suite 900
Washington, D.C. 20036
*Attorney for Plaintiff John Bratton*

Matthew A. Ranck, Esquire
Nicholas B. Reuhs, Esquire
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
*Attorneys for Defendants, Chatel Real Estate, Inc. and Thierry Liverman*

_____/s/_____
Robert H. Bouse, Jr. (Bar #MD01926)
