UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON**<br><br>Plaintiff<br><br>v.<br><br>**CHATEL REAL ESTATE, INC, et al**<br><br>Defendants, et. al. | Case No.: 1: 06CV00694<br><br>**ORAL HEARING REQUESTED**<br><br>Hon. John D. Bates |

**DEFENDANTS CHATEL REAL ESTATE, INC AND
THIERRY LIVERMAN'S REPLY IN SUPPORT OF
THEIR FIRST MOTION FOR SUMMARY JUDGMENT**

Defendants Chatel Real Estate, Inc. ("Chatel") and Thierry Liverman ("Liverman") (collectively "Chatel Defendants"), by and through their undersigned counsel, hereby file this Reply in support of their Motion for Summary Judgment and state as follows:

In his Opposition, Plaintiff *does not dispute* the basic legal premise that the owner and/or employee of a corporation lacks standing to assert a civil rights claims based on a refusal to contract when the contract which he intended to enter into was not for his own benefit, but for that of the his corporation.  Instead, Plaintiff argues that the Chatel Defendants' Motion is based upon two faulty factual premises: "(1) Bratton Realty, LLC was the contracting party to the lease agreement *executed* by Mary White and (2) after October 12, 2005, defendants Chatel and Liverman were not involved in plaintiff's attempt to lease Mary White's property" and that "[i]n the absence of these faulty premises, defendants arguments have no merit."  See Plaintiff's Opposition, at 1

(emphasis added). However, contrary to Plaintiff's argument, Defendants *have not made either of these contentions* and the validity of these contentions is irrelevant to Plaintiff's standing and the resolution of the Chatel Defendants' Motion.[1]

### A. The "Impaired Contractual Relationship" At Issue Was Indisputably Between Ms. White And Bratton Realty And Thus John Bratton Lacks Standing To Bring A Claim Individually

The Chatel Defendants concede that John Bratton was a party to the final lease agreement executed by Mary White. The Chatel Defendants also concede that after Ms. White's attorney took over the negotiation, they typed the lease pursuant to his express instructions after October 12, 2005. However, the truth of either of these propositions is irrelevant to the instant Motion. As discussed in the Chatel Defendants' Motion, the Supreme Court has held that a plaintiff must "identify [the] impaired 'contractual relationship'" that gives rise to the civil rights claim, and "the plaintiff himself must have rights under the contractual relationship." *See Motion*, at 7-8 (citing *Dominos Pizza v. McDonald*, 546 U.S. 470, 126 S.Ct. 1246, 1249-1252 (2006)). Here, as discussed more fully below, all of Chatel's alleged acts of discrimination occurred on or before October 12, 2005 and *at all times on or before October 12, 2005, only Bratton Realty, Inc. was identified as the prospective tenant*. As such, at all times relevant to Plaintiff's Complaint against the Chatel Defendants, *the Chatel Defendants dealt only with Bratton Realty (and not John Bratton) as a prospective party and only dealt with contracts under which Bratton Realty (and not John Bratton) possessed potential rights*. Thus, under *Dominoes* and its progeny, only Bratton Realty possesses standing to bring a claim based on the acts of discrimination that have been alleged.

---

[1] Plaintiff has submitted a lengthy Statement of Material Facts Not in Dispute as part of his Opposition. Although, the Chatel Defendants disagree most (if not all) of Plaintiff's statements, the majority of facts identified are completely irrelevant to the instant Motion based on lack of standing.

Plaintiff cannot dispute that all alleged acts of discrimination by the Chatel Defendants occurred prior October 12, 2005. In fact, Plaintiff's own expert opined in his recent report (which was drafted by Plaintiff's counsel) that the Chatel Defendants acted discriminatory in only 5 discrete instances: (1) "[their] Failure to Provide a Blank Lease and Rental Application" on October 6, 2005; (2) "[their] Failure to Provide Information About the Property" on October 6 & 7, 2005; (3) "[their] Failure to Respond to Communications from John Bratton and [their] Unnecessary Delay in Presenting Lease Offers to the Landlord" between October 6 and October 11, 2005; (4) "[their] Misrepresenting the Availability of the Property to John Bratton" on October 12, 2005; and (5) "[their] Failure to follow the Standards of Conduct for Real Estate Brokers and Salespersons" when "inform[ing] John Bratton the property was unavailable" on October 12, 2005. Significantly, each of these alleged acts occurred prior to October 12, 2005. After that date, Plaintiff had no further contact with Defendant. *See Exhibit* 1, Deposition of John Bratton at 278:17-20. Moreover, to the extent that the Chatel Defendants took any other actions related to Plaintiff after this date, it was only as a scrivener to revise the draft lease in accordance with instructions from the attorney for Mary White.[2]

Plaintiff also cannot dispute that the "contractual relationship" that was the subject of Chatel's alleged discrimination was a contractual relationship between Mary White and *Bratton Realty* (not John Bratton). As noted above, all of Chatel's alleged acts of alleged discrimination occurred between October 6 and October 12, 2005 and Plaintiff concedes that all proposed leases exchanged during that period identified the parties as

---

[2]*See also Exhibit 2,* Deposition of Thomas J. Lynch, at 141:20-142:10; *Exhibit 3,* Deposition of Thierry Liverman, at 120:11-123:2, 142:21-143:8, 222:1-15. Plaintiff also notes in his Opposition that the Chatel Defendants were otherwise involved with Plaintiff after October 12 to the extent that they received a commission from the lease and still manage the property. However, Plaintiff has never alleged any link between these acts and any instance of discrimination.

3

Mary White and Bratton Realty (not John Bratton). Indeed, Plaintiff concedes that "[o]n Thursday October 6, 2005, [he] came to the offices of Defendant Chatel, identified himself as 'the owner of [Bratton Realty.]'"[3] Plaintiff further concedes, that the "the next day, October 7, 2005, [he] submitted a proposed lease, identifying the owner Mary White as the landlord and 'Bratton Realty' as the tenant,"[4] and that on that same date he sent a cover letter explaining that he hoped to "continue the tradition of [the Property] being a boutique real estate firm."[5] Plaintiff similarly concedes "that on October 10, 2005 [he] submitted a second proposed lease, altering some of the terms but leaving the tenant identified as Bratton Realty."[6] Finally, Plaintiff concedes that "on October 11, 2005 [he] submitted one or more of three separate versions of the form Chatel lease...[that]...*continued to identify Bratton Realty as the tenant.*"[7]

The only qualification or exception that Plaintiff notes with regard to these concessions is that ultimate lease signed on October 31 was signed by John Bratton in his individual capacity. However, because this lease was separately negotiated by Ms. White's attorney and signed well after all of Chatel's alleged acts of discrimination[8], it cannot provide Mr. Bratton, individually, standing to bring this claim against the Chatel Defendants.

Thus, Plaintiff's argument that Defendants Motion is based on faulty premises regarding the parties to the ultimate October 31 contract and the Chatel Defendants' involvement in negotiations after October 12, 2005 is misplaced. As explained above, all

---

[3] See Plaintiff's Response to Defendants Statement of Material Facts Not in Dispute, at 17.
[4] Id., at 18.
[5] Id., at 18-19.
[6] Id., at 19.
[7] Id., at 20.
[8] See e.g., *Exhibits* 12 & 13 to Plaintiff's First Motion for Summary Judgment; *see also Exhibit 2,* at 141:20-142:10; *Exhibit 3,* at 120:11-123:2, 142:21-143:8, 222:1-15.

4

acts of alleged discrimination by Chatel occurred on or before October 12, 2005 and any contracts negotiated thereafter are not at issue here. Instead, the Motion relies on the premise that "the contracts *at issue* [those submitted between October 6 and October 12] were indisputably between Ms. White and *Bratton Realty*"[9] Because the contracts at issue during the period of Chatel's alleged discrimination were indisputably between Ms. White and Bratton Realty, only Bratton Realty has standing to bring a civil rights claims based on that contractual relationship. *See Dominoes, supra,* at 1249-1251. Therefore, John Bratton individually lacks standing and his claims should be dismissed.

### B. John Bratton Suffered No Injury Distinct From That Suffered By Bratton Realty And Cannot Bring A Separate Claim

The Chatel Defendants agknowledged in their Motion for Summary Judgment that an exception to the *Dominoes* holding exists when the owner/employee otherwise lacking standing suffers some injury dinstinct and separate from that suffered by his corporation. Plaintiff attempts to seize on this exception and argue that John Bratton has suffered some injuries separate from those allegedly suffered by Bratton Realty. Specifically, Plaintiff alleges that he suffered: (1) emotional distress and (2) lost income from the inability to otherwise rent space that he owns individually but is occupied by Bratton Realty. *See Opposition at* 21-22. However, neither alleged "injury" satisfies this exception.

As noted in Plaintiff's Motion, the type of emotional distress damages alleged is simply insufficient to give rise to a seperate cause of action. *Id. at* 12 (citing *Guides v. Yarmouth,* 295 F.3d 1065, 1072-73 (10th Cir. 2002) (*emotional distress suffered by a shareholder/officer arising from another's wrongful refusal to lease property to their*

---

[9] *See* Defendants' First Motion for Summary Judgment, at 9.

5

*corporation is not a distinct injury giving such an individual standing*). Moreover, Plaintiff's failure to collect rent from Bratton Realty is a personal choice and not a consequence or injury arising from the Chatel Defendants' actions. Indeed, a coropration like Bratton Realty is a legal entity wholly separate from its owners and employees. John Bratton allows Bratton Realty to occupy property he owns without charge. Plaintff is free to charge Bratton Realty rent as a tenant or eject it as a non-paying tenant.[10] His decision to instead grant it a gratitutous benefit cannot be said to have been caused by the Chatel Defendants' actions.[11] Therefore, Plaintiff has suffered not separate injury and lacks standing to bring a separate claim.

### C. Allowing Plaintiff To Amend His Complaint And Substitute Bratton Realty As A Party Would Be Highly Prejudicial

In his Opposition, Plaintiff requests that he be allowed to amend his complaint to add Bratton Realty as an additional Plaintiff and represents that he will file a seperate memorandum in support of this request on or before February 26, 2007.[12] As of the the date of this filing, the Chatel Defendants have been served with no such memorandum. Nonetheless, allowing any such memorandum would be highly prejudicial. Indeed, Bratton Realty's claims under the DC Human Rights Act are now time-barred and allowing Plaintiff to amend would allow Bratton Realty to circumvent limitations requirements. *See e.g., Murfkan v Kahn*, 11 FRD 520 (DC Fla. 1951) (Even though rights of original plaintiff and plaintiff sought to be added arose out of same transaction and though cause of action may be same, amendment will not be allowed to permit

---

[10] *Bratton Realty* arguably could allege they suffered an injury by being required to maintain two separate offices. However, Bratton Realty is not a party to this suit.
[11] In making this argument, Plaintiff specifically acknowledges that all other damages were actually suffered by solely Bratton Realty. This would seem to further support the Chatel Defendants argument that only Bratton Realty has standing to bring this claim.
[12] *See Opposition*, at 2, n.1.

addition of party plaintiff after expiration of time allowed by statute in which to institute suit.)  Moreover, as Plaintiff acknowledges in his opposition, the damages alleged by Bratton Realty are separate from those John Bratton claims to have suffered.  As such, written discovery and depositions would need to be reopened regarding newly available damage categories, delaying the Chatel Defendants' right to a timely adjudication of these frivolous claims and forcing it to incurr unnecessarily duplicative expenses.  See *Kuhn v Philadelphia Electric Co.,* 85 FRD 86, 87-88 (1979, ED Pa) (Leave to amend may well be denied where court determines that proposed amendment will result in defendant being put to added expense); *see also Caldwell v Moore*, 968 F2d 595, 598-99 (6th Cir. 1992) (District court did not abuse its discretion in denying leave to amend where discovery was closed and new parties were to be added by amendment); *Troxel Mfg. Co. v Schwinn Bicycle Co*., 489 F2d 968, 971 (6th Cir. 1973) (Misconception of law is not excuse for late presentation of alternate theory of recovery).   As such, the court should not grant Plaintiff leave to amend.

      WHEREFORE, for the reasons stated herein and in the Chatel Defendants' First Motion for Summary Judgment, Defendants Chatel Real Estate and Thierry Liverman respectfully request that the court grant them Summary Judgment dismiss all claims against them with prejudice.

Respectfully Submitted,

**CHATEL REAL ESTATE, INC and THIERRY LIVERMAN**

By: _____/s/_____
Matthew A. Ranck, Esq. (DC Bar # 484983)
Nicholas B. Reuhs, Esq. (DC Bar # 500005)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696 (telephone)
(202) 857-0762 (facsimile)
*Counsel for Defendants Chatel Real Estate, Inc. and Thierry Liverman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March 2006, a true copy of the foregoing Reply was served by electronic mail upon:

**Stefan Shaibani**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
*Counsel for Plaintiff*

**Robert H. Bouse, Jr.**
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201
*Counsel for Defendant Mary White*

_____/s/_____
**Matthew A. Ranck, Esq.**