```
 1              UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF COLUMBIA

 3   JOHN BRATTON                *

 4          Plaintiff            *

 5   vs.                         *   Case Number:

 6   CHATEL REAL ESTATE, INC.,   *   1:06CV00694

 7   et al.,                     *

 8          Defendants           *

 9   *      *      *      *      *      *

10          THE DEPOSITION OF JOHN H. BRATTON

11          The Deposition of John H. Bratton, taken

12   in the above-captioned case on Friday, January 19,

13   2007, commencing at 10:00 a.m., at the law offices

14   of Eccleston & Wolf, 2001 S Street, Northwest,

15   Suite 310, Washington D.C. 20009, and reported by

16   Monique Kastner, Court Reporter and Notary Public.

17

18

19              EVANS REPORTING SERVICE
          Two North Charles Street, Suite 950
20            Baltimore, Maryland 21201
                   (410) 727-7100
21                 (800) 256-8410
```

Page 278

1  Q  Okay. You had no interaction with
2  Chatel, so why don't we say that everything was you
3  and Mr. Forester on behalf of Ms. White?
4      MR. SHAIBANI: I object. For
5  clarification, are you referring to the period
6  through the end of October?
7      MR. RANCK: Yes. I'm sorry.
8      MR. SHAIBANI: Or the mediation
9  hearing?
10     MR. RANCK: No, no, no. Let me
11 clarify.
12     BY MR. RANCK:
13 Q  From the period October 13th to
14 October 31st, which was the date you ultimately
15 signed the lease with Ms. White, right?
16 A  Yes.
17 Q  All right. In that period of time, you
18 had no involvement or communication or interaction
19 with Chatel, right?
20 A  Not directly. Not that I can recall.
21 Q  Indirectly, did you?

Page 279

1  A  Well, they were still -- they were
2  still in the equation.
3  Q  Okay. How do you know that?
4  A  Well, because that's why I went to get
5  the keys for the property. All the property
6  management duties had never been stopped.
7  Q  But with all due respect, you're
8  ignoring the timeframe of the question, which is up
9  through October 31st, which is the day you signed
10 the lease.
11 A  Correct.
12 Q  After that, I understand they are the
13 property manager and you have had dealings with
14 them.
15     I'm asking specifically between October
16 13th and October 31st, to your knowledge, were they
17 involved at all in the leasing negotiation, et
18 cetera, of the property with you?
19 A  They didn't have direct communications
20 with me.
21 Q  You keep saying "direct." Do you know

Page 280

1  whether --
2  A  Because I don't know whether they were
3  involved behind the scenes working with John Gordon
4  Forester. I don't know who John Gordon Forester
5  was sharing this information with.
6      He said that Chatel was terminated. I
7  found out that that was not even true. So I don't
8  know who --
9  Q  That's why I'm asking, "To your
10 knowledge."
11 A  To my knowledge, I didn't have direct
12 conversations with Chatel until after I signed the
13 lease.
14 Q  Okay. And you were never told by
15 anybody that Chatel was involved -- again, during
16 that period of time, October 13th to the 31st,
17 you're not told that Chatel is somehow in the loop
18 or involved, correct? As far as you know, Chatel
19 is out of it?
20 A  That's what I was told.
21     (Whereupon, Bratton Deposition Exhibit

Page 281

1  No. 12 was marked for identification.)
2      BY MR. RANCK:
3  Q  Okay. If you can, look at Exhibit 12
4  please. Have you seen that letter before?
5  A  Yes.
6  Q  Can you identify it for the record?
7  A  It's a letter from John Gordon
8  Forester.
9  Q  Did you receive it on or about October
10 18th?
11 A  Yes.
12 Q  All right. Does the letter accurately
13 memorialize the conversation you had with
14 Mr. Forester that morning?
15     MR. SHAIBANI: Objection. The document
16 speaks for itself.
17     MR. RANCK: Mr. Shaibani, my question
18 wasn't what the letter says, okay? The
19 needless objections are just lengthening the
20 record and lengthening the deposition.
21     My question was not, what does the