John H. Bratton
Bratton Realty, LLC.
1223 10th Street, NW
Washington, DC 20001

October 19, 2005

John Gorden Forester, Jr.
1914 Sunderland Place, NW
Washington, D.C. 20036

### RE: 1622 Wisconsin Ave – Commercial Lease Agreement

Dear Mr. Forester,

    As you are well aware, I have been diligently working to lease the two commercial spaces located at 1622 Wisconsin Ave, NW, Washington DC from your client Ms. White. For reasons I prefer not to elaborate on at this time, I have experienced unfavorable treatment at the hands of Mr. John Pagones, Ms. White's designated Agent. I appreciate your willingness to correct any injustices I may have experienced and look forward to consummating a lease agreement with your client.

    If it has not already been brought to your attention, when I initially attempted to rent the commercial spaces located at 1622 Wisconsin Ave., Mr. John Pagones informed me that a commercial lease did not exist for the Property. To rent the Property I was told that I must present a commercial lease agreement. I found it extremely odd that the listing Agent assigned to rent the property was not equipped with a commercial lease. Nevertheless, I took the appropriate steps and hired an attorney to draft a Commercial Lease Agreement specifically tailored to the 1622 Wisconsin Ave. property. On October 6th, 2005, I presented the signed commercial lease along with a financial statement demonstrating over $500,000 in income and $2,500,000.00 in net worth for 2005 in addition to a current checking account balance of more than $200,000. Apparently this was not adequate in the eyes of Ms. White. John Pagones, Ms. White and nor yours (Mr. Forester). You all have responded day after day with a laundry list of additional terms and conditions, none of which were disclosed on the listing sheet or presented to me during my initial inquiry. This appears to be a deliberate attempt to turn me sour to the property so that I will voluntarily decline to lease the commercial spaces.

    I immediately modified the Commercial Lease Agreement to accommodate all of the additional terms and conditions demanded by Mr. Pagones and Ms. White. Following this Mr. Pagones miraculously came up with a Commercial Lease Agreement for the Property, complete with the pre-printed heading of his real estate company Chatel Real Estate. I agreed to abandon the Commercial Lease Agreement, which I had originally labored over and submitted with first months rent and security deposit, in order to adopt


EXHIBIT 5

the Chatel Real Estate Commercial Lease Agreement. I promptly reviewed and signed the new lease agreement, reflecting leasing of the "Main and Lower level" of 1622 Wisconsin Ave. I might add at this point that both units have been listed as available for commercial lease on the Metropolitan Regional Information System (MRIS), the "main" unit for 78 days and the "lower level" unit for nearly 25 days. In addition, Ms. White's office manager gave me a tour the main and lower level commercial spaces and assured me that both were available for lease. Lastly, Mr. Pagones advertised and promoted that both units were available for lease.

Although Mr. Pagones has been removed from any further dealings involving 1622 Wisconsin Ave it appears as though this has provided me with little relief. During our conversation yesterday you stated that the lower level unit is not available and further more that it was **never** available for lease and Ms. White had no idea that Chatel Real Estate was ever listing that space as available. The additional monthly fee of $200 will be assessed for taxes so once again, I am willing to accommodate that demand of Ms. White. I agree to sign a new commercial lease agreement reflecting the rental of only the main level commercial space located at 1622 Wisconsin Ave and furnish an additional $200 in rent per month for taxes. In addition, I agree to sign the commercial lease in my name and not that of Bratton Realty, LLC. and will have my tax accountant supply you with addition financial data demonstrating my unquestionable ability to afford the space. However, I am unwilling to meet your request to remove my option of First Right of Refusal. I feel that I have been more than accommodating and patient throughout this whole process. I can find no justifiable reason why I should be excluded from the right to purchase 1622 Wisconsin Ave. should your client present it for sale during the term of the Commercial Lease Agreement.

Please don't hesitate to contact me if you have any questions or would like to discuss this matter in further detail. I may be reached directly at 202.744.2642. I insist that these lease be signed and ratified by all parties by close of business today.

Sincerely,

John H. Bratton