UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON**<br><br>Plaintiff<br><br>v.<br><br>**CHATEL REAL ESTATE, INC, et al.**<br><br>Defendants. | Case No.: 1: 06CV00694<br><br>Honorable John D. Bates |

### DEFENDANTS CHATEL REAL ESTATE'S AND THIERRY LIVERMAN'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants Chatel Real Estate, Inc., and Thierry Liverman (collectively "Defendants"), by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure and the Rules of this Court, hereby respond to the Plaintiff John Bratton's ("Plaintiff" or "Bratton") first set of interrogatories as follows, with the numbered paragraphs of Defendants response corresponding to the numbered paragraphs of Plaintiff's interrogatories:

### GENERAL OBJECTIONS

(a)  The information supplied in these answers is not based solely upon the knowledge of the executing parties, but includes knowledge of the party's agents, representatives, and attorneys, unless privileged.

(b)  The word usage and sentence structure is that of the attorney who in fact prepared these answers and the language does not purport to be the exact language of the executing parties.

(c)  Defendants generally object to these Interrogatories to the extent that Plaintiff seeks information that is not discoverable under the Rules.

(d)  Defendants assume that Plaintiff is not seeking to obtain information protected by the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection or restriction. To the extent that Plaintiff seeks information protected by such privileges, Defendants assert such privileges to their fullest extent and, accordingly, will not provide such information.



PLAINTIFF'S EXHIBIT 16

and information submitted (and not submitted) by the applicants; Plaintiff's communications with the Defendants and their agents or employees; Chatel's communications with her; and Plaintiff's compliance and lack of compliance with the provisions of his lease. Ms. White also has information concerning the basis of her leasing decisions regarding this property, and the lack of any racial animus or discrimination by Defendants as alleged in the Amended Complaint. This witness can be reached through her counsel.

Barrett Anderson, 1622 Wisconsin Ave. N.W., Washington, DC 20007. This witness is an office assistant to Ms. White, and may have information regarding the events that gave rise to this claim, including, but not limited to, the owner's efforts to lease the subject property; all applicants' and other interested parties' attempts to lease the subject property, or inquiries concerning the property; the documents and information submitted (and not submitted) by the applicants; Plaintiff's communications with the Defendants and their agents or employees; Chatel's communications with the owner; the owner's leasing decisions regarding this property, and the lack of any racial animus or discrimination by Defendants as alleged in the Amended Complaint. This witness can be reached the owner's defense counsel.

Roberta Medlin, 1421 29th Street, N.W., Washington, DC 20007. Ms. Medlin, an applicant to lease the property that is the subject of this litigation, may have information regarding the events that gave rise to this claim, including, but not limited to, her attempts to lease the subject property; the documents and information submitted (and not submitted) when attempting to lease the property; her communications with the Defendants and their agents or employees.

John Gordon Forester, Jr., Esquire; 1914 Sunderland Place, NW, Washington, DC 20036; This witness may have information regarding the events that gave rise to this claim, including, but not limited to, the owner's negotiations with Plaintiff that resulted in the lease between those two parties, as well as the terms thereof. 202-293-3353.

**INTERROGATORY NO. 6: Explain why Chatel rejected John Bratton's attempts to lease the Property (as defined in Paragraph 14 of the definitions above) from October 6, 2005 to October 12, 2005. With respect to your answer to this interrogatory:**
    **A.    Identify each person on whose testimony you will or may rely in support of this answer;**
    **B.    Identify each document on which you will or may rely in support of this answer;**

ANSWER: Defendants object to this request as they does not concede that "Chatel rejected John Bratton's attempts to lease the Property." Subject to and without waiving this objection, Defendants answer that Defendant Mary White is the owner of property located at 1622 Wisconsin Avenue. In the summer of 2005, Ms. White decided to lease the ground floor and basement of the Property. She retained the Insureds to find tenants for the Property and, in July 2005, both portions of the Property were listed in the MRIS

computer as available for lease. After a brief period with no real interest, in September 2005, at least two candidates expressed interest in the Property. These candidates were jewelry store operator Roberta Medlin ("Ms. Medlin") and Claimant John Bratton.

On October 6, 2006, Claimant came to the Chatel offices and indicated to Chatel employee John Pagones that he was interested in leasing the property. Inasmuch as Mr. Pagones primarily dealt with residential leases, he was unable to provide a blank, or form, commercial lease and rental application at that time. Nevertheless, Mr. Bratton offered Mr. Pagones checks totaling $5,000 to secure his right to lease the Property. Mr. Pagones noted that he could not accept the checks without a written lease agreement. The next day, the Claimant returned to submit an "offer" to rent the Property, consisting of a draft lease agreement the Claimant himself had drafted, two checks intended to cover the security deposit and first month's rent, and a list of properties with which he was involved.

When presented with Bratton's "offer," Ms. White indicated that Claimant would need to complete a standard commercial lease agreement (as opposed to the one he had drafted) and a complete rental application so that she could research his credit history. On October 10, Mr. Pagones provided Claimant with the necessary documents. Although, the Claimant submitted the completed rental application and a standard lease agreement on October 11, he amended the agreement to grant himself a right of first refusal and a right of renewal, neither of which had been offered by the owner. Additionally, although he previously had expressed interest in only the main level, he now included the basement as part of the draft lease.

Around this same time, Ms. Medlin viewed the Property. On October 11th, she also submitted an offer to lease the property, including a rental application, draft lease on an unaltered Chatel form and check for first month's rent and security deposit. Around this same time, apparently because there were multiple applicants for the property, Ms. White decided that any lessee would be responsible for a portion of the property taxes. In addition, Ms. White also decided that she no longer wished to lease the basement, as she determined that she needed it for her own purposes.

On October 12, once a comparable set of documents had been received by from both tenant candidates, Ms. White met with Thierry Liverman to choose between the offers. Ms. White reached a decision to lease the Property to Ms. Medlin. Ms. White asserted that there were three bases for her decision: (1) Ms. Medlin was already a property owner in the area, (2) Ms. White preferred the Property be used as a jewelry store rather than a real estate brokerage, and, most significantly, (3) a personal friend had given an extremely favorable reference for Ms. Medlin. On the instruction of Ms. White, Thierry Liverman called John Bratton at 5:30 on October 12 and told him that Ms. White was selecting the other candidate.


I SOLEMNLY AFFIRM UNDER PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

By: _____
Thierry Liverman
Chatel Real Esate, Inc

Respectfully submitted,

**CHATEL REAL ESTATE and THIERRY LIVERMAN**
By counsel:

_____
Matthew A. Ranck, Esquire (DC Bar # 484983)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696
*Counsel for Defendants*
*Chatel Real Estate, Inc. and Thierry Liverman*