UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON** | |
| Plaintiff | |
| v. | Case No.: 06-CV-00694 (JDB) |
| **CHATEL REAL ESTATE, INC**. and **THIERRY LIVERMAN** and **MARY WHITE** | The Honorable John D. Bates |
| Defendants | |

### DEFENDANT MARY WHITE'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND

Defendant, Mary White, by her attorney, Robert H. Bouse, Jr., hereby submits this Memorandum in opposition to Plaintiff's Second Motion for Leave to Amend, and, in support thereof, states as follows:

I. **STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE**

In the Memorandum in support of his Second Motion for Leave to Amend, Plaintiff has included a Statement of Facts over eight pages in length.  These facts are almost entirely in dispute.  Indeed, many of these facts make up the basis of the primary dispute in this case.  Nevertheless, they are irrelevant to the issue of whether Plaintiff should be permitted to amend his Complaint for a second time.

II. **PROCEDURAL POSTURE**

Plaintiff, John Bratton, is a real estate broker and the owner of Bratton Realty, LLC. (Compl., ¶ 8). On April 18, 2006, Plaintiff filed suit against Chatel Real Estate, Inc. ("Chatel"), Thierry Liverman ("Mr. Liverman") and Mary White ("Ms. White") for alleged race-based discrimination arising out of Plaintiff's lease of commercial property as office space for Bratton Realty, LLC. (Compl., ¶ 28). Suit was filed on behalf of just one plaintiff, John Bratton, individually. Despite its intimate involvement in the facts underlying this litigation, Bratton Realty, LLC has never been a plaintiff. (See Compl.)

In response to Plaintiff's initial Complaint, co-Defendants Chatel and Mr. Liverman moved to dismiss the claims for lack of subject matter jurisdiction because Plaintiff had already filed a Complaint with the District of Columbia Office of Human Rights seeking relief under the D.C. Human Rights Act. (See Memorandum in Support of Motion to Dismiss, p. 1). Acknowledging his error, Plaintiff moved the Court for leave so that he could close the administrative claim and amend his civil Complaint. (See Plaintiff's Motion to Partial Consent Motion to Amend).

The Court granted Plaintiff's motion, and on May 18, 2006, after the Office of Human Rights closed Plaintiff's administrative complaint, Plaintiff filed a First Amended Complaint. (See First Am. Compl.). The new complaint was substantially the same as the original, and, again, was brought only in the name of John Bratton, individually. (Id.)

On February 12, 2007, co-Defendants Chatel and Mr. Liverman filed a First Motion for Summary Judgment, alleging that John Bratton's involvement with the Defendants was solely in his capacity as owner and representative of Bratton Realty, LLC

and that, accordingly, John Bratton lacked individual standing to sue under either the U.S. Civil Rights Act or the D.C. Human Rights Act. (See Chatel's First Motion for Summary Judgment). On February 16, 2007, Ms. White filed her own First Motion for Summary Judgment, or in the Alternative, To Dismiss also arguing that John Bratton lacked individual standing to sue. (See White's First Motion for Summary Judgment). Plaintiff opposed those motions on February 23, 2007 and February 27, 2007 and both Defendants filed reply memoranda shortly thereafter. After all pleadings related to the Defendants' Motions for Summary Judgment were filed and presumably in an attempt to cure his legal deficiency, Plaintiff moved the Court for leave to amend his Complaint for a second time so that he may add an entirely new party as a plaintiff in this suit.

III. **ARGUMENT**

   a. *Plaintiff Should Not Be Permitted to Add Bratton Realty, LLC as a Plaintiff in this Case.*

The basis of Plaintiff's argument with respect to adding Bratton Realty, LLC as a Plaintiff is that the courts have adopted a liberal amendment policy and that such an amendment would not prejudice the Defendants. (Plaintiff's Motion for Leave to Amend, p. 13). Though the general rules of pleading may be liberal, such an allowance in this case would significantly prejudice the Defendant and should not be permitted.

Though leave to amend is generally to be granted, where the proposed amendment "would result in defendant being put to added expense and the burden of a more complicated and lengthy trial … leave to amend may well be denied." 6 Wright & Miller, Federal Practice and Procedure § 1487, at 429-30 (1971) (footnote omitted). In making the discretionary determination of whether leave should be denied, the Court is to

3

consider factors such as bad faith, undue delay, dilatory motive or undue prejudice operate and whether the moving party's behavior is said to have included such factors. See Williams v. Norfolk Southern Ry. Co., 126 F.Supp.2d 986, 994 (W.D. Va. 2000); Kuhn v. Philadelphia Elec. Co., 85 F.R.D. 86, 88 (E.D. Pa. 1979). In addition, the Court is to consider the number of amendment requests, the length of the pendency of the trial, the number of previous continuances and the existence of prejudice to the defendant. See Bennett v. Fun & Fitness of Silver Hill, Inc., 434 A.2d 476, 478 (D.C. 1981).

Plaintiff states in his Motion that the economic damages suffered by Bratton Realty, LLC are unique and different from those suffered by John Bratton. Assuming, for the sake of argument, that such a position was supported by the facts, it would actually work in favor of Defendant's position that amendment at this late stage would be unduly prejudicial.

In this case, Plaintiffs filed suit almost one year ago, in April 2006. Since that time, the parties have been mutually engaged in significant discovery, having taken multiple depositions and exchanged considerable written discovery. During that time, Ms. White has defended her case under the reasonable assumption that the allegations were brought on behalf of John Bratton based on his own, individual, alleged damages. Because Bratton Realty has never been a party and because Plaintiff never advised that Bratton Realty might be added as a party, Defendant has not focused or otherwise pursued discovery with respect to Bratton Realty's claims or allegations of injury. Plaintiff now alleges that Bratton Realty suffered separate and distinct damages which relate, in detail, to its business income, community good will and location. In defending

her case, Defendant is entitled to explore each of these factors to determine their legitimacy. Here, that would require deposing Bratton Realty, see Fed.R.Civ.P. 30(b)(6), requesting financial documents, balance sheets and accounting records, and employing experts to examine and analyze those items.

If the Court grants Plaintiff's motion and permits Bratton Realty to be added as a plaintiff, Defendant will be unduly prejudiced in that she will be required to expend significant time and resources to undertaking this additional discovery considering that discovery in this case has already closed. If these additional discovery strategies were not permitted, Defendant would be forced to proceed to trial in, as Plaintiff termed it, "a blind state." (Plaintiff's Motion, p. 12.). Under either circumstance, adding Bratton Realty will delay Ms. White's right to a timely adjudication of Plaintiff's claims and cause her to incur considerable time and costs in addition to the significant costs already expended in this case.

In addition to the unnecessary prejudice which would result from granting Plaintiff's motion, the delay factor also weighs against Plaintiff's motion. See U.S. v. Midwest Suspension and Brake, 49 F.3d 1197, 1202 (6th Cir. 1995) ("Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality.") Throughout his motion, Plaintiff fails to explain or even address why he waited a year to amend his complaint in this way.[1]

---

[1] As co-Defendants Chatel and Mr. Liverman appropriately state, "misconception of law is not an excuse for the late presentation of an alternative theory of recovery. No reason is shown why [plaintiff] could not have presented its alternative theory initially." Troxel Mfg. Co. v. Schwinn Bicycle Co., 489 F.2d 968, 971 (6th Cir. 1973).

5

Despite knowing from the start that Bratton Realty, LLC played an intimate role in the facts underlying this litigation and despite having had the opportunity to bring suit on behalf of both Bratton Realty and John Bratton, Plaintiff pursued his case for almost one year without involving Bratton Realty. Plaintiff could have included Bratton Realty as a plaintiff when he initially filed suit in April 2006, and could have amended to add Bratton Realty when the Complaint was amended for the first time one month later.

Instead, Plaintiff waited almost one year before requesting leave to amend, waiting until all significant discovery in this case had occurred, until Defendants had expended considerable time, money and resources, and until Defendants moved the Court to dismiss Plaintiff's claims. To grant Plaintiff's motion would be to permit his unnecessary and unwarranted delay to work in to his benefit.

    b. ***If Plaintiff is Permitted to Add Mary White, Inc. as a Defendant, the Court Should Strike Mary White, Individually As a Defendant.***

Plaintiff devotes a significant portion of his Motion attempting to impugn Ms. White's counsel for delay in providing a copy of Ms. White's policy of insurance, going so far as to allege that Ms. White's counsel has acted egregiously, misleadingly and in bad faith. (Plaintiff's Motion, pp. 11-12, 15-16). In Plaintiff's own words, Defendant's "egregious delay in producing the Hartford insurance policy effectively resulted in plaintiff litigating this action in a blind state." (Plaintiff's Motion, p. 12).

Had Plaintiff's counsel taken the opportunity to discuss this matter with Ms. White's counsel, he would have learned that Ms. White does not object to this amendment. Indeed, Ms. White's counsel represented that there was "no issue" with respect to whom the policy of insurance applies only because despite the fact that the

insurance policy names Mary White, Inc., Mary White would have been acting in her role as an agent of Mary White, Inc., and the carrier is defending the case. There was certainly no nefarious or otherwise misleading motive behind that representation.

However, in the event that the Court permits Plaintiff to add Mary White, Inc. as a defendant, Ms. White respectfully requests that she be dismissed or stricken as a defendant in her individual capacity. Plaintiff is not in a position to object to this request, as the Plaintiff has represented to the Court the following:

> Mary White was acting within the scope of her duties as the owner and officer of Mary White, Inc. in connection with leasing the 1622 Wisconsin Avenue Property to plaintiff.
>
> \* \* \*
>
> Mary White, in her capacity as the owner and officer of Mary White, Inc., hired Chatel Real Estate, Inc. and John Pagones as her broker and listing agent for purposes of leasing the Property, while acting fully within the scope of her employment with Mary White, Inc.
>
> \* \* \*
>
> All these activities were conducted by Mary White in the course of her duties as the owner and officer of Mary White, Inc. in facilitating the closing down of her business and accelerating the leasing of the 1622 Wisconsin Avenue Property.

(Plaintiff's Motion, pp. 8, 10-11).

IV. **CONCLUSION**

Plaintiff has had many opportunities to add other parties as either plaintiffs or defendants. Despite express knowledge of the existence of these additional parties and their involvement in the underlying facts, he knowingly and intelligently failed to add them. This Court should not allow Plaintiff to use his own delay to prejudice the

Defendants by granting this untimely and nonmeritorious request. For all the foregoing reasons, Defendant, Mary White respectfully requests that this Court deny Plaintiff's Second Motion for Leave to Amend. In the event, though, that Plaintiff is permitted to add Mary White, Inc. as a defendant, Ms. White respectfully requests that she be dismissed or stricken from the case in her individual capacity.

_____/s/_____
Robert H. Bouse, Jr. (Bar #MD01926)
ANDERSON, COE & KING, LLP
201 North Charles Street, Suite 2000
Baltimore, Maryland 21201
Telephone:  410-752-1630
Fax:  410-752-0085
*Attorney for Mary White*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 28th day of March 2007 a copy of the foregoing Motion was served by electronic mail upon:

Stefan Shaibani, Esquire
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
Suite 900
Washington, D.C. 20036
*Attorney for Plaintiff John Bratton*

Matthew A. Ranck, Esquire
Nicholas B. Reuhs, Esquire
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
*Attorneys for Defendants, Chatel*
*Real Estate, Inc. and Thierry Liverman*


                                          _____/s/_____
                                          Robert H. Bouse, Jr. (Bar #MD01926)