UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON**<br><br>    Plaintiff<br><br>v.<br><br>**CHATEL REAL ESTATE, INC, et al**<br><br>    Defendants. | Case No.: 1: 06CV00694<br><br>**ORAL HEARING REQUESTED**<br><br>Hon. John D. Bates |

### DEFENDANTS CHATEL REAL ESTATE, INC AND THIERRY LIVERMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Defendants Chatel Real Estate, Inc. ("Chatel") and Thierry Liverman ("Liverman")(collectively the "Chatel Defendants"), by and through their undersigned counsel, submit the following Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to Amend and state as follows:

### I. INTRODUCTION

Plaintiff John Bratton ("Plaintiff") is the owner and president of Bratton Realty, LLC ("Bratton Realty"). Bratton Realty is a Limited Liability Company that was formed under the laws of the District of Columbia in September 2003. As such, both Plaintiff and Bratton Realty are recognized as distinct legal entities in the eyes of the District and of this Court. Presumably well aware that each had separate rights and could bring separate causes of action, in February 2006, the instant discrimination claim was filed only on behalf of John Bratton. Over the past 13 months, the parties have engaged in written discovery and taken substantial deposition testimony. However, as Bratton

Realty was not a party, a 30(b)(6) deposition was never taken nor was any written discovery ever directed to Bratton Realty.

Near the close of discovery, it became clear that Mr. Bratton suffered no damages and that, in fact, he lacked standing to assert this claim.[1] As such, the Chatel Defendants filed a Motion for Summary Judgment based on Plaintiff's lack of standing. In his Opposition, Plaintiff conceded that any damages suffered by Bratton Realty were distinct from those that he claims individually,[2] and was able to enumerate only illusory categories of damages attributable to himself.[3] In an attempt to cure this deficiency and save his case, Plaintiff files the instant Motion to Amend his Complaint to *add* Bratton Realty as a party. *Id.* Thus, what Plaintiff has requested is much more than correcting a misidentified party. He is asking that *an entirely new party* with distinct rights, claims and alleged damages be allowed to join this litigation at this advanced stage. Under the circumstances, to allow this amendment would be highly prejudicial to the Chatel Defendants.

## II. ARGUMENT

As plaintiff correctly notes in his Motion, Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." According to the Supreme Court, a district court should grant leave to amend a complaint "in the absence of any apparent or declared reason--such as undue delay...[or]...undue prejudice to the opposing party by virtue of allowance of the amendment..." *Foman v. Davis,* 371 U.S. 178, 182, 83

---

[1] As explained in Defendant's First Motion for Summary Judgment, it is a fundamental premise that the president, employees or shareholders of a corporation have no standing to bring a lawsuit for injuries sustained by the corporation. As such, Plaintiff could only have standing if he suffered substantial injuries that were distinct from those suffered by his corporation. He has not.

[2] *See* Plaintiff's Memorandum in Opposition to Chatel Defendants' First Motion for Summary Judgment, at 21.

[3] *See* Chatel Defendants' Reply in Support of First Motion for Summary Judgment, at 5-6 (arguing that John Bratton has suffered no actual damages)

S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). "Within these bounds," however, "a district court has discretion to grant or deny leave to amend under Rule 15(a)." *Atchinson v. District of Columbia*, 315 U.S. App. D.C. 318, 426 (D.C. Cir. 1996). Here, the Chatel Defendants filed a Motion for Summary Judgment arguing that Plaintiff lacks standing to assert the instant claim. Facing the prospect of dismissal, Plaintiff attempts to amend his Complaint to add the *correct* plaintiff. This request, however, comes at the eleventh hour in a transparent attempt to save this lawsuit and the fee claim associated, and would clearly result in prejudice to the Defendants. As such, Plaintiff's Motion should be denied.

Significantly, *Plaintiff has offered no explanation whatsoever for his one-year delay in seeking this significant amendment*. As such, it is squarely within this court's discretion to disallow the amendment. See e.g., *McKnight v Kimberly Clark Corp.*, 149 F3d 1125, 1130 (10th Cir. 1998). In *McKnight,* a plaintiff sought to amend his complaint after the discovery cut off and a full year after the date of the initial pleading. *Id.* The court noted that discovery would have to be reopened if the complaint was amended and that it appeared that the plaintiff was aware of all the information on which his amendment was based prior to filing the original complaint, but offered no explanation for the undue delay. *Id.* As such, the court found that allowing the amendment would amount to undue prejudice. *Id.* Indeed, courts have routinely found undue prejudice in situations where the proposed amendment will result in the defendant being put to added expense, see *Kuhn v Philadelphia Electric Co.,* 85 FRD 86, 87-88 (1979, ED Pa) or when discovery is closed and new parties are sought to be added*, see e.g., Caldwell v Moore*,

3

968 F2d 595, 598-99 (6th Cir. 1992); *see also, Atchinson v District of Columbia*, 73 F3d 418 (D.C. Cir. 1996). This is just such a case and undue prejudice clearly exists.[4]

Indeed, allowing Plaintiff to amend his Complaint at this stage of the litigation would also be highly prejudicial, as Defendants would incur unnecessarily duplicative expenses. While Bratton Realty's claims arise from the same occurrences as alleged by Mr. Bratton individually, they are vastly different claims, as the categories of damages that Bratton Realty allegedly suffered are separate and distinct from those allegedly suffered by Mr. Bratton. Indeed, Plaintiff explains in his Opposition to Defendants' First Motion for Summary Judgment that Bratton Realty has suffered *unique* damages including "relocation expenses" and "lost profits and loss of good will from having to move the business from 1622 Wisconsin Avenue to a less prestigious location."[5] The speculative nature of such damages aside, these damages were (as Plaintiff concedes) allegedly suffered by non-party Bratton Realty and *not the Plaintiff*. As such, Defendant has taken no discovery regarding these claims.

In light of the above, allowing Plaintiff to add Bratton Realty and these new damage claims would require Defendants to (1) seek written discovery regarding the basis for these damages; (2) request and review complete sales, revenue and other financial records from Bratton Realty; (3) request and review marketing budgets and plans[6]; (4) retain one or more experts to review Bratton Realty's financial records and testify regarding the alleged lost profits, relocation expenses and the goodwill value of

---

[4] To the extent that this delay was precipitated by Plaintiff's confusion regarding standing principals under the civil rights statutes, it should be noted that "misconception of law is not an excuse for late presentation of an alternate theory of recovery." *Troxel Mfg. Co. v Schwinn Bicycle Co.*, 489 F2d 968, 971 (6th Cir. 1973).

[5] *See* Plaintiff's Memorandum in Opposition to Chatel Defendants' First Motion for Summary Judgment, at 21.

[6] *See* Plaintiff Motion for Leave to Amend Expert Report, at 3 (explaining that the alleged damages associated with relocation includes "creation of new advertisements and letterhead")

the property[7]; (5) investigate the viability of alternative locations and the costs associated with relocation; (6) take the Rule 30(b)(6) deposition of Bratton Realty; (7) redepose Plaintiff's expert; (8) redepose Plaintiff; and (9) depose Bratton Realty employees/agents[8]. Because the expenses associated with this discovery would have been significantly less if conducted in concert with the discovery of Plaintiff's original claims, Defendants will now forced to incur unnecessarily duplicative expenses.

Moreoever, Plaintiff's counsel has represented that in excess of one-hundred thousand dollars in legal fees have been generated in connection with this claim and that he expects fees to exceed two-hundred thousand dollars by the close of trial. Defendants respectfully suggest that the recoverability of these fees is the driving force behind the instant motion. In this regard, as the collectible damages actually alleged are deminimus, the lionshare of any potential recovery in this case would be associated with Plaintiff's fee claim. Significantly, these fees have been generated on behalf of, and incurred by, John Bratton *and not Bratton Realty. See* Exhibit 1, Fee Agreement. This means that all fees to date have been generated on behalf of a party *who has suffered no damages and who arguably had no standing to bring this suit in the first instance.* Seperate resolution of the claims by Bratton Realty and John Bratton will ensure that those fees generated on behalf John Bratton will ultimately meet the same fate as his claim. On the other hand, allowing this amendment and essentially merging the two parties' claims will blur this fee claim as Plaintiff will undoubtedly seek to allow Bratton Realty to recover fees wrongfully incurred on behalf of John Bratton's meritless claim. As such, to the

---

[7] Calculating the goodwill value of the property alone would likely require the retention of an economist who will need to review years of financial data from Bratton Realty and other realtors.
[8] For instance, Defendant would need to explore issues such as whether the office's current location provides a significant percentage of their sales leads.

extent that this amendment would allow Bratton Realty to join in Plainttiff's fee claim and recover any fees meritlessly generated to date on behalf of Mr. Bratton, it is highly prejudicial to Defendants.

### III. CONCLUSION

WHEREFORE, for the reasons stated herein, Defendants Chatel Real Estate and Thierry Liverman respectfully request that the deny Plaintiff's Motion for Leave to Amend.

                                        Respectfully Submitted,

                                        **CHATEL REAL ESTATE, INC and THIERRY LIVERMAN**

By: _____/s/_____
Matthew A. Ranck, Esq. (DC Bar # 484983)
Nicholas B. Reuhs, Esq. (DC Bar # 500005)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696 (telephone)
*Counsel for Defendants Chatel Real Estate, Inc. and Thierry Liverman*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 29th day of March 2007, a true copy of the foregoing was served by electronic mail upon:

**Stefan Shaibani**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
*Counsel for Plaintiff*

**Robert H. Bouse, Jr.**
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201
*Counsel for Defendant Mary White*

                                                                   /s/
                                          Matthew A. Ranck, Esq.