## AMENDED AND CORRECTED FEE AGREEMENT

This Amended and Corrected Fee Agreement ("agreement") is made by and between Litigation Associate, PLLC, and John Bratton ("you" or "client").

WHEREAS, the parties entered into a fee agreement on April 10, 2006;

WHEREAS, the April 10, 2006 fee agreement contained an error in that it made the attorney fees obtained in the case a portion of the ultimate recovery subject to the 40/60 split in favor of Client;

WHEREAS, Client recognizes the aforementioned mistake in the April 10, 2006 fee agreement;

WHEREAS, Litigation Associate, PLLC has thus far spent over 450 hours of attorney and paralegal time on this case;

WHEREAS, Litigation Associate, PLLC has thus far incurred over $6,000 of out-of-pocket costs in this case;

WHEREAS, Litigation Associate, PLLC will incur significant additional attorney and paralegal time and out-of-pocket costs in this case.

NOW, THEREFORE, in consideration for $1 paid by Litigation Associate, PLLC to Client on this day and for other valuable consideration, the parties agree to the following terms and conditions:

1. **SCOPE OF REPRESENTATION.**

The scope of representation which Litigation Associate, PLLC will undertake upon receipt of a signed copy of this agreement is limited to your civil rights action against Chatel Real Estate, Inc., Thierry Liverman, and Mary White ("defendants") arising from their discriminatory denial of a commercial lease agreement, including related claims pertaining to the District of Columbia Human Rights Act.

2. **BASIS FOR CHARGING LEGAL FEES.**

The representation will be handled on a contingency basis as set forth herein. Litigation Associate, PLLC shall receive "the greater of (a) 60% of the attorney's fees awarded in a settlement or judgment plus 40% of the damages awarded in a settlement or judgment, or (b) 40% of the ultimate recovery obtained in the form of a settlement or judgment, inclusive of an award of attorney fees." The Client shall receive the remainder after deducting the firm's expenses.

Stefan Shaibani's hourly rate is $300 per hour. Litigation Associate, PLLC charges $125 per hour for its paralegals. If other attorneys and staff are assigned to the case, their prevailing hourly rates will be applied.

The fees charged to Client will be the portion of the ultimate recovery as set forth above obtained from defendants either in the form of a settlement or judgment resulting in collection of money, personal property, real estate, or anything of value, as calculated after deduction of expenses incurred by us. Expenses will be fronted by Litigation Associate, PLLC and subsequently deducted from the recovery. Expenses include but are

not exclusive to filing fees, service of process and subpoenas, investigative, courier charges, legal research on Westlaw, court reporter and transcript costs, photocopying, facsimiles, long distance and international telephone calls, staff overtime, parking fees, costs imposed by the Court in the form of sanctions and otherwise, travel, and expert witness fees. The rates for these expenses will be set by Litigation Associate, PLLC as charged to other clients of the firm. In the event the recovery is in the form of non-monetary assets, the fair market value of the property recovered at the date received shall form the basis upon which the aforementioned split of the recovery will be calculated.

You acknowledge that the foregoing contingency is not set by law, but is negotiable, and has been negotiated, by and between Litigation Associate, PLLC and you. This arrangement does not obligate us to pursue an appeal or retrial, whether the outcome of the litigation is adverse or not adverse to you.

3. **UNPREDICTABILITY OF COSTS.**
Regrettably, it is virtually impossible to estimate the total out of pocket costs that will be incurred in your case. That will depend upon a variety of factors, including whether hearings, discovery, or a trial will be necessary, the nature and complexity of the issues involved, the need for expert witnesses, and the degree of cooperation afforded by you, the opposing parties, and the opposing counsel.

4. **IMPOSSIBILITY OF GUARANTEEING RESULTS.**
We cannot guarantee the results that will be obtained in your case. The outcome of your case depends upon a variety of factors, including the facts of your case, the applicable law, the judge, the jury, and the willingness of you, the opposing parties, and the opposing counsel to settle the dispute.

You understand that we have made no promises or guarantees to you concerning the outcome of this litigation and cannot do so. Nothing in this representation shall be construed as such a promise or guarantee.

5. **FULL DISCLOSURE.**
In order to enable us to render legal services effectively, you have agreed to disclose fully and accurately all facts and have agreed to keep us apprised of all developments relating to this matter.

6. **TELEPHONE CALLS AND MESSAGES.**
There will be times when I will be in court, in meetings, or otherwise unavailable to answer your call. In those instances, please leave a message at 202-862-4335 and I will return your call as soon as possible. You may also email me. Please remember that much of my time is spent in meetings and in court. Therefore, I may not be able to respond to your inquiry immediately.

7. **RESPONSIBILITIES OF CLIENT.**
Your involvement in your case is extremely important in achieving the best outcome. We may call upon you to respond to questionnaires, identify witnesses and evidence, gather and submit documents, or prepare for deposition and trial. Your diligence, cooperation, and prompt attention in conducting such matters will be necessary to assure proper representation.

You therefore agree to fully cooperate with us, to assist us as much as we believe necessary, and to be available to attend meetings, discovery proceedings, hearings, and trial.

8. **SETTLEMENT.**
We are authorized to negotiate settlements pertaining to your claims, but you have the final decision on whether to accept a settlement offer. Any settlement offer will be promptly conveyed to you with our recommendation for acceptance or rejection.

9. **TERMINATION OF REPRESENTATION.**
In the following circumstances, we have the right to withdraw from representing you upon giving you reasonable notice to enable you to secure other counsel:

(a) If you fail to cooperate in the preparation and presentation of your claims or otherwise breach this agreement;

(b) If you reject a settlement or compromise recommended by us, which we believe would impede our continued representation;

(c) If, for professional or ethical reasons, we cannot proceed with our representation.

If we elect to withdraw, you will take all steps necessary to free us from any obligation to perform additional services, including the execution of any documents necessary to complete our withdrawal.

You have the right to discharge us at any time by giving us reasonable notice. In the event you discharge us, we will be entitled to the proceeds of any settlement or recovery obtained in your case, the minimum of which would be to reimburse us for the attorney fees and expenses incurred in representing you from the inception of the case to the date of discharge, as determined by applicable law.

10. **ENTIRE AGREEMENT.** This Amended and Corrected Fee Agreement constitutes the entire agreement between the parties with regard to the subject matter hereof, and replaces and supersedes all other agreements or understandings, whether written or oral. No amendment or extension of this agreement shall be binding unless in writing and signed by both parties.

11. **ASSIGNMENT.** This agreement shall be binding upon and shall inure to the benefit of the parties and their successors and assigns.

12. **GOVERNING LAW & SEVERABILITY.** This agreement shall be governed by the laws of the District of Columbia. Any disputes arising from this agreement shall be adjudicated by District of Columbia courts. The invalidity or unenforceability of any provision of this agreement shall not affect the validity or enforceability of any other provision.

The parties, John Bratton and Litigation Associate, PLLC, agree to abide by the terms of this Amended and Corrected Fee Agreement:


Dated: October _____, 2006              _____
                                        John Bratton



Dated: October _____, 2006              _____
                                        Stefan Shaibani
                                        For Litigation Associate, PLLC