UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BRATTON<br><br>    Plaintiff<br><br>v.<br><br>CHATEL REAL ESTATE, INC, et al<br><br>    Defendants. | Case No.: 1: 06CV00694<br><br>**ORAL HEARING REQUESTED**<br><br>Hon. John D. Bates |

### DEFENDANTS CHATEL REAL ESTATE, INC AND THIERRY LIVERMAN'S REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S EXPERT

Defendants Chatel Real Estate, Inc. and Thierry Liverman (collectively "Defendants") by and through their undersigned counsel, hereby file this Reply in support of their Motion to Strike Plaintiff's Expert, and state as follows:

### I. BACKGROUND

On October 20, 2006, Plaintiff filed a report pursuant to Rule 26(a)(2) designating Thomas J. Lynch as his sole expert witness. Although 27 pages long, the report essentially offers only the opinion that Defendants "discriminated in violation of the [Federal Civil Rights Act] and the District of Columbia Human Rights Act." *See Motion Exhibit 1,* Report of Thomas J. Lynch, at 27.

November 27, 2006 was the deadline for Defendants to designate their own expert. Seeing nothing in Mr. Lynch's report that required expert testimony to refute, Defendants declined to designate an expert witness.

On February 9, 2007, Defendants deposed Plaintiff's expert, Mr. Lynch. During this deposition, Plaintiff's counsel indicated that Mr. Lynch would now be testifying

1

regarding the categories and amount of damages allegedly suffered by Plaintiff. However, because opinions on this subject had not been expressed in his report, Defendants were unprepared to take testimony on these opinions and refused to due so. Following the deposition, Defendants filed the instant motion seeking to exclude Mr. Lynch's testimony, as it consisted solely of impermissible legal conclusions. At about this same time, Plaintiff filed a motion for leave to expand its expert report to include opinions on Plaintiffs' damages.

## II. ARGUMENT

Curiously, in response to Defendants' Motion to Strike Plaintiff's Expert, Defendant does not appear to refute Defendants' argument that the opinions expressed in Mr. Lynch's report amount to impermissible legal conclusions. Instead, "***Plaintiff stipulates to the exclusion of [this] report***."[1] Despite this stipulation, "Plaintiff insists that the intended testimony of Mr. Lynch, as set forth in his deposition testimony (taken during two days) and as described [in his Opposition to the instant Motion], should be admitted at trial."[2] Significantly, this conclusion and, indeed, Plaintiff's request for relief is not accompanied by any substantial explanation, justification or excuse as to why he produced a 27-page report that he agrees must be excluded, or why he failed to elicit in the first instance, the opinions he now seeks.

Moreover, the relief Plaintiff request is in contravention to the rules. Rule 26(a)(2) "obligates litigants to disclose information concerning their experts sufficiently prior to trial to afford their adversaries time within which to prepare an effective cross-examination." *ABB Air Preheater v. Regenerative Envtl. Equip. Co.*, 167 F.R.D. 668, 671

---

[1] *See Plaintiff's Opposition to Defendants Motion to Strike Plaintiff's Expert,* at 10 (emphasis added)
[2] *Id.*

2

(1996). Specifically, Rule 26 requires, "the submission by any testifying expert of a detailed report concerning the testimony which the expert expects to deliver." *Id.* Compliance with the Rule *"is thus a condition precedent to the use of expert testimony at trial." Id.*(emphasis added). As Plaintiff appears to be conceding that his report contains impermissible legal conclusions and stipulates to its exclusion, he is left with no report and has thus failed to meet the condition precedent for presenting expert testimony at trial.

Plaintiff seeks to cure this deficiency by pointing Defendants to his expert's deposition testimony and the contents of the instant Opposition.[3] Therein, Plaintiff presents a laundry list of topics upon which he intends to offer expert testimony: "[1] standards of conduct and code of ethics governing real estate brokers, [2] MRIS rules, [3] the terms and conditions of a commercial lease, [4] rights of first refusal, [5] negotiation of the lease at issue, and [6] the economic damages suffered by plaintiff and Bratton Realty, LLC." However, with the exception of the "standards of conduct...governing real estate brokers,"[4] Mr. Lynch's current report *does not include an opinion on any of these*

---

[3] *Id.*

[4] Admittedly, Mr. Lynch's current report does briefly note the duties set forth in the *National Association of Realtors Code of Ethics* and *Modern Real Estate Practice* and concludes that Defendants have discriminated in violation these duties. These texts might be relevant to determine the applicable standard of care applied to realtors or brokers in a negligence claim. They do not, however, carry the weight of law or inform as to whether state or federal civil rights statutes may have been violated. There is no negligence claim before this court and these texts are irrelevant and potentially confusing to a jury whose sole charge is to determine whether clear and unambiguous statutory provisions were violated. As such, opinions related to these texts cannot properly be said to assist the trier of fact. In his Opposition, Plaintiff cites a series of cases which he contends stand for the proposition that expert testimony regarding the standards of conduct and code of ethics governing a particular profession is admissible in a civil rights actions. However, a close examination of these cases reveals that *they do not stand for the general proposition that such testimony is admissible.* Instead, they allow this testimony to help define ambiguous elements of the cause of action. For instance, in all but one of the cases cited by Plaintiff, the defendant had the burden of showing that a certain act or omission was "reasonable." As such, the court allowed testimony regarding standards of conduct to assist the jury in determining reasonableness in the context of the profession. *See e.g, United States v. Mohr*, 318 F.3d 613, 624-25 (4th Cir. 2003) (allowing testimony regarding police practices to determine reasonableness of force used). Here, there is no ambiguous standard and testimony

*subjects.* As Defendants have not yet been provided with Mr. Lynch's opinions on these subjects, they cannot speak to the permissibility, admissibility or relevancy of these new opinions nor can they prepare a rebuttal for trial.

Although Defendants refute Plaintiff's assertion that these new opinions were partially disclosed during deposition, their presentation at deposition would not have excused the failure to provide these opinions as part of a report. *See e.g., Ferriso v. Conway Org, 1995 U.S. Dist. LEXIS 14328, *3 (S.D.N.Y. 1995)* ("the precise requirements of [Rule 26(a)(2)] cannot be mooted by a casual reference in the course of a deposition.") In fact, the commentary to Rule 26 makes clear that the purpose of requiring an expert report is to ensure "that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Fed. R. Civ. P. 26(a)(2)*, 1993 advisory committee's note. Providing deposition testimony after the expert deadline and on subjects which opposing counsel has not been advised certainly does not satisfy this rationale.

To the extent that Plaintiff now wishes to amend his report, Defendants note that allowing such a late amendment, especially when requested without explanation or cause, would be highly prejudicial. Indeed, if Plaintiff is allowed to amend his report, Defendants will need to retain their own expert(s) to refute these new opinions, certain deposition will have to be reopened, and numerous new depositions will be necessary (especially in light of the complex damage opinions Plaintiff seeks to add). Forcing Defendants to investigate and respond to these new opinions at this late date amounts to "trial by ambush." *See Ortiz-Lopez*, 248 F.3d 29, 35 (1st Cir. 2001); ("The purpose of a

---

regarding the Plaintiff's compliance or violation of certain non-binding standards have no bearing on the ultimate determination of whether the relevant statutes were violated. As such testimony on this subject should be excluded.

detailed and complete expert report as contemplated by Rule 26(a)…is, in part, to...prevent an ambush at trial."); *See also, Michelone v. Desmarais*, 25 Fed.Appx. 155, 158 (4th Cir. 2002).

Simply put, "a party that without substantial justification fails to disclose information as required by Rule 26(a) or 26(e)(1)...is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any...information not so disclosed." *Ferriso, 1995 U.S. Dist. LEXIS 14328,* at *3*. As explained in Defendants' Motion, Mr. Lynch's current report offers only opinions amounting to impermissible legal conclusions and must be excluded. Plaintiff seems to agree and seeks to replace that report with new opinions. However, his request is untimely and highly prejudicial. Thus, it should not be permitted.

### III. CONCLUSION

WHEREFORE, for the reasons herein and in Defendants' Motion, Defendants Chatel Real Estate, Inc., and Thierry Liverman respectfully request that their Motion be granted, and that this Honorable Court enter an Order striking Plaintiff's expert witness and excluding his testimony from the trial of this matter.

>Respectfully Submitted,
>
>**CHATEL REAL ESTATE, INC and THIERRY LIVERMAN**
>
>By: /s/ Matthew A. Ranck
>Matthew A. Ranck, Esq. (DC Bar # 484983)
>Nicholas B. Reuhs, Esq. (DC Bar # 500005)
>ECCLESTON & WOLF, P.C.
>2001 S Street, N.W., Suite 310
>Washington, D.C. 20009
>(202) 857-1696 (telephone)
>(202) 857-0762 (facsimile)
>*Counsel for Defendants Chatel Real Estate, Inc. and Thierry Liverman*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March 2007, I caused a copy of the foregoing to be served electronically upon:

**Stefan Shaibani**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
(202) 277-8892
*Counsel for Plaintiff*

**Robert H. Bouse, Jr.**
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201
(410) 752-1630
*Counsel for Defendant Mary White*

>/s/ Matthew A. Ranck
>Matthew A. Ranck, Esq. (DC Bar # 484983)

6