# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON** | &#124; |
| | &#124; |
| Plaintiff | &#124; |
| | &#124; |
| v. | &#124;     Case No.: 06-CV-00694 (JDB) |
| | &#124; |
| **CHATEL REAL ESTATE, INC**. | &#124;     The Honorable John D. Bates |
| | &#124; |
| and | &#124; |
| | &#124; |
| **THIERRY LIVERMAN** | &#124; |
| | &#124; |
| and | &#124; |
| | &#124; |
| **MARY WHITE** | &#124; |
| | &#124; |
| Defendants | &#124; |
| | &#124; |

_____

## DEFENDANT MARY WHITE'S REPLY IN SUPPORT OF HER MOTION TO STRIKE PLAINTIFF'S EXPERT

Defendant, Mary White ("Ms. White"), by her attorney, Robert H. Bouse, Jr., hereby files this Reply Memorandum in support of her Motion to Strike Plaintiff's Expert, and in support thereof, states as follows:

## I.    INTRODUCTION

In his Opposition to Defendant Mary White's Motion to Strike Plaintiff's Expert ("Opposition"), Plaintiff makes two arguments.  First, Plaintiff concedes that the report of his expert, Thomas Lynch, is inadmissible and that it "should be excluded from evidence."  (Id., p. 10).  Plaintiff argues, however, that "the intended testimony of Mr. Lynch, as set forth in his deposition testimony" should be admitted at trial.  (Id.)  Second,

Plaintiff argues that despite the inadmissibility of Lynch's report and opinions contained therein, he is, nevertheless, qualified to provide expert testimony to the jury in the form of his deposition testimony. (Id., pp. 8-10).

It is well settled that expert testimony is only admissible if it will "'assist the trier of fact' in either 'understand[ing] the evidence … or determin[ing] a fact in issue.'" Burkhart v. WMATA, 112 F.3d 1207, 1212 (1997) (quoting FED.R.EVID. 702). "Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect, and thus it is not 'otherwise admissible.'" Id.; Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Weston, 78 F.3d at 684 n.4.

Throughout both his report and deposition testimony, Lynch repeatedly characterizes the standard of care of real estate brokers and salespersons as requiring that they not discriminate on the basis of race. His inability to analyze independently the facts of this case without expressing conclusory legal opinions renders his testimony unhelpful to the trier of fact. Because his testimony fails to meet the requirements of Fed.R.Evid. 702 and 401, and because it would be both legally and practically impossible to separate Lynch's fact-based opinions from his legal conclusions, he should be precluded from testifying as an expert, or in any other capacity, in this case.

## II.    ARGUMENT

### a. Plaintiff Has Conceded That Lynch's Opinions Are Inadmissible Legal Conclusions.

Federal Rule of Civil Procedure 26(a)(2) is titled "Disclosure of Expert Testimony" and requires that each party shall disclose to the other parties any person who is retained or specially employed to provide expert testimony in the case. FED.R.CIV.P.

26(a)(2) (2007).  The disclosure requires "a written report prepared and signed by the witness" that "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor."  Id.

Pursuant to the rule, Plaintiff filed a twenty-seven page expert report on October 20, 2006.  (Exhibit 1, Lynch Report).  As set forth more fully in both Defendants' Motions to Strike Plaintiff's Expert, the report contains repeated statements that the Defendants violated the Civil Rights Act and the District of Columbia Human Rights Act and amounts to nothing more than a twenty-seven page legal conclusion.  The report's "Conclusion" section is representative of the overall substance of the entire report, and states that "[i]n my opinion, Defendants' treatment of John Bratton was discriminatory in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1982, and the District of Columbia Human Rights Act §§ 2-1402.21 and 2-1402.23."  (Exhibit 1, p. 27).  Plaintiff's deadline for designating experts was November 27, 2006.  Based on Lynch's report, neither defendant determined that expert testimony was necessary.

Defendants deposed Lynch on February 9, 2007.  As is customary, the deposition involved efforts to explore the bases and foundation of the opinions expressly stated in Lynch's report, and to probe the extent of his opinions.  Lynch testified at deposition that after he was briefly told the facts of the case, he believed "it certainly sounds very, very plausible and reasonable that we have a case of discrimination here based on his race and other protected interests under the D.C. Human Rights Act of 1977 as amended, specifically personal appearance."  (Exhibit 2, Lynch Deposition Excerpts, pp. 25-26).  This statement was representative of the other opinions set out in Lynch's report and

deposition testimony inasmuch as it simply drew a legal conclusion that Defendants had violated the law.

Plaintiff's counsel also indicated during deposition that Lynch would testify to certain damages alleged by Plaintiff. Because opinions with respect to these damages were not included in Plaintiff's expert report and because the report was never supplement, Defendants refused to take testimony on these matters.

In his Opposition, Plaintiff now concedes that Lynch's report is inadmissible and "should be excluded from evidence." (Opposition, p. 10). Though he does not go into great detail in doing so, Plaintiff implicitly admits that the opinions in Lynch's report are improper and inadmissible legal conclusions that fail to meet the helpfulness standard of Fed.R.Evid. 702. See, e.g., Mossey v. Pal-Tech, Inc., 231 F.Supp.2d 94, 98 (D.D.C. 2002) ("The Court will strike [plaintiff's[ expert report … because it contains nothing more than legal opinions and unsubstantiated assessments of the evidence."). This comports with the general rule that "[e]xpert testimony that consists of legal conclusions cannot properly assist the trier of fact…" Burkhart v. WMATA, 112 F.3d 1207, 1212 (1997); Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985); Weston v. WMATA, 78 F.3d 682, 684 n.4 (D.C. Cir. 1996).

Plaintiff nonetheless argues that the Court should allow Lynch to testify at trial despite conceding that his expert report is inadmissible. Such an outcome would be contrary to the rules of the Court and the purpose behind Rule 26(a)(2), which is to aid in promoting candid and cost-efficient expert discovery and to provide parties with a reasonable opportunity to prepare for cross examination and arrange for other expert

testimony.  See Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 3 (1st Cir. 2001); FED.R.CIV.P. 26(a)(2), 1993 advisory committee's note.

For Plaintiff to maintain this position, he must essentially argue that the opinions Lynch expressed at deposition are significantly different than those expressed in his report.  If this is true, then Plaintiff failed to comply with the requirement in Rule 26(a)(2) that the report "contain a complete statement of **all opinions** to be expressed and the basis and reasons therefor."  Id.  (Emphasis added).  In other words, if Plaintiff's expert report did not include the opinions Plaintiff now argues are admissible, Plaintiff failed to comply with Rule 26(a)(2), which is a condition precedent to the use of expert testimony at trial. See ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co., Inc. 167 F.R.D. 668, 671 (D.N.J. 1996).  The mandatory sanction for failure to comply with the Rule 26 condition precedent is that Plaintiff is "not … permitted to use as evidence at a trial … any witness or information not so disclosed."[1]  FED.R.CIV.P. 37(c).

Moreover, the facts do not support the position that the deposition opinions are significantly different than the opinions in the report.  The purpose behind Lynch's deposition was to probe the opinions stated in his expert report.  Defendants' counsels each asked specific questions about the legal conclusions in Lynch's report, with Plaintiff's counsel even objecting at one point on the grounds the a question to Lynch "calls for a legal conclusion."  (Exhibit 2, p. 174).  It is impossible to separate the opinions in the report from the opinions at deposition, and Plaintiff's concession that the

---

[1] On the other hand, if Lynch's deposition opinions and report opinions are essentially the same, Plaintiff has conceded that neither is admissible.

report opinions are inadmissible must, necessarily, apply to the deposition opinions as well.

With respect to the new topics to which Plaintiff states Lynch will testify, Ms. White adopts co-Defendants objection, stated in footnote 4 of their Reply in Support of Their Motion to Strike Plaintiff's Expert. Plaintiff premised his suit upon violations of D.C. and federal statutes, not common law principles of negligence. Standard of care testimony is not relevant in determining whether the Defendants violated these statutes and any deviations from the applicable standards of care are inadmissible under Fed.R.Evid. 401 and 402.

### b. Lynch's Expert Report Fails to State Any Opinions Relating to Economic Damages Claimed by Plaintiff.

Plaintiff states that Lynch will testify that Plaintiff "has lost rental revenue for having to maintain two separate offices in DC when he could have rented his property in Logan Circle for at least $1600 per month for the duration of his lease with Mary White." (Opposition, p. 6). This issue was the subject of a motion filed by Plaintiff to supplement his Rule 26(a)(2) disclosures and an opposition thereto by both Defendants.

Without even addressing the speciousness of this claim for economic damages or Lynch's lack of qualification to testify about this claim, Ms. White objects to Plaintiff amending his initial disclosure at this late stage of litigation and adopts and incorporates by reference her Opposition to Plaintiff's Motion For Leave to Supplement Rule 26(a)(2) Disclosures.

III.    **<u>CONCLUSION</u>**

For all the reasons stated in this Reply Memorandum, in Ms. White's Motion to Strike Plaintiff's Expert and Memorandum in support thereof, and in co-Defendant's Motion to Strike and Reply memorandum in support thereof, Defendant, Mary White, respectfully requests that this Court strike Plaintiff's expert, expert report and proffered testimony.

/s/ Robert H. Bouse, Jr.
Robert H. Bouse, Jr. (Bar #MD01926)
ANDERSON, COE & KING, LLP
201 N. Charles Street, Suite 2000
Baltimore, Maryland  21201
Telephone:  410-752-1630
Fax:  410-752-0085
*Attorney for Mary White*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of April 2007 copies of the foregoing Reply Memorandum were served by electronic mail upon:

Stefan Shaibani, Esquire
Litigation Associate, PLLC
1150 Connecticut Avenue, NW
Suite 900
Washington, D.C. 20036
*Attorney for Plaintiff John Bratton*

Matthew A. Ranck, Esquire
Eccleston & Wolf, P.C.
2001 S. Street, N.W., Suite 310
Washington, D.C. 20009
*Counsel for co-Defendants*

_____/s/_____
Robert H. Bouse, Jr. (Bar #MD01926)
ANDERSON, COE & KING, LLP
201 N. Charles Street, Suite 2000
Baltimore, Maryland  21201
Telephone:  410-752-1630
Fax:  410-752-0085
*Attorney for Mary White*