UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BRATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 06-0694 (JDB) |
| | ) |
| CHATEL REAL ESTATE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S REPLY TO MARY WHITE'S OPPOSITION
TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND**

Plaintiff, John Bratton, respectfully submits his reply to defendant Mary White's opposition to plaintiff's second motion for leave to amend. In her opposition, Mary White contends that plaintiff's second motion for leave to amend was filed to "cure the legal deficiency" concerning plaintiff's individual standing to pursue this action. However, as demonstrated in plaintiff's opposition to Mary White's first motion for summary judgment, plaintiff clearly possesses standing to pursue his claims against Mary White for discrimination pertaining to the terms and conditions of a lease he executed with Mary White. Plaintiff is the tenant named on the lease. There is no question that he possesses individual standing to pursue his civil rights claims against Mary White. The notion that plaintiff seeks leave to amend his complaint to cure the alleged "legal deficiency" concerning his standing is without merit and misleading. Plaintiff insists that Mary White's First Motion for Summary Judgment on standing is borderline frivolous in light of the fact that plaintiff is the tenant named on the lease and Bratton Realty, LLC is nowhere mentioned on the lease executed with Mary White.

Mary White next contends that her six-month delay in producing the Hartford liability insurance policy to plaintiff was unintentional. Recognizing her egregious delay in producing

the Hartford insurance policy and her violation of the Court's Scheduling Order and the Federal Rules of Civil Procedure, Mary White concedes that Mary White, Inc. is a proper defendant to this action and agrees that Mary White, Inc. should be added as a new defendant to this case. Mary White, however, makes a most unusual request in her opposition brief. She insists that she be dismissed from this action in her individual capacity in exchange for Mary White, Inc. being added as a new defendant. There is no basis for Mary White's request that she be dismissed from this action if Mary White, Inc. were to be added as a new defendant. Mary White provides no precedent, statute, or rule of court in support of her unusual request because there is none. Plaintiff's civil rights claims against Mary White are viable and strong, and a District of Columbia jury should hear these claims. Addition of Mary White, Inc. as a new defendant to this case should not give Mary White a free "get-out-of-jail" card.

Nor will amendment of plaintiff's complaint prejudice Mary White. The discovery purportedly required by Mary White to defend the claims raised in plaintiff's Second Amended Complaint has largely been performed already. Mary White's written discovery requests delved into plaintiff's damages at great length. Further, plaintiff signaled his intent to recover economic damages when he filed his Rule 26(a)(1) initial disclosures **on August 25, 2006** (pp. 5-6).[1] Plaintiff's request for economic damages were not made one year after he filed this suit. Indeed,

---

[1] Plaintiff alleged the following economic damages in his Rule 26(a)(1) initial disclosures:

> Plaintiff's compensatory damages further include significant time incurred on securing a lease for the subject Property and prosecuting this action, which time would have otherwise been devoted to plaintiff's successful business as a real estate broker and property developer. . . . As a result of defendants' conduct, plaintiff has been compelled to maintain two District of Columbia offices for his real estate brokerage business because defendants declined to offer him an option to extend the lease beyond its current term as well as a right of first refusal.

Plaintiff's Rule 26(a)(1) initial disclosures, at 5-6.

plaintiff was deposed over two full days, and he was questioned about his economic damages. Should Mary White wish to depose plaintiff's expert on the subject of economic damages, a deposition could be conducted within a week. Plaintiff would not object to Mary White's designation of a damages expert, and cross-examination of this expert at trial would likely be sufficient for plaintiff. Amendment of plaintiff's complaint need not delay trial. Plaintiff previously requested defendants to agree to a trial date after party depositions were conducted. Defendants, however, refused to do so raising their schedule as the basis for this delay. Plaintiff is prepared to proceed to trial at the Court's earliest convenience.

      Further, amendment of plaintiff's complaint would result in efficient adjudication of the claims of plaintiff and Bratton Realty, LLC against defendants. If plaintiff's motion for leave to amend were to be denied, plaintiff and Bratton Realty, LLC would be compelled to file a separate action against the existing defendants and Mary White, Inc. and move to consolidate it with this action. This would result in significant waste of the resources of both the parties and the Court.

      Plaintiff's second motion for leave to amend should be granted. At a minimum, plaintiff should be permitted to amend his complaint to add Mary White, Inc. as a new defendant, in light of Mary White's consent to this relief.

                                        Respectfully submitted,

Dated: April 4, 2007                        /s/ Stefan Shaibani
                                              Stefan Shaibani (Bar No. 490024)
                                              LITIGATION ASSOCIATE, PLLC
                                              1150 Connecticut Avenue, N.W.
                                              Suite 900
                                              Washington, DC 20036
                                              Tel: (202) 862-4335
                                              Fax: (202) 828-4130

                                              *Attorney for Plaintiff*

CERTIFICATE OF SERVICE

    I hereby certify that on April 4, 2007, I electronically filed "PLAINTIFF'S REPLY TO MARY WHITE'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND," and that service was thus effected upon defendants' counsels in accordance with Local Civil Rule 5.4(d).

/s/ Stefan Shaibani