UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN BRATTON,

    Plaintiff,

       v.                               Civil Action No.  06-694 (JDB)

CHATEL REAL ESTATE, INC., et al.,

    Defendants.

## ORDER

Pending before the Court is plaintiff John Bratton's March 17, 2007, motion for leave to file a second amended complaint.  Plaintiff wishes to add an additional plaintiff, Bratton Realty, LLC ("Bratton Realty"), and an additional defendant, Mary White, Inc., to this action.  Defendants Chatel Real Estate, Inc., Thierry Liverman, and Mary White oppose plaintiff's motion to add Bratton Realty as a plaintiff.  White "does not object" to the addition of Mary White, Inc., as a defendant, but asks the Court to dismiss the action against her in her individual capacity if the amendment is granted.  White's Opp'n to Pl.'s 2d Mot. for Leave to Amend at 6.

Absent written consent of the adverse parties, leave of the court is required before plaintiff may amend the complaint for the second time and after responsive pleadings have been served. Fed. R. Civ. P. 15(a).  The Federal Rules of Civil Procedure specify that "leave shall be freely given when justice so requires."  Id.  "[A] district court should grant leave to amend a complaint '[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

futility of amendment . . . .'"  Atchinson v. Dist. of Columbia, 73 F.3d 418, 425-26 (D.C. Cir. 1996) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Defendants argue that they would be prejudiced by the addition of Bratton Realty as plaintiff because it would necessitate further discovery on the issue of damages.  The Court recognizes that plaintiff's proposed second amended complaint further expounds upon, and to some degree alters, the theory of damages that he presented in the first amended complaint; however, defendants have been made aware of plaintiff's intent to seek economic damages through the course of the proceedings, including by plaintiff's deposition and initial disclosures.  Although some additional discovery may be required, it is not so extensive as to unduly prejudice defendants.  Furthermore, the Court does not agree with defendants that the eleven-month period between the filing of the complaint and plaintiff's second motion for leave to amend constitutes undue delay.  Plaintiff filed his motion within days of the close of discovery and prior to the dispositive motions deadline; plaintiff has also convincingly explained why he was unaware of the nature of Mary White Inc.'s involvement in the events underlying this action until February of this year.  Finally, defendants have not provided the Court with any cogent reason to dismiss defendant White.

Accordingly, upon consideration of the entire record herein, it is this 10th day of April, 2007, hereby

**ORDERED** that [45] plaintiff's second motion for leave to amend is **GRANTED**; it is further

**ORDERED** that the Clerk of the Court should docket the second amended complaint forthwith; and it is further

**ORDERED** that the parties shall appear by telephone for a scheduling conference with the Court on April 11, 2007, at 2:00 p.m.

/s/ John D. Bates
JOHN D. BATES
United States District Judge
