UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON, et. al.**<br><br>Plaintiffs<br><br>v.<br><br>**CHATEL REAL ESTATE, INC, et al.**<br><br>Defendants. | Case No.: 1: 06CV00694<br><br>**ORAL HEARING REQUESTED**<br><br>Hon. John D. Bates |

## MOTION TO STRIKE

Defendants Chatel Real Estate, Inc. and Thierry Liverman (collectively "Defendants") by and through their undersigned counsel and pursuant to Rule 12(f), hereby file this Motion to Strike and state as follows:

### BACKGROUND

On March 17, 2007, Plaintiff John Bratton ("Plaintiff") filed a Motion ("Plaintiff's Motion") seeking leave to amend the operative complaint to (1) to "allege certain economic damages previously touched upon [during discovery]...," (2) "to add Bratton Realty, LLC as a plaintiff..." and (3) "to add Mary White, Inc. as a new Defendant." *See* Plaintiff's Motion, at 14. In support, Plaintiff argued that Defendants "were informed of [John Bratton and Bratton Realty's] economic damages in great detail during the Plaintiff's two-day deposition" and would "have the opportunity to defend" against these claims. *Id.* at 16-17.

On April 10, 2007, this Court granted Plaintiff's Motion, explaining "that Defendants had been made aware of Plaintiff's intent to seek economic damages through

the course of the proceedings, including by Plaintiff's deposition...[and] although some additional discovery may be required, it is not so extensive as to unduly prejudice defendants" *See* Order, entered April 10, 2007. On this same date and pursuant to this Order, Plaintiff filed his Second Amended Complaint. However, a close examination of the Second Amended Complaint reveals that Plaintiff has used this Order as an opportunity to make substantive amendments to his legal and factual allegations well beyond the scope of amendments he requested or those that were granted by the Court.

## ARGUMENT

Defendants reading of Plaintiff's Motion and the Court's Order was that the Complaint would be amended to add: (1) Mary White as a Defendant; (2) Bratton Realty as a Plaintiff; and (3) claims for economic damages that been disclosed during discovery, but not previously pled. While Plaintiff's Second Amend Complaint does make these changes, it also adds new and crucial factual allegations that have not previously been disclosed, adds previously undisclosed categories of damages and even asserts entirely new legal theories.

An Amended Complaint that exceeds the scope of leave given by the court is subject to the striking of the unauthorized allegations under Fed. R. Civ. P. 12(f). *See e.g.,* McKeever v. Israel, 476 F. Supp. 1370, 1374 (E.D. Wis. 1979) (pursuant to Rule 12(f), striking portions of plaintiff's amended complaint that exceeded scope of leave plaintiff was given); Hellauer v. Nafco Holding Co., LLC, No. 97-4423, 1998 U.S. Dist. LEXIS 12029 (E.D. Pa. July 28, 1998) ("the failure to seek the required leave of court when adding a new allegation is grounds for striking that allegation" under Rule 12(f)). Defendants *do not object* to those amendments that were not specifically requested but

that conform to the evidence of the case. However, there are numerous new allegations that have not been the subject of any discovery or evidence and the inclusion of which clearly exceeded the scope of leave requested or granted. As such, these allegations should be stricken.

### I. Allegations Regarding the use of Racial Slurs

Plaintiff has alleged for the first time in his Second Amended Complaint that "[D]efendants or their agents made racial slurs about [P]laintiffs when discussing their lease proposals." *See* Second Amended Complaint, at ¶ 4. Obviously, Defendants vehemently deny this allegation. More importantly, *such an allegation has never been made during this case nor has evidence consistent with such an allegation been disclosed during discovery.* Indeed, Defendants have no indication as to the factual basis for this claim. This is especially troublesome, as a finding consistent with such an allegation can have a significant legal consequence. *See e.g., Johnson v. Kroger Co.,* 319 F.3d 858, 868 (6th Cir. 2003)(holding plaintiff showed prima facie case of race discrimination where there was evidence of racial jokes and slurs).

Plaintiff has requested, and the court has granted him, leave to add (1) Mary White as a Defendant; (2) Bratton Realty, LLC as a Plaintiff; and (3) claims for economic damages that had been disclosed during discovery, but not previously pled. *Plaintiff did not generally request leave to add factual allegations potentially supporting a prima facie showing of discrimination, nor did Plaintiff request leave to add a factual allegation regarding racial slurs.* Indeed, this baseless allegation upon which no discovery has been taken does not fit into one of the requested categories of amendments nor does it

conform to existing evidence. As such, it is improper for Plaintiff to add this allegation without first requesting leave and this allegation should be struck.

## II. Allegations Regarding Real Estate Commissions Lost During the Prosecution of This Claim

Plaintiff also amends his complaint to add a claim that: "Mr. Bratton has suffered economic damages arising from devoting time to rectify defendants' discrimination, which time would have otherwise been used to engage in profitable real estate transactions." *See* Second Amended Complaint ¶¶ 45, 56. While Plaintiff requested, and the court granted, leave to add claims for economic damages, it was premised on the argument that Defendants "were informed of [these] economic damages in great detail during the Plaintiff's two-day deposition." However, when counsel for Defendants tried to question Plaintiff on this specific damage category during deposition, he was advised that *it would not be part of Plaintiff's damage claim*.

In this regard, while Plaintiff originally testified that he had to abandon certain clients to focus on getting this office space (*See* Plaintiff's Deposition at 78:14-79:5.), when counsel for Defendants requested that Plaintiff identify those clients and/or commissions that were lost, *he was specifically advised that such a claim was not being advanced*:

> **[Mr. Ranck]:** ...why I got you here was to find out what the basis of your claims, including your claims for damages[,] are. Is there some claim in this case for lost commissions...because if there is, I certainly haven't seen a list of clients whose deals were lost?
> **[Plaintiff]:** ...somewhere I wrote notes as to exactly who I was working with at the time and what price range they were looking to purchase in or buy in, whatever. And I wrote those individuals down. I don't remember—
> **MR. RANCK:** Counsel, has that been produced? Have we seen that?

> **MR. SHAIBANI:** Are you referring to the documents you filed with the OHR.
> **[Plaintiff]:** Yes
> **MR. SHAIBANI:** Well, the OHR file has been produced down to every page that we received from them.
> **MR. RANCK:** I have received nothing identifying the clients for whom deals where lost. If you're making a claim for it, I think you need to produce it.
> **MR. SHAIBANI:** <u>I don't believe that that's part of the damage claim.</u> That damage claim was loss of one – having to maintain two offices, because he would have to move out of one, and then emotional damages. (emphasis added).
> **[Plaintiff]:** You're the one who put together that you were going after damages. You never asked me. That's not what you asked me.
> **MR. RANCK:** Well, that's what I'm trying to figure out. So what your counsel has represented, and you alluded to this before, I guess that's not part of the damage claim. The damage claim is the, I guess, increased costs of having to maintain two locations, correct?
> **[Plaintiff]:** Correct

*See Id.*, at 84:3-86:9. In light of this testimony, Defendants took no further discovery on this topic.

Plaintiff requested that the court grant him leave to add certain claims for economic damages, asserting that such claims had been explored in "great detail during the Plaintiff's two-day deposition." *See* Plaintiff's Motion Amend, at 16-17. A damage claim that Plaintiff and his counsel *refused to explore at deposition* certainly would not be covered by that a request. As such, it is improper for Plaintiff to add this allegation.

### III. Allegations Regarding Disparate Impact Claims

Finally, Plaintiff amends his complaint to add an alternative claim to each of his counts. In each of the four numbered counts (which correspond with the four statutes under which this suit has been filed), Plaintiff has added a claim alleging "[a]lternatively, if [D]efendants' discriminatory conduct toward Plaintiffs was not based on racial animus, the impact of [D]efendants' conduct was discriminatory upon plaintiffs, resulting in the

5

same degree of economic and emotional damages." *See* Second Amended Complaint, at ¶¶ 53, 61, 69, 77. This allegation amounts to a brand new legal theory and clearly does not fit into one of the requested amendment categories nor does it conform to existing evidence.

In fact, such "effect based" claims are not even recognized pursuant to the statutory authority under which Plaintiff's claims have been filed. *See e.g.* McReynolds v. Sodexho Marriott Servs., 349 F. Supp. 2d 1, 7 (D.D.C. 2004) ("Plaintiffs cannot bring a disparate impact claim under 42 U.S.C.S. § 1981, since purposeful discrimination is required under § 1981"); *Mitchell v. Century 21 Rustic Realty,* 233 F. Supp. 2d 418, 443 (E.D.N.Y. 2002) ("Under the Fair Housing Act, evidence of a discriminatory effect alone is sufficient to establish a prime facie case of discrimination. Claims brought under §§ 1981 and 1982, however, require a showing of discriminatory intent."); *see also,* DC Code 2-1402.68 (*separate* statutory provision prohibiting acts which have discriminatorily disparate effect). Certainly, Plaintiff has not generally or specifically requested leave to add, and this court has not contemplated, entirely new statutory claims that were not disclosed during discovery. As such, it is improper for Plaintiff to add these claims without first requesting leave and these allegations should be struck.

## CONCLUSION

During an April 11, 2007, scheduling conference, counsel for Defendants requested, additional time for discovery to explore the role of Bratton Realty, LLC and its potential damages claims. However, if the Plaintiff is permitted to subvert this Court's Order and add the allegations discussed herein, this case will essentially be sent back to square one as even more duplicative discovery will be necessary. Indeed, the disparate

6

impact claims alone implicate an entirely separate body of law, numerous unraised defenses and countless factual determinations that were not explored during the initial discovery phase. Certainly, discovery of Plaintiff and others will be needed regarding the alleged racial slur as well.

WHEREFORE, for the reasons, stated herein Defendants respectfully request that this court strike all allegations in the Second Amendment Complaint related to: (1) the use of racial slurs; (2) commissions lost during the prosecution of this claim; and (3) disparate effect claims.

Respectfully Submitted,

**CHATEL REAL ESTATE, INC and THIERRY LIVERMAN**

By:  /s/ Matthew A. Ranck                    -
Matthew A. Ranck, Esq. (DC Bar # 484983)
Nicholas B. Reuhs, Esq. (DC Bat # 500005)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696 (telephone)
(202) 857-0762 (facsimile)
Counsel for Defendants Chatel Real Estate, Inc. and Thierry Liverman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of April 2007, I caused a copy of the foregoing to be served electronically upon:

**Stefan Shaibani**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
(202) 277-8892
*Counsel for Plaintiff*

**Robert H. Bouse, Jr.**
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201
(410) 752-1630
*Counsel for Defendant Mary White*

/s/ Matthew A. Ranck          -
Matthew A. Ranck, Esq. (DC Bar # 484983)