**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN BRATTON, et al.**<br><br>Plaintiffs<br><br>v.<br><br>**CHATEL REAL ESTATE, INC, et al.**<br><br>Defendants. | Case No.: 1: 06CV00694<br><br>Honorable John D. Bates |

**ANSWER OF DEFENDANTS CHATEL REAL ESTATE, INC. AND THIERRY LIVERMAN TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Chatel Real Estate, Inc. and Thierry Liverman (collectively, "Defendants") by and through their undersigned counsel, hereby answer Plaintiffs' Second Amended Complaint and state as follows:

**NATURE OF THE ACTION**

1. Defendants admit Plaintiffs have filed such a suit, but deny any wrongdoing.

2. Defendants admit the allegations contained in Paragraph 2 to the extent that Plaintiffs characterize their unproven claims. Defendants deny the allegations contained in Paragraph 2 to the extent that Plaintiffs allege Defendants violated 42 U.S.C. §1982 or 42 U.S.C. §1981.

3. Defendants admit the allegations contained in Paragraph 3 to the extent that Plaintiffs characterize their unproven claims. Defendants deny the allegations contained in Paragraph 3 to the extent that Plaintiffs allege the Defendants violated the District of Columbia Human Rights Act.

4. Defendants have moved to strike some of the allegations contained in Paragraph 4. To the extent a further response is required with regard to those allegations, Defendants deny the same. Defendants deny the remaining allegations contained in Paragraph 4.

**JURISDICTION AND VENUE**

5. Defendants admit the allegations contained in Paragraph 5 to the extent that Plaintiffs have asserted claims under each of the enumerated statutes. Defendants deny the allegations contained in Paragraph 5 to the extent that Plaintiffs allege Defendants violated the enumerated statutes.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants admit the allegations contained in Paragraph 7.

**THE PARTIES**

8. Defendants admit the allegations contained in Paragraph 8 to the extent that Plaintiffs allege that John Bratton is a real estate broker and an African-American. Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 8.

9. Defendants admit the allegations contained in Paragraph 9 to the extent that Plaintiffs allege Bratton Realty, LLC, is a District of Columbia limited liability company. Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 9.

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11 to the extent that Plaintiffs allege Thierry Liverman is a citizen of the District of Columbia residing at 3554 T

Street, N.W., and is Chatel Real Estate's manager and principal broker. The remaining allegations contained in Paragraph 11 are legal conclusions to which no response is required.

12. Defendants admit the allegations contained in Paragraph 12 to the extent that Plaintiffs allege John Pagones was a real estate agent affiliated with Chatel Real Estate and, in that capacity, listed the property that is the subject of this suit. The remaining allegations contained in Paragraph 12 are legal conclusions to which no response is required.

13. Defendants admit the allegations contained in Paragraph 13 to the extent that Plaintiffs allege Mary White is a citizen of the District of Columbia residing at 1241 33rd Street, N.W., and is a real estate broker associated with Washington Fine Properties, LLC. Defendants further admit that Ms. White owns the property as alleged, but state that the property has a mixed commercial and residential use.

14. Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 14.

15. Defendants admit the allegations contained in Paragraph 15 to the extent that Plaintiffs allege that Barret Anderson was an office manager for Mary White. The remaining allegations contained in Paragraph 15 are legal conclusions to which no response is required. The above notwithstanding, to the extent a further response is required, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations.

16. The allegations contained in Paragraph 16 are legal conclusions to which no response is required. To the extent a further response is required, Defendants are unable to admit or deny the allegations contained in Paragraph 16 as the allegations contained therein are unclear and/or ambiguous with respect to what Plaintiffs define as "relevant times."

17. Defendants are unable to admit or deny the allegations contained in Paragraph 17 as the allegations contained therein are unclear and/or ambiguous with respect to what Plaintiffs define as "relevant times." The above notwithstanding, to the extent a further response is required, Defendants admit that John Bratton is an African-American and lack sufficient knowledge or information to admit or deny any remaining allegations.

18. Defendants admit the allegations contained in Paragraph 18 to the extent that Plaintiffs allege that on July 29, 2005, Defendant Mary White listed the street level unit of the property located at 1622 Wisconsin Avenue for lease. Defendants further admit the allegations contained in Paragraph 18 to the extent that Plaintiff alleges that the property at 1622 Wisconsin Avenue has three levels. Defendants deny any remaining allegations contained in Paragraph 18.

19. Defendants admit the allegations contained in Paragraph 19.

20. Defendants admit the allegations contained in Paragraph 20.

21. Defendants admit the allegation contained in Paragraph 21.

22. Defendants admit the allegation contained in Paragraph 22.

23. Defendants admit the allegations contained in Paragraph 23.

24. Defendants deny that on October 6, 2005, the basement of the Wisconsin Avenue property was "vacant." Defendants admit the remaining allegations contained in Paragraph 24.

25. Defendants admit that on October 6, 2005, Mr. Bratton visited the Wisconsin Avenue property. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 25.

26. Defendants admit that on October 6, 2005, Mr. Bratton visited Chatel's Georgetown office located at 3210 N Street, N.W., Washington, D.C. Defendants further admit that Mr. Bratton identified himself to John Pagones as the owner of Bratton Realty, LLC and

explained that he had recently toured the Wisconsin Avenue property and would like to lease it. Defendants deny that Mr. Bratton ever identified himself as a real estate broker. Defendants lack sufficient knowledge or information to admit or deny any remaining allegations contained in Paragraph 26.

27. Defendants admit that Mr. Pagones informed Mr. Bratton that he did not have a lease agreement available and could not accept a check for the security deposit and first month's rent at that time. Defendants deny the remaining allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 29 that Mr. Bratton hand-delivered documents and/or money to Mr. Anderson. Defendants admit the allegations contained in Paragraph 29 to the extent that Plaintiffs allege Mr. Pagones received a document, financial information, and $5,000 from Mr. Anderson on October 7, 2005. Defendants deny the allegations contained in Paragraph 29 to the extent that Plaintiffs allege Mr. Pagones accepted the documents as a "lease agreement" or accepted the money as a "security deposit" or "first month's rent."

30. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30.

31. Defendants admit only that from October 7 to October 11, 2005, Plaintiffs submitted five proposed lease agreements to Chatel Real Estate and that none of these proposed lease agreements were accepted.

32. Defendants admit only that no lease agreement was executed between Roberta Medlin and Mary White. Defendants deny the remaining allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants admit the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants admit only that the eventual lease between Bratton Realty and Mary White was negotiated by John Gordon Forrester. Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 37.

38. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38.

39. Defendants deny they refused to lease the basement, and lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 39.

40. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40. To the extent a further response is required, Defendants deny these allegations.

41. Defendants admit that on October 31, 2005, John Bratton executed a lease agreement with Mary White for the Wisconsin Avenue property. Defendants deny the remaining allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants have moved to strike some of the allegations contained in Paragraph 45. To the extent a further response is required with regard to those allegations, Defendants deny the same. Defendants deny the remaining allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 49. Furthermore, the allegations contained in Paragraph 49 are, in part, legal conclusions to which no response is required.

**COUNT I**

50. Defendants adopt and incorporate their answers as set forth in Paragraphs 1-49.

51. The allegations contained in Paragraph 51 are legal conclusions to which no response is required.

52. The allegations contained in Paragraph 52 are legal conclusions to which no response is required.

53. Defendants have moved to strike some of the allegations contained in Paragraph 53. To the extent a further response is required with regard to those allegations, Defendants deny the same. Furthermore, the allegations in Paragraph 53 are, in part, legal conclusions to which no response is required. Defendants deny the remaining allegations contained in Paragraph 53.

54. The allegations in Paragraph 54 are legal conclusions to which no response is required.

55. The allegations in Paragraph 55 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations set forth in Paragraph 55.

56. Defendants have moved to strike some of the allegations contained in Paragraph 56. To the extent a further response is required with regard to those allegations, Defendants deny the same. Defendants deny the remaining allegations contained in Paragraph 56.

57. The allegations contained in Paragraph 57 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 57.

**COUNT II**

58. Defendants adopt and incorporate their answers as set forth in Paragraphs 1-57.

59. The allegations contained in Paragraph 59 are legal conclusions to which no response is required.

60. The allegations contained in Paragraph 60 are legal conclusions to which no response is required.

61. Defendants have moved to strike some of the allegations contained in Paragraph 61. To the extent a further response is required with regard to those allegations, Defendants deny the same. Furthermore, the allegations in Paragraph 61 are, in part, legal conclusions to which no response is required. Defendants deny the remaining allegations contained in Paragraph 61.

62. The allegations contained in Paragraph 62 are legal conclusions to which no response is required.

63. The allegations contained in Paragraph 63 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations set forth in Paragraph 63.

64. Defendants deny the allegations contained in Paragraph 64.

65. The allegations contained in Paragraph 65 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 65.

**COUNT III**

66. Defendants adopt and incorporate their answers as set forth in Paragraphs 1-65.

67. The allegations contained in Paragraph 67 are legal conclusions to which no response is required.

68. The allegations contained in Paragraph 68 are legal conclusions to which no response is required.

69. Defendants have moved to strike some of the allegations contained in Paragraph 69. To the extent a further response is required with regard to those allegations, Defendants deny the same. Furthermore, the allegations in Paragraph 69 are, in part, legal conclusions to which no response is required. Defendants deny the remaining allegations contained in Paragraph 69.

70. The allegations contained in Paragraph 70 are legal conclusions to which no response is required.

71. Defendants deny the allegations contained in Paragraph 71.

72. The allegations contained in Paragraph 72 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 72.

**COUNT IV**

73. Defendants adopt and incorporate their answers as set forth in Paragraphs 1-72.

74. The allegations contained in Paragraph 74 are legal conclusions to which no response is required.

75. The allegations contained in Paragraph 75 are legal conclusions to which no response is required.

76. Defendants admit only that they were aware of the duties set forth in section 2-1402.23 of the Human Rights Act. The remaining allegations contained in Paragraph 76 are legal conclusions to which no response is required.

77. Defendants have moved to strike some of the allegations contained in Paragraph 77. To the extent a further response is required with regard to those allegations, Defendants deny the same. Furthermore, the allegations in Paragraph 77 are, in part, legal conclusions to which no response is required. Defendants deny the remaining allegations contained in Paragraph 77.

78 The allegations contained in Paragraph 78 are legal conclusions to which no response is required.

79. Defendants deny the allegations contained in Paragraph 79.

**DEMAND FOR JURY TRIAL**

80. Paragraph 80 contains no factual or legal allegation to which a response is required.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiffs have failed to state a claim for which relief can be granted.

**Second Affirmative Defense**

Plaintiffs have failed to mitigate their damages.

**Third Affirmative Defense**

Plaintiffs' claims are barred by the statute of limitations and/or laches.

**Fourth Affirmative Defense**

Defendants reserve the right to amend or supplement their Affirmative Defenses as discovery proceeds in this matter.

WHEREFORE, Defendants respectfully request that the Court Dismiss Plaintiffs' Complaint with prejudice, with costs and attorneys fees awarded to these Defendants.

Respectfully Submitted,

**CHATEL REAL ESTATE, INC and THIERRY LIVERMAN**

***/s/_____Matthew A. Ranck_________________***
Matthew A. Ranck, Esquire (DC Bar # 484983)
Nicholas B. Reuhs, Esquire
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of April 2007, Defendants caused a copy of the foregoing Answer to be served by electronic mail upon:

**Stefan Shaibani**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
9th Floor
Washington, DC 20036
(202) 277-8892
*counsel for Plaintiff*
stefan@litigationassociate.com

***Robert H. Bouse, Jr.***
*ANDERSON, COE & KING, LLP*
*201 North Charles Street*
*Suite 2000*
*Baltimore, MD 21201*
*(410) 752-1630*
counsel for Defendant Mary White
*bouse@acklaw.com*

***/s/_____Matthew A. Ranck_________________***

Matthew A. Ranck, Esq. (DC Bar # 484983)