## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN BRATTON                            :
and
BRATTON REALTY, INC.                    :

      Plaintiffs                   :

v.                                      :      06 Civ. 0694 (JDB)

CHATEL REAL ESTATE, INC.                :
and
THIERRY LIVERMAN                        :
and
MARY WHITE                              :
and
MARY WHITE, INC.                        :

      Defendants                   :

## ANSWER TO SECOND AMENDED COMPLAINT

    Defendants, Mary White and Mary White, Inc., by their attorney, Robert H. Bouse, Jr., for

answer to the Plaintiffs' Second Amended Complaint, say:

### NATURE OF THE ACTION

    1. This is a statement of the nature of a law suit and not a statement of facts which must be

either admitted or denied.

    2. Defendants deny the allegations in Paragraph 2.

    3. Defendants deny the violation of civil rights act as asserted in Paragraph 3.

    4. Defendants deny the allegations in Paragraph 4.

### JURISDICTION OF VENUE

    5. Paragraph 5 asserts the basis for jurisdiction and Defendants neither admit nor deny his

assertions of jurisdiction but demands strict proof thereof.

6. Paragraph 6 asserts the Court's right of jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367. Defendants neither admit nor deny jurisdiction under those acts but demands strict proof thereof.

7. Defendants admit the venue asserted in Paragraph 7.

## THE PARTIES

8. Defendants admit that John Bratton is a citizen of the District of Columbia and further admit that he is African-American. Defendants can neither admit nor deny the remaining allegations asserted in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9 to the extent that Plaintiffs allege Bratton Realty, LLC is a Limited Liability Company in the District of Columbia. Defendants can neither admit nor deny the remaining allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit Thierry Liverman's District of Columbia citizenship but deny the remaining allegations and legal conclusions in Paragraph 11.

12. Defendants admit that John Pagones was a real estate agent associated with Chatel Real Estate. Defendants deny the remaining allegations and legal conclusions in Paragraph 12.

13. Defendants admit that Ms. White is a citizen of the District of Columbia residing at 1241 33rd Street, N.W., Washington, DC 20007 and that she is a real estate agent affiliated with Washington Fine Properties, LLC. Defendants also admit that Ms. White owns the building as alleged, but state that it has a mixed commercial and residential use.

14. Defendants admit the allegations in Paragraph 14 to the extent that Mary White, Inc. is a District of Columbia corporation owned by Mary White. Defendants deny the remaining allegations in Paragraph 14.

2

15. Defendants admit that Barrett Anderson was a Temporary Office Manager for Mary White. Defendants deny the remaining allegations and legal conclusions in Paragraph 15.

16. Defendants deny the allegations and legal conclusions in Paragraph 16.

### FACTUAL ALLEGATIONS

17. Defendants deny the allegations in Paragraph 17.

18. Defendants admit the allegations contained in Paragraph 18 to the extent that Plaintiff alleges that on July 29, 2005 Defendant Mary White listed the street level unit and upper level unit of the property located at 1622 Wisconsin Avenue, N.W., Washington, D.C. Defendants deny the remaining allegations contained in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23, but state that the lower level was mistakenly listed as stated in this paragraph.

24. Defendants deny that the lower level of the property was vacant on October 6, 2005. The remaining allegations contained in Paragraph 24 are admitted.

25. Defendants can neither admit nor deny the allegations in Paragraph 25 but demand strict proof thereof.

26. Defendants can neither admit nor deny the allegations in Paragraph 26 but demand strict proof thereof.

27. Defendants can neither admit nor deny the allegations in Paragraph 27 but demand strict proof thereof.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants admit that John Bratton delivered documents to the office of Mary White, Inc. on October 7, 2005 which were then sent on to Chatel Real Estate, Inc. Defendants deny the allegation of Paragraph 29 that asserts that the document was a lease agreement and that the money was a security deposit and first month's rent.

30. Defendants can neither admit nor deny the allegations in Paragraph 30.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit that John Bratton was informed of another prospective candidate and that no lease agreement had been executed between her and Defendants, but deny the remaining allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants admit the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants admit that John Gordon Forester, acting as Ms. White's counsel, did negotiate a lease with the Plaintiff, but states that these negotiations were commenced before the Plaintiff filed his Administrative Complaint. Defendants further indicate that the negotiations continued after the Administrative Complaint was filed and Ms. White and her counsel did not have any knowledge of the Administrative Complaint. Defendants also assert that the MRIS listing does not contain an offer of a right of first refusal; Defendants never offered the basement for rent; Mr. Bratton was required simply to personally guarantee the lease; and the tenant was required to pay real estate taxes of $200 per month. Defendants' counsel did not draft the lease which Mr. Bratton signed, but did require that Plaintiff

submit his tax returns and other financial information. The remaining allegations in this paragraph are denied.

38. Defendants can neither admit nor deny the allegations in Paragraph 38, but note that in response to Plaintiff's First Complaint, Ms. White's lawyer at the time, Mr. Forester, admitted the allegations contained in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39 and state that Defendants never intentionally offered the basement for rent.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants admit that John Bratton signed a lease on October 31, 2005. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants admit that John Bratton has been occupying the street level of the property since November, 2005. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants can neither admit nor deny the allegations or legal conclusions of Paragraph 49.

## COUNT ONE

### (42 U.S.C. §1982)

50. Defendants adopt and incorporate by reference their answers as set forth in paragraphs 1 through 49.

51.  The allegations set forth in Paragraph 51 are a statement of law and a legal conclusion and no response is required.

52.  The allegations set forth in Paragraph 52 are a statement of law and a legal conclusion and no response is required.

53.  Defendants deny the allegations in Paragraph 53.

54.  Defendants deny the allegations in Paragraph 54.

55.  Defendants deny the allegations in Paragraph 55.

56.  Defendants deny the allegations in Paragraph 56.

57.  Defendants deny the allegations in Paragraph 57.

## COUNT TWO

### (42 U.S.C. §1981)

58.  Defendants adopt and incorporate by reference their answers as set forth in paragraphs 1 through 57.

59.  The allegations set forth in Paragraph 59 are a statement of law and a legal conclusion and no response is required.

60.  The allegations set forth in Paragraph 60 are a statement of law and a legal conclusion and no response is required.

61.  Defendants deny the allegations in Paragraph 61.

62.  Defendants deny the allegations in Paragraph 62.

63.  Defendants deny the allegations in Paragraph 63.

64.  Defendants deny the allegations in Paragraph 64.

65.  Defendants deny the allegations in Paragraph 65.

66.  Defendants deny the allegations in Paragraph 66.

## COUNT THREE

### (DC ST. § 2-1402.21)

66.  Defendants adopt and incorporate by reference their answers as set forth in paragraphs 1 through 65.

67.  The allegations set forth in Paragraph 67 are a statement of law and a legal conclusion and no response is required.

68.  The allegations set forth in Paragraph 68 are a statement of law and a legal conclusion and no response is required.

69.  Defendants deny the allegations in Paragraph 69.

70.  Defendants deny the allegations in Paragraph 70.

71.  Defendants deny the allegations in Paragraph 71.

72.  Defendants deny the allegations in Paragraph 72.

## COUNT FOUR

### (DC ST. § 2-1402.23)

73.  Defendants adopt and incorporate by reference their answers as set forth in paragraphs 1 through 72.

74.  The allegations set forth in Paragraph 74 are a statement of law and a legal conclusion and no response is required.

75.  The allegations set forth in Paragraph 75 are a statement of law and a legal conclusion and no response is required.

76.  Defendants admit the allegations in Paragraph 76 to the extent that they allege Ms. White was familiar with the duties set forth in DC St. § 2-1402.23.  Defendants deny the remaining allegations.

77.  Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

## DEMAND FOR JURY TRIAL

80. Paragraph 80 contains no factual or legal allegations to which a response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a claim for which relief can be granted against these Defendants.

### Second Affirmative Defense

Plaintiffs' claims are barred by the doctrines of collateral estoppel and *res judicata*.

### Third Affirmative Defense

Plaintiffs have failed to mitigate their damages.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

Plaintiffs lack standing to sue.

### Sixth Affirmative Defense

Plaintiffs claims are barred by the statute of limitations.

### Seventh Affirmative Defense

Defendants reserve the right to amend or supplement their Affirmative Defenses as discovery proceeds in this matter.

**WHEREFORE,** Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, with costs and attorneys fees awarded to this Defendant.

Robert H. Bouse, Jr. (Bar #MD01926)
ANDERSON, COE & KING, LLP
201 N. Charles Street, Suite 2000
Baltimore, Maryland 21201
Telephone: 410-752-1630
Fax: 410-752-0085
Bouse@acklaw.com
*Attorney for Mary White and Mary White, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of September, 2007, Defendants caused a copy of the foregoing Answer to Second Amended Complaint to be served by electronic mail upon:

Stefan Shaibani, Esq.
Litigation Associate, PLLC
1150 Connecticut Avenue, NW
Suite 900
Washington, D.C. 20036
*Attorney for Plaintiff John Bratton*

Matthew A. Ranck, Esq.
Nicholas B. Reuhs, Esq.
Eccleston & Wolf, P.C.
2001 S. Street, N.W., Suite 310
Washington, D.C. 20009
*Counsel for Defendants*

Robert H. Bouse, Jr. (Bar #MD01926)
ANDERSON, COE & KING, LLP
201 N. Charles Street, Suite 2000
Baltimore, Maryland 21201
Telephone: 410-752-1630
Fax: 410-752-0085
*Attorney for Mary White and Mary White, Inc.*