**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN BRATTON, *et al.*, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 06-0694 (JDB) |
| | ) |
| CHATEL REAL ESTATE, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**PLAINTIFFS' MOTION FOR AN ORDER PRECLUDING DEFENDANTS FROM FILING MULTIPLE SUMMARY JUDGEMENT MOTIONS ON LIABILITY**

Pursuant to Rule 1 of the Federal Rules of Civil Procedure ("FRCP") and the local rules of this Court, Plaintiffs John Bratton and Bratton Realty, LLC, respectfully request the Court to issue an order precluding Defendants Mary White, Mary White, Inc., Chatel Real Estate, Inc., and Thierry Liverman (collectively "Defendants") from filing multiple duplicative summary judgment motions in this case.  Specifically, Plaintiffs request the Court to direct Defendants to limit the issues in their summary judgment motions to the economic damages sought by plaintiffs rather than the liability of Defendants.  The requested relief is necessary to "secure the just, speedy, and inexpensive determination of [this] action."  FRCP 1.  Defendants oppose this motion.[1]

This suit was filed by plaintiff John Bratton on April 18, 2006—approximately 21 months ago—seeking relief against defendants for their racial discrimination in the terms and conditions of a lease.  Defendants Chatel and Liverman filed a motion to dismiss on May 8,

---

[1] Counsel has attempted to resolve this issue with defendants' counsel on different occasions. Defendants' counsel have expressed opposition to this motion on the basis that the Second Amended Complaint entitles them to file yet another set of summary judgment motions on liability.

2006, which was denied by the Court on May 18, 2006. Following discovery, Defendants Chatel and Liverman filed a "First Motion for Summary Judgment" on February 12, 2007, and Defendant Mary White filed a "First Motion for Summary Judgment on February 16, 2007. The Court denied Defendants' First Motion for Summary Judgment on April 11, 2007.[2] Defendants subsequently filed a Second Motion for Summary Judgment on April 26, 2007, which was denied by the Court on July 31, 2007. *See* attached exhibit.

In its July 31, 2007 Order, the Court found that there were triable issues of fact in this case and that Defendants could file motions for summary judgment on Plaintiffs' economic damages. Despite the Court's Order of July 31, 2007 identifying triable issues of fact in this case, Defendants seek to file a third motion for summary judgment at the conclusion of discovery in this case raising defenses to liability. Although Plaintiffs amended their complaint, the Second Amended Complaint merely added certain economic damages claims to this case. The Court's July 31, 2007 Order was rendered with full knowledge of Plaintiffs' Second Amended Complaint, and there is no basis for Defendants to file multiple duplicative summary judgment motions on liability in this case.

Plaintiffs are prejudiced by having to respond to multiple duplicative summary judgment motions on liability. Defendants have prolonged this litigation for nearly two years and now seek to file a third motion for summary judgment on liability when the Court has already found in its July 31, 2007 Order that triable issues of fact exist and Defendants are entitled to file summary judgment motions on the economic damages sought by Plaintiffs—not liability.[3]

---

[2] Plaintiffs have attached their opposition to Defendants' First Motion for Summary Judgment for the Court's benefit. *See* attachment to this motion.

[3] It bears noting that Defendants' legal defense in this case is being paid by Hartford Insurance and CNA Insurance under business liability insurance policies with coverage limits of $1 million

The Federal Rules of Civil Procedure and the local rules of this Court do not contemplate parties from filing multiple motions for summary judgment. Indeed, each party typically gets to file a single motion for summary judgment in which it has to raise all issues concerning which genuine material facts are purportedly not in dispute. Defendants' decision not to raise certain issues in their initial two motions for summary judgment, at a minimum, should amount to waiver of their rights rather than subject plaintiffs to incurring attorney fees and expenses to respond to multiple sets of duplicative and unsuccessful motions for summary judgment.

For the above reasons, plaintiffs respectfully request the Court to issue an order precluding Defendants from filing a third motion summary judgment on liability and directing Defendants to limit the issues in their final set of summary judgment motions to the economic damages raised in Plaintiffs' Second Amended Complaint.

Respectfully submitted,

Dated: January 10, 2007

/s/ Stefan Shaibani
Stefan Shaibani (Bar No. 490024)
LITIGATION ASSOCIATES, PLLC
1150 Connecticut Avenue, NW
Suite 900
Washington, DC 20036
Tel: (202) 862-4335
Fax: (202) 828-4130

*Attorney for Plaintiffs*

---

each. Unlike these insurance companies, plaintiffs do not have unlimited resources to prosecute this case.