# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON, et. al,** | |
| **Plaintiffs,** | |
| **v.** | Civil Action No.  06-694 (JDB) |
| **CHATEL REAL ESTATE, INC., et al.,** | |
| **Defendants.** | |

## ORDER

    Presently before the Court are three sets of motions addressing the framework of plaintiffs'

claim in this action alleging discrimination in connection with defendants' lease of office space to

plaintiffs.[1]  First, plaintiffs have moved for leave to supplement the Rule 26(a)(2) disclosure of

their expert witness, Thomas Lynch, while defendants have moved to strike Lynch as an expert

witness altogether.  Second, defendants moved for summary judgment before Bratton Realty was

added as a defendant, based on the contention that Bratton has no standing to pursue claims

because the leasing relationship was with Bratton Realty, not with Bratton.  After the Court

permitted plaintiffs to file their Second Amended Complaint, which _inter alia_ added Bratton

Realty as a plaintiff, defendants have renewed their motions for summary judgment as to Bratton's

claims, again based on a lack of standing.  Finally, defendants have moved to strike portions of the

Second Amended Complaint as exceeding the basis for this Court's order granting leave to file.

---

    [1]As a result of the Second Amended Complaint filed on April 10, 2007, the plaintiffs are
John Bratton ("Bratton") and Bratton Realty, LLC ("Bratton Realty"), and the four defendants are
Chatel Real Estate, Inc. ("Chatel"), its manager and principal broker Thierry Liverman, Mary
White, and Mary White, Inc.

The Court will address these three sets of motions in turn.

    1. Plaintiffs concede that the report of their expert, Thomas Lynch, should be stricken because it is essentially a series of either inadmissible legal conclusions or opinions that defendants violated the law. Plaintiffs also concede that they failed to include economic damages as a subject of Mr. Lynch's designated expert testimony. Moreover, there appears to be agreement that, to the extent properly identified in an expert report in accordance with Rule 26(a)(2), Mr. Lynch would present expert testimony regarding the standards of care and ethical or other rules applicable to real estate brokers in the relevant geographical area, and defendants' compliance with such standards and rules. Indeed, the deposition of Mr. Lynch covered, at least in part, such subjects.

    Accordingly, the Court will grant defendants' motion to strike the existing expert report of Thomas Lynch and to preclude any expert testimony on impermissible legal conclusions or opinions regarding whether defendants violated federal or District of Columbia laws. However, plaintiffs may, if they wish, file a revised expert designation and report consistent with Rule 26(a)(2) limited to appropriate subjects relating to relevant professional standards and rules for real estate brokers in the District of Columbia, any deviations by defendants from such standards and rules, and any economic damages resulting from such deviations. Defendants will be permitted to depose Mr. Lynch further based on his resubmitted report, to the extent necessary. Because the submission of a second report and any further deposition are due to plaintiffs' failures to comply with Rule 26(a)(2), the cost of any additional deposition (i.e., both Mr. Lynch's time and the transcription of the deposition) will be borne by plaintiffs.

    2. Defendants' original and renewed motions for summary judgment challenge the

standing of the individual plaintiff, John Bratton, to pursue any claims in this case given that the

leasing relationship purportedly was with the corporate entity, Bratton Realty, and not its

principal.  Defendants make very persuasive arguments that, if the facts are as they contend, then

under the law Bratton has no standing to pursue the claims in this case.  Moreover, there is

substantial factual support for the contention that the "leasing relationship" during the relevant

time period was with Bratton Realty, not Bratton individually.

But plaintiffs correctly point out that the only lease actually entered identifies Bratton, not

Bratton Realty, as the tenant/lessee and is signed by Bratton personally, not as an agent or

representative of Bratton Realty.  The parties differ as to the reasons for and significance of this

fact, but it is enough to create a genuine issue of material fact that precludes the entry of summary

judgment against Bratton on his claims at this time.  Accordingly, defendants' motions and

renewed motions for summary judgment as to all claims brought by Bratton will be denied.

3.  Following the filing of plaintiffs' Second Amended Complaint, defendants have moved

to strike, asserting that it exceeds the basis on which the Court granted leave to file insofar as it

adds three items: an allegation that defendants engaged in racial slurs of Bratton, a claim that

plaintiffs lost certain real estate commissions as a result of defendants' discriminatory conduct,

and assertion of a theory of recovery based on disparate impact.  The Court will deny defendants'

motion to strike.

Defendants seek to strike the allegation in the Second Amended Complaint that

"defendants or their agents made racial slurs about plaintiffs when discussing their lease

proposals."  Second Am. Compl. ¶ 4.  Although defendants argue that this assertion should be

stricken because plaintiff did not specifically request leave to add a factual allegation regarding

racial slurs, this allegation was included in the proposed amended complaint that the Court granted plaintiff leave to file.  In contrast, the cases upon which defendants rely involved allegations that were stricken from an amended complaint because they had not been contained in the proposed amended complaint allowed by the court.  See Hellauer v. Nafco Holding Co., No. 97-cv-4423, 1998 U.S. Dist. LEXIS 12029, at *8 (E.D. Pa. July 28, 1998); McKeever v. Israel, 476 F. Supp. 1370, 1374 (E.D. Wis. 1979).  This Court does, however, note with concern the absence of any specifics in the Second Amended Complaint to support this bald assertion, and defendants' assertion that plaintiffs have not developed any factual support for this allegation during discovery.  Although a lack of evidentiary support does not provide cause for striking an allegation under Rule 12(f), the Court expects any allegation contained in a complaint to have been pled with a good-faith belief that such support exists.

Turning to the second item, the inclusion of a claim for lost real estate commissions is complementary of the damages already sought, and of the economic-damages expert testimony of Mr. Lynch that the Court has now permitted.  It therefore will not be stricken.  And while the disparate impact approach now reflected at various points in the Second Amended Complaint may represent a new theory of liability, the Court concludes that defendants will not be unduly prejudiced if any resolution of such a claim awaits a further motion at the close of discovery.  Hence, the motion to strike those allegations will likewise be denied.

\*     \*     \*     \*

Therefore, upon consideration of the various filings of the parties, and for the reasons indicated above, it is this 31st day of July, 2007, hereby

**ORDERED** that [25] Bratton's motion for leave to supplement Rule 26(a)(2) disclosures

-4-

is **GRANTED**; [38] Chatel and Liverman's and [39] White's motions to strike plaintiffs' expert

are **GRANTED** as to the existing expert report of Thomas Lynch; and plaintiffs will be permitted

to file a revised expert disclosure and report of Thomas Lynch, in accordance with Rule 26(a)(2)

and the parameters set out in this Order, by not later than September 5, 2007, with the cost of any

further deposition of Mr. Lynch to be borne by plaintiffs; it is further

     **ORDERED** that [26, 27] Chatel and Liverman's and Mary White's first motions for

summary judgment and [59, 62] defendants' second (renewed) motions for summary judgment are

all **DENIED**; it is further

     **ORDERED** that [58, 63] defendants' motions to strike are **DENIED**; and it is further

     **ORDERED** that counsel for the parties shall meet and confer by not later than August 29,

2007, and shall submit by not later than August 31, 2007, either a joint proposed revised

scheduling order or, if they cannot agree, separate proposed revised scheduling orders to govern

further discovery and motions proceedings in this case.


                                      _____/s/ John D. Bates_____
                                          JOHN D. BATES
                               United States District Judge