UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN BRATTON, et al.**<br><br>Plaintiffs<br><br>v.<br><br>**CHATEL REAL ESTATE, INC., et al.**<br><br>Defendants | Case No.: 1:06CV00694<br><br>**ORAL HEARING REQUESTED**<br><br>Hon. John D. Bates |

### DEFENDANTS CHATEL REAL ESTATE, INC. AND THIERRY LIVERMAN'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER PRECLUDING DEFENDANTS FROM FILING MULTIPLE SUMMARY JUDGMENT MOTIONS ON LIABILITY

COME NOW, Defendants Chatel Real Estate, Inc. and Thierry Liverman ("Defendants"), by and through undersigned counsel, and hereby file this Opposition to Plaintiffs' Motion for an Order Precluding Defendants from Filing Multiple Summary Judgment Motions on Liability. In support thereof, Defendants state the following.

### FACTUAL BACKGROUND

In October 2005, Plaintiff John Bratton expressed interest in leasing commercial property owned by Defendant Mary White at 1622 Wisconsin Avenue, N.W. (the "Property). Mr. Bratton wanted to use the Property as a location for Bratton Realty, LLC, a real estate company that he owns and operates. Subsequently, several lease offers were submitted on behalf of Bratton Realty. However, Mr. Bratton was subsequently notified that Ms. White had decided to pursue a lease with another applicant, Roberta Medlin.

Shortly thereafter, negotiations to finalize a lease with Ms. Medlin broke down and the Property again became available. Within days, Ms. White caused her attorney to reinstate negotiations with Mr. Bratton, and, on October 31, 2006, a lease agreement was finalized

between Ms. White and Mr. Bratton. Despite the fact that a lease was executed within 24 days of an initial offer, Mr. Bratton filed the instant action alleging that the Defendants' conduct was driven by racial animus and amounted to wrongful discrimination.

## **PROCEDURAL HISTORY**

Because Mr. Bratton first filed a Complaint in the D.C. Office of Human Rights, and filed the instant suit without withdrawing the OHR Complaint, Defendants filed a Motion to Dismiss on May 8, 2006, arguing that the instant suit was premature. Rather than being denied, the Motion was rendered moot by the subsequent withdrawal of the OHR Complaint and filing of an Amended Complaint herein.[1]

On February 12, 2007, Defendants moved for summary judgment on the basis that Mr. Bratton was without standing to bring the suit individually, because all discussions regarding the Property during these Defendants' involvement occurred only with Bratton Realty.[2] No other arguments regarding liability (or damages) were raised in that Motion. In response to the Motion, Plaintiff John Bratton sought to amend his Complaint to add Bratton Realty as an additional plaintiff.

On April 10, 2007, the Court issued a Memorandum Opinion in which it granted Plaintiff's Motion for Leave to Amend, but did not explicitly rule on the Defendants' Motion for Summary Judgment.[3] As a result of the Second Amended Complaint and the fact that the April 10, 2007 Order rendered moot the first Motion for Summary Judgment, Defendants filed another Motion for Summary Judgment on April 26, 2007.[4] The second Motion related only to Plaintiff

---

[1] In the instant Motion, Plaintiffs incorrectly state that the Motion to Dismiss was denied.
[2] By the time of the first Motion for Summary Judgment, the only depositions taken by Defendants were those of Plaintiff John Bratton and the first half of the deposition of the Plaintiff's expert witness.
[3] In the instant Motion, Plaintiffs incorrectly state that Defendants' first Motion for Summary Judgment was denied.
[4] The Court itself seemed to believe that the first Motion for Summary Judgment had not actually been denied, because rather than refer to the second Motion for Summary Judgment as just that, the Court's July 10, 2007 Order referred to that Motion as a "renewed" motion.

John Bratton's standing to pursue his claims and adopted the Memorandum in support of the previously filed Motion for Summary Judgment. Thus, the second Motion, like the first, was not based on any substantive liability (or damages) issues. Defendants also filed a Motion to Strike the Second Amended Complaint as having added allegations beyond those permitted by the court in the Order granting leave to amend.

On July 31, 2007, the Court issued an Order regarding, *inter alia*, the Defendants' second Motion for Summary Judgment and Motion to Strike the Second Amended Complaint. *See* Exhibit 1 to the instant Motion, attached thereto. The Court noted:

> Defendants make very persuasive arguments that, <u>if the facts are as they contend</u>, then under the law [John] Bratton has no standing to pursue the claims in this case. Moreover, there is substantial support for the contention that the 'leasing relationship' during the relevant time period was with Bratton Realty, not Bratton individually.

*Id.* at p. 3 (emphasis added). While the Court denied the Motion because it found that the final lease entered into did not identify Bratton Realty as the lessee, the Court also specifically stated: "The parties differ as to the reasons for and significance of this fact, but it is enough to create a genuine issue of material fact that precludes the entry of summary judgment against Bratton on his claims <u>at this time</u>." *Id.* (emphasis added).

Although the Court denied Defendants' Motion to Strike the Second Amended Complaint, it

> note[d] with concern the absence of any specifics in the Second Amended Complaint to support this bald assertion [regarding the use of a racial slur], and defendants' assertion that plaintiffs have not developed any factual support for this allegation during discovery ... the Court expects any allegation contained in a complaint to have been pled with a good-faith belief that such [evidentiary] support exists.

3

*Id.* at p. 4. Furthermore, the Court spoke of the Plaintiffs' claims in the Second Amended Complaint concerning the alleged disparate impact of the Defendants' conduct, saying, "the Court concludes that defendants will not be unduly prejudiced if any resolution of such a claim awaits a <u>further motion at the close of discovery</u>." *Id.* (emphasis added).

Finally, because the Plaintiffs' expert included improper opinions in his first report, causing the Court to grant Defendants' Motion to Strike that report and Plaintiffs to file an amended report (regarding the standard of care and economic damages), deadlines were extended to allow Defendants to obtain further discovery. As such, discovery just recently closed.[5]

**ARGUMENT**

Without limiting the amount of summary judgment motions that may be filed, Rule 56 of the Federal Rules of Civil Procedure states: "A party against whom a claim … is asserted may, within the time prescribed by Court order, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Likewise, this Court's applicable local rule speaks to what must be included with motions for summary judgment, but does not limit the amount of such motions that may be filed. *See* LCvR 7.

While Plaintiffs state that the Federal Rules of Civil Procedure and this Court's local rules "do not contemplate" multiple motions for summary judgment, there is absolutely nothing precluding a party from filing multiple motions for summary judgment. Without any basis, Plaintiffs state: "Indeed, each party typically gets to file a single motion for summary judgment …." Plaintiffs' Motion, at p. 3. However, Plaintiffs cannot cite (because none exists) any

---

[5] From the time of the Court's ruling on Defendants' second Motion for Summary Judgment until the close of discovery, Defendants have received additional document production from Plaintiffs, completed the second half of the deposition of Plaintiffs' expert witness, and taken the depositions of the Plaintiffs' office manager, two of their former clients, and three of their current/former agents.

4

authority for the proposition that a party is limited in the amount of motions for summary judgment it may file.

Furthermore, while Plaintiffs seek to preclude Defendants from filing further motions for summary judgment as to liability, Defendants have *never done so*. While Plaintiffs state that Defendants filed two summary judgment motions and assert that liability has already been raised via dispositive motions, Plaintiffs fail to note or recognize the bases for Defendants' prior motions. As stated above, each motion was on the distinct issue of standing. Neither motion addressed substantive issues of liability based on extensive discovery.

Indeed, the Court itself contemplated that additional summary judgment motions may be filed, even as to standing, when it noted the fact that the final lease was between Ms. White and Mr. Bratton, and said, "it is enough to create a genuine issue of material fact that precludes the entry of summary judgment against Bratton on his claims <u>at this time</u>." *See* Exhibit 1 to the instant Motion, attached thereto, at p. 3 (emphasis added). The Court also "conclude[d] that defendants will not be unduly prejudiced if any resolution of such a claim [of disparate impact] awaits a <u>further motion at the close of discovery</u>." *Id.* at p. 4 (emphasis added). As stated, because of the amended Complaints and expert reports filed by Plaintiffs and the consequent discovery extensions, discovery only recently closed. Thus, while Plaintiffs' motion attempts to limit Defendants' motions for summary judgment to issues pertaining to economic damages, the Court did not place such a limit on Defendants in its July 31, 2007 Order, contrary to Plaintiffs' statements in the instant motion.

Additionally, while the Court found "triable issues of fact," that was only as to Plaintiff Bratton's standing, and even then, the court merely declined to grant summary judgment "at [that] time." Furthermore, the triable issues of fact were not determined with the benefit of motions based on extensive discovery, which was recently completed. Plaintiffs appear to

5

believe that because the Court declined to grant summary judgment as to standing (at least not without further discovery), Defendants are precluded from filing motions for summary judgment even as to issues on which no dispositive motions have ever been filed. However, Plaintiffs cannot cite any authority for their assertions that Defendants are precluded from filing motions for summary judgment as to liability issues that have never been addressed, and certainly not as to issues on which the Court indicated that further discovery would be necessary before Defendants could demonstrate entitlement to summary judgment.

## CONCLUSION

WHEREFORE, for all of the above reasons, Defendants Chatel Real Estate, Inc. and Thierry Liverman respectfully request that this Honorable Court deny the Plaintiffs' Motion.

Respectfully Submitted,

**CHATEL REAL ESTATE, INC. and THIERRY LIVERMAN**

By:     /s/ Matthew A. Ranck
Matthew A. Ranck, Esq. (D.C. Bar # 484983)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696 (telephone)
*Counsel for Defendants Chatel Real Estate, Inc. and Thierry Liverman*

## REQUEST FOR ORAL ARGUMENT

Defendants respectfully request oral argument on this matter.

/s/ Matthew A. Ranck
Matthew A. Ranck

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2008, a true copy of the foregoing Opposition was served electronically upon:

**Stefan Shaibani**
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, N.W.
9th Floor
Washington, D.C. 20036
*Counsel for Plaintiffs*

**Robert H. Bouse, Jr.**
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201
*Counsel for Defendants Mary White
and Mary White, Inc.*

　　　　　　　　　　　　　　　　　　　　/s/ Matthew A. Ranck
　　　　　　　　　　　　　　　　　　　Matthew A. Ranck