# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN BRATTON,          )
                         )
      Plaintiff,      )
                         )
      vs.          )  Civil Action No. 06-694 (JDB)
                         )
CHATEL REAL ESTATE, INC., *et al.*,   )
                         )
      Defendants.    )
                         )

## PLAINTIFF'S RESPONSE TO DEFENDANT CHATEL REAL ESTATE, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33(b), plaintiff John Bratton responds to the interrogatories served upon him by defendant Chatel Real Estate, Inc. ("Chatel") as follows:

## INTERROGATORY NO. 1

Identify all persons who have given written or recorded statements, including statements made in court proceedings, administrative proceedings, administrative investigations or depositions, concerning the matters set forth in the Complaint. State the date of each such statement, and identify the person taking the statement and its present custodian.

## PLAINTIFF'S RESPONSE:

Plaintiff objects to this interrogatory upon the grounds that it contains numerous discrete subparts in contravention of the Federal Rules of Civil Procedure and the Court's scheduling order. Without waiving this objection, plaintiff responds as follows:

1. John Bratton filed a complaint at the District of Columbia Office of Human Rights dated October 25, 2005. See documents produced by plaintiff in his initial disclosures designated by Bates Nos. BRA 0087-0092.

2. Defendant Mary White filed Answers to Interrogatories and Requests for Production of Documents propounded by the D.C. Office of Human Rights dated November 16, 2005.

3. Defendant Chatel filed Answers to Interrogatories and Requests for Production of Documents propounded by the D.C. Office of Human Rights dated November 21, 2005.

EXHIBIT
13

1

In addition, defendants Chatel and Thierry Liverman have submitted responses to plaintiff's interrogatories and requests for production of documents. Further, all defendants have submitted their responses to plaintiff's requests for admission.

## INTERROGATORY NO. 2

List the name, address, and telephone number of all persons having personal knowledge regarding any of the matters set forth in the Complaint and include in your response the nature and substance of that knowledge.

## PLAINTIFF'S RESPONSE:

As set forth in plaintiff's initial disclosures, the following individuals have personal knowledge concerning the matters set forth in plaintiff's original complaint and First Amended Complaint:

1. John Bratton has personal knowledge concerning the discriminatory treatment he received from defendants, the nature and extent of damages suffered, and other related matters.
   Address: 1622 Wisconsin Avenue, NW, Washington, DC 20007
   Tel: (202) 338-6732

2. Jeffrey B. Augello has personal knowledge pertaining to the chain of events giving rise to plaintiff's claim for discrimination against defendants, the nature and extent of damages suffered, and other related matters.
   Address: 5301 Wisconsin Avenue, NW, Suite 100, Washington, DC 20015
   Tel: (202) 237-1504

3. Robert J. Spagnoletti has personal knowledge concerning plaintiff's character, his business, the nature and extent of the damages suffered by plaintiff as a result of the discriminatory treatment he received from defendants, and other related matters.
   Address: 1350 Pennsylvania Avenue, NW, Suite 409, Washington, D.C. 20004
   Tel: (202) 727-3409

4. Daniel Lee has personal knowledge pertaining to the chain of events giving rise to plaintiff's claim for discrimination against defendants, the nature and extent of the damages suffered by plaintiff as a result of the discriminatory treatment he received from defendants, and other related matters.
   Address: 1622 Wisconsin Avenue, NW, Washington, DC 20007
   Tel: (202) 549-3076

5. Paul M. Beito has personal knowledge concerning plaintiff's income tax returns for 2003-2004, and other related matters.
   Address: 3359 5th Street South, Arlington, VA 22204
   Tel: (703) 271-0373

6. Eric Rothermel has personal knowledge pertaining to the chain of events giving rise to plaintiff's claim for discrimination against defendants, the nature and extent of the damages suffered by plaintiff as a result of the discriminatory treatment he received from defendants, and other related matters.
   Address: TBD
   Tel: (301) 928-9180

7. John Pagones, a hostile witness, has personal knowledge pertaining to plaintiff's claim for discrimination against defendants, and other related matters.
   Address: 1930 Calvert Street, NW, No. 2, Washington, DC 20009
   Tel: (202) 483-1871 (cell)

8. Barrett Anderson, a hostile witness, has personal knowledge pertaining to the plaintiff's claim for discrimination against defendants, and other related matters.
   Address: Unknown.
   Tel: Unknown.

9. Hope Edwards, a hostile witness, has personal knowledge pertaining to plaintiff's claim for discrimination against defendants, and other related matters.
   Address: 3210 N Street, NW, Washington, DC 20007
   Telephone number: (202) 338-0500

10. Roberta Jean Medlin, a hostile witness, has personal knowledge pertaining to her attempts to lease the Property at issue in this case, and other related matters.
    Address: 1421 29TH Street, NW, Washington, DC 20007
    Tel: (202) 338-0872

11. Matthew G. Medlin, a hostile witness, has personal knowledge regarding the purported relationship between Mary White and Roberta Jean Medlin.
    Address: 1421 29TH Street, NW, Washington, DC 20007
    Tel: (202) 338-0872

12. Thierry J. Liverman, a hostile witness, has personal knowledge pertaining to plaintiff's claim for discrimination against defendants, and other related matters.
    Address: 3210 N Street, NW, Washington, DC 20007
    Tel: (202) 338-0500

13. John Gordon Forester, a hostile witness, has personal knowledge pertaining to plaintiff's claim for discrimination against defendants, and other related matters.
    Address: 1914 Sunderland Place, NW, Washington, DC 20036
    Tel: (202) 293-3353

14. Mary White, a hostile witness, has personal knowledge pertaining to plaintiff's claim for discrimination against defendants, and other related matters.
    Address: 1241 33rd Street, NW, Washington, DC 20007
    Tel: (202) 431-1090

15. Mandi Galloway from the District of Columbia Office of Human Rights, has personal knowledge pertaining to plaintiff's administrative complaint for discrimination against defendants, and other related matters. Address: 441 4th Street NW, Washington, DC 20001 Tel: (202) 727-4559

16. Plaintiff reserves the right to call upon other witnesses, the relevance of whose testimony may become apparent during the course of discovery. Such witnesses include, among others, the officers, owners, staff, employees, and affiliated agents of Chatel and Mary White, as well as third parties possessing knowledge of relevant matters.

## INTERROGATORY NO. 3

Identify all persons having knowledge of your attempt to lease the Wisconsin Avenue Property. For each person identified in response to this interrogatory, include a brief summary of that person's knowledge of the events.

## PLAINTIFF'S RESPONSE:

See plaintiff's response to Interrogatory No. 2 above.

## INTERROGATORY NO. 4

If you contend that you sustained damages as a direct and/or proximate result of the acts, errors or omissions alleged in the Complaint, set forth in detail the nature and extent of your damages as well as your method for calculating these alleged damages.

## PLAINTIFF'S RESPONSE:

Plaintiff directs defendant to Plaintiff's Initial Disclosures (paragraph C, subsections 1-4) which set forth the categories of damages claimed by plaintiff. These damages are as follows:

Plaintiff's compensatory damages include humiliation, embarrassment, emotional distress and deprivation of civil rights suffered by plaintiff as a result of the defendants' violations of 42 U.S.C. §§ 1981 and 1982, and DC ST §§ 2-1402.21 and 2-1402.23. Plaintiff's compensatory damages further consist of significant time expended in securing a lease for the subject Property and prosecuting this action, which time would have otherwise been devoted to plaintiff's successful business as a real estate broker and developer of residential properties. Plaintiff's compensatory damages also include the defendant's denial to plaintiff of a right of first refusal to purchase the subject Property as well as an option to renew the lease, which terms were offered to Roberta Jean Medlin but denied to plaintiff. As a result of defendant's conduct, plaintiff has been compelled to maintain two offices within the District of Columbia for his real estate brokerage

business, because defendants declined to offer him an option to extend the lease beyond its current term. Plaintiff has thus been making payments for two leases when he would have otherwise paid for only one. Plaintiff will have to relocate his office upon the expiration of his 2-year lease, which will result in time incurred in securing another property and costs associated with relocation of his office. Plaintiff's compensatory damages exceed $25,000 for each count enumerated in the complaint, amounting to at least $100,000. The precise computation of plaintiff's damages will be proven at trial, based upon fact and expert witness testimony, applicable statutes and precedent, and documentary evidence.

In addition to the compensatory damages set forth above, plaintiff seeks punitive damages for the defendants' willful and malicious violations of 42 U.S.C. §§ 1981 and 1982, and DC ST §§ 2-1402.21 and 2-1402.23. Plaintiff's punitive damages amount to $1,000,000.

Plaintiff further demands attorney's fees and costs (including expert witness fees) incurred in prosecution of this action. Plaintiff has thus far incurred in excess of $90,000 in attorney's fees and costs. Plaintiff's attorney fees and costs will significantly increase as this case proceeds to trial.

Plaintiff further demands prejudgment and post-judgment interest for all the counts set forth in his First Amended Complaint.

## INTERROGATORY NO. 5

If you contend that Defendants made any admissions regarding the facts and matters set forth in your Complaint, detail the content of those admissions, including, but not limited to, the substance of each admission, the date of the admission and the name and address of all persons with personal knowledge of each alleged admission.

## PLAINTIFF'S RESPONSE:

Plaintiff objects to this interrogatory upon the grounds that it contains numerous discrete subparts in contravention of the Federal Rules of Civil Procedure and the Court's scheduling order. Without waiving this objection, plaintiff notes that defendants have made admissions regarding the facts and matters set forth in the Complaint. These admissions are found in defendants' responses to plaintiff's original and First Amended Complaint, plaintiff's requests for admission, plaintiff's first set of interrogatories, and defendants' responses to the interrogatories propounded by the D.C. Office of Human Rights in connection with plaintiff's administrative complaint against defendants. See below:

1. In the Answers to Interrogatories and Requests for Production of Documents by Mary White to the D.C. Office of Human Rights dated November 16, 2005, Mary White admitted that plaintiff was the only person who executed a lease agreement for the subject Property in October 2005.

2. In Chatel's and John Pagones' Answers to the Interrogatories and Requests for Production of Documents propounded by the D.C. Office of Human Rights dated November 21, 2005, Chatel admitted that plaintiff was the only person who executed a lease agreement with Mary White for the Property in October 2005.

3. In Chatel's and John Pagones' Answers to the Interrogatories and Requests for Production of Documents propounded by the D.C. Office of Human Rights dated November 21, 2005, Chatel admitted that the requirement to pay a portion of the real estate taxes for the Property was a new condition that Mary White decided to add to the terms of plaintiff's lease during the course of her negotiations with John Bratton.

4. In Chatel's and John Pagones' Answers to the Interrogatories and Requests for Production of Documents propounded by the D.C. Office of Human Rights dated November 21, 2005, Chatel admitted that on October 12, 2005, Thierry Liverman telephonically informed plaintiff that his offer to lease the property had been rejected by Mary White.

5. In the Answer of Defendants Chatel and Thierry Liverman to Plaintiff's First Amended Complaint filed on June 7, 2006, Chatel admitted that John Pagones was at all relevant times affiliated with Chatel and that Mr. Pagones is, as of June 7, 2006, no longer affiliated with Chatel.

6. In the Answer of Defendants Chatel and Thierry Liverman to plaintiff's original complaint filed on May 8, 2006, Chatel admitted that John Pagones was at all relevant times affiliated with Chatel.

7. In her answer to plaintiff's First Amended Complaint, Mary White admitted that the MRIS listings associated with the subject Property did not disclose that a portion of the real estate taxes would have to be paid by the tenant.

8. In her answer to plaintiff's First Amended Complaint, Mary White admitted that no one other than plaintiff executed a lease agreement for the subject Property.

9. In her answer to plaintiff's original complaint, Mary White admitted that the MRIS listings associated with the subject Property did not disclose that a portion of the real estate taxes would have to be paid by the tenant.

10. In her answer to plaintiff's original complaint, Mary White admitted that John Gordon Forester called plaintiff a "test case" for discrimination in October 2005.

11. In her answer to plaintiff's original complaint, Mary White admitted that no one other than plaintiff executed a lease agreement for the subject Property.

12. In her August 25, 2006 Response to plaintiff's Requests for Admissions, Mary White admitted that the MRIS listings associated with the subject Property did not disclose that a portion of the real estate taxes would have to be paid by the tenant.

13. In her August 25, 2006 Response to plaintiff's Requests for Admissions, Mary White admitted that the MRIS listings associated with the subject Property did not preclude a right of first refusal to the tenant.

14. In her August 25, 2006 Response to plaintiff's Requests for Admissions, Mary White admitted that plaintiff toured the subject Property on October 6, 2005 with Barrett Anderson.

15. In her August 25, 2006 Response to plaintiff's Requests for Admissions, Mary White admitted that on October 6, 2005, two separate lockboxes were outside the subject Property containing keys to the first floor and lower level units of the Property.

16. In her August 25, 2006 Response to plaintiff's Requests for Admissions, Mary White admitted that Thierry Liverman rejected John Bratton's October 7, 2005 offer to lease the subject Property.

17. In her August 25, 2006 Response to plaintiff's Requests for Admissions, Mary White admitted that she rejected John Bratton's offer to lease the lower level unit of the Property.

18. In her August 25, 2006 Response to plaintiff's Requests for Admissions, Mary White admitted that plaintiff was the only person who executed a lease agreement for the subject Property in October 2005.

19. In her August 25, 2006 Response to plaintiff's Requests for Admissions, Mary White admitted that no lease agreement was ever executed between Roberta Jean Medlin and Mary White for the subject Property.

20. In their September 8, 2006 Response to plaintiff's Requests for Admissions, defendants Chatel and Thierry Liverman admitted that John Pagones was affiliated with Chatel in October 2005.

21. In their September 8, 2006 Response to plaintiff's Requests for Admissions, defendants Chatel and Thierry Liverman admitted that John Pagones was the listing agent for the Property in October 2005.

22. In their September 8, 2006 Response to plaintiff's Requests for Admissions, defendants Chatel and Thierry Liverman admitted that Thierry Liverman was the broker for the Property in October 2005.

23. In their September 8, 2006 Response to plaintiff's Requests for Admissions, defendants Chatel and Thierry Liverman admitted that the street level unit of the Property had been listed on the MRIS for 69 days as of October 6, 2005.

24. In their September 8, 2006 Response to plaintiff's Requests for Admissions, defendants Chatel and Thierry Liverman admitted that the lower level unit of the Property had been listed on the MRIS for 13 days as of October 6, 2005.

25. In their September 8, 2006 Response to plaintiff's Requests for Admissions, defendants Chatel and Thierry Liverman admitted that two separate lockboxes were outside the Property containing keys to open the doors for the street level and lower level units of the Property on October 6, 2005.

26. In their September 8, 2006 Response to plaintiff's Requests for Admissions, defendants Chatel and Thierry Liverman admitted that John Bratton requested John Pagones for a blank lease agreement for the Property on October 6, 2005.

27. In their September 8, 2006 Response to plaintiff's Requests for Admissions, defendants Chatel and Thierry Liverman admitted that John Pagones provided a lease application bearing Chatel's logo to John Bratton on October 10, 2005.

28. In their September 8, 2006 Response to plaintiff's Requests for Admissions, defendants Chatel and Thierry Liverman admitted that John Bratton submitted to Chatel a rental application and lease agreement for the Property dated October 10, 2005.

29. In their September 8, 2006 Response to plaintiff's Requests for Admissions, defendants Chatel and Thierry Liverman admitted that no lease agreement was ever executed between Roberta Jean Medlin and Mary White for the Property.

See also the following documents:

Mary White's Answers to Interrogatories and Requests for Production of Documents Propounded by the D.C. Office of Human Rights: November 16, 2005…………………………………………………....BRA 0187-0191

Chatel Real Estate, Inc.'s and John Pagones' Answers to Interrogatories and Requests for Production of Documents Propounded by the D.C. Office of Human Rights: November 21, 2005……..............................................BRA 0194-0199

INTERROGATORY NO. 6

Set forth in detail all communications with Defendants prior to executing a lease for the Wisconsin Avenue Property, including but not limited to, the date, time and place of each communication, the manner of each communication (e.g. telephone call, letter, personal

conference, etc.), the exact substance of each communication, and identify all persons present for each communication.

PLAINTIFF'S RESPONSE:

Plaintiff objects to this interrogatory upon the grounds that it contains numerous discrete subparts in contravention of the Federal Rules of Civil Procedure and the Court's scheduling order. Without waiving this objection, plaintiff notes that he communicated with Defendants prior to executing a lease for the subject Property on several occasions via telephone, facsimile transmission, letter, and in person over a 24-day period. The substance of these communications, among other things, relates to the terms of the lease, several versions of the draft lease agreement, documents pertaining to plaintiff's financial background, and plaintiff's allegations of discrimination against defendants.

See the following documents produced by plaintiff in connection with his initial disclosures:

John Bratton's Letter to John Pagones including Updated Commercial Lease Agreement:  October 10, 2005..............................................BRA 0010-0017

Bratton Realty's GCAAR Rental Application:  October 10, 2005...........BRA 0018-0021

Bratton Realty's Commercial Agreement of Lease on Chatel Real Estate, Inc. Form:  October 10, 2005.........................................BRA 0022-0029

Bratton Realty's Commercial Agreement of Lease on Chatel Real Estate, Inc. Form and Addendum:  October 19, 2005........................BRA 0030-0037

Copies of John Bratton's Two Checks for $2,500:  October 6, 2005................BRA 0038

Bank of America Account Activity:  Business Economy Checking Account: October 19, 2005....................................................................BRA 0141

Bank of America Account Activity:  Regular Checking Account October 19, 2005....................................................................BRA 0142

John Bratton's Letter to John Pagones including Updated Commercial Lease Agreement:  October 10, 2005..............................................BRA 0146-0153

John Bratton's Letter to John Pagones including Updated Commercial Lease Agreement:  October 10, 2005..............................................BRA 0161-0164

Bratton Realty's Commercial Agreement of Lease on Chatel Real Estate, Inc. Form:  October 10, 2005.........................................BRA 0165-0172

Copies of John Bratton's 2 Checks for $2,500.00 for First Month's Rent and
Security Deposit.............................................................................BRA 0173

John Bratton's Letter to Mary White: October 7, 2005.............................BRA 0201

John Bratton: Mortgages, bank accounts and bills as of October 6, 2005.........BRA 0207

Commercial Lease Agreement between Mary White and John Bratton:
October 6, 2005.....................................................................BRA 0217-0223

GCAAR Rental Application from Bratton Realty, LLC:
October 10, 2005....................................................................BRA 0231-0234

Chatel Real Estate, Inc.: Commercial Agreement of Lease
Between Mary White and John Bratton...........................................BRA 0274-0281

Copies of John Bratton's 2 Checks for $2,500.00: October 6, 2005.........BRA 0338-0339

John Bratton's Letter to Mary White: October 7, 2005.............................BRA 0340

Mortgages and Bank Accounts and Bills as of October 6, 2005....................BRA 0341

Commercial Lease Agreement: October 6, 2005.............................BRA 0342-0348

Updated Lease Agreement from John Bratton: October 10, 2005..........BRA 0349-0355

GCAAR Rental Application from Bratton Realty, LLC:
October 10, 2005....................................................................BRA 0356-0359

Chatel Real Estate, Inc. Commercial Agreement of Lease Signed by
John Bratton........................................................................BRA 0367-0374

Commercial Lease Agreement between Mary White & Bratton Realty Inc.:
October 10, 2005....................................................................BRA 0405-0412

Commercial Lease Agreement between Mary White & Bratton Realty Inc.:
October 10, 2005....................................................................BRA 0405-0412

Copies of John Bratton's 2 Checks for $2,500.00: October 6, 2005..............BRA 0413

GCAAR Rental Application from Bratton Realty, LLC (signed by John
Bratton): October 10, 2005.......................................................BRA 0429-0432

See also document produced by plaintiff in connection with his initial disclosures
designated by Bates Nos. BRA 0001- BRA 0551.

INTERROGATORY NO. 7

Set forth in detail all communications with Defendants subsequent to executing a lease for the Wisconsin Avenue Property, including but not limited to, the date, time and place of each communication, the manner of each communication (e.g. telephone call, letter, personal conference, etc.), the exact substance of each communication, and identify all persons present for each communication.

PLAINTIFF'S RESPONSE:

Plaintiff objects to this interrogatory upon the grounds that it contains numerous discrete subparts in contravention of the Federal Rules of Civil Procedure and the Court's scheduling order. Without waiving this objection, plaintiff notes that he communicated verbally and in writing with defendants relating to his tenancy and the payment of rent. Plaintiff submits that defendants Chatel and Mary White continued to harass him after he executed the lease agreement and occupied the subject Property for the purpose of examination. The harassment was in the form of defendants' falsely accusing plaintiff of not making rent payments when, in fact, plaintiff had submitted his monthly rent payment to Chatel in a timely manner.

See the following documents:

Chatel Real Estate, Inc.'s Plumbing Invoice to John Bratton...............BRA 0001-0003

Letter dated December 21, 2005 from Patsy Petty to John Bratton ...........BRA 00552.

See also document produced by plaintiff in connection with his initial disclosures designated by Bates Nos. BRA 0001- BRA 0551.

INTERROGATORY NO. 8

Set forth in detail all communications between you and any person other than Defendants in connection with or related to your attempt to lease the Wisconsin Avenue Property, including but not limited to, the date, time and place of each communication, the manner of each communication (e.g. telephone call, letter, personal conference, etc.), the exact substance of each communication, and identify all persons present for each communication.

PLAINTIFF'S RESPONSE:

Plaintiff objects to this interrogatory upon the grounds that it contains numerous discrete subparts in contravention of the Federal Rules of Civil Procedure and the Court's scheduling order. Plaintiff further objects to this interrogatory upon the grounds that it seeks information subject to attorney-client and work-product privileges. Without waiving these objections, plaintiff notes that he exchanged several telephonic messages and letters with Barrett Anderson and John Gordon Forester, both acting on behalf of

11

Mary White. The substance of these communications relates to the terms of the Lease for the subject Property, the availability of the Property, several versions of the draft lease agreement, documents pertaining to plaintiff's financial background, and plaintiff's allegations of discrimination against defendants.

Plaintiff further communicated with Daniel Lee, Robert Spagnoletti, Jeffrey Augello, Eric Rothermel, and Paul Beito regarding his attempts to lease the subject Property and the discriminatory treatment he received from defendants.

See the following documents:

John Gordon Forester's Letter to John Bratton re: 1622 Wisconsin Avenue, NW: October 18, 2005 ................................................................................…..BRA 0041

John Bratton's Letter to John Gordon Forester re: 1622 Wisconsin Ave— Commercial Lease Agreement: October 19, 2005 ...........................BRA 0042-0043

John Gordon Forester's Letter to John Bratton re: 1622 Wisconsin Avenue, NW: October 19, 2005 ............................................................…...............…BRA 0044

John Gordon Forester's Letter to John Bratton re: 1622 Wisconsin Avenue, NW: October 26, 2005 ................................................................…....................BRA 0063

John Bratton's Letter to John Gordon Forester RE: 1622 Wisconsin Avenue- Commercial Lease Agreement with Addendum: October 19, 2005.......BRA 0132-0134

John Bratton's Letter to John Gordon Forester RE: 1622 Wisconsin Avenue— Commercial Lease Agreement Addendum: October 19, 2005...........................BRA 0135

Paul M. Beito's Facsimile to John Bratton: October 18, 2005..............BRA 0136-0140

Bank of America Account Activity: Business Economy Checking Account held by John Bratton: October 19, 2005 ..................................................................…...BRA 0141

Bank of America Account Activity: Regular Checking Account held by John Bratton: October 19, 2005 ..................................................................…....BRA 0142

John Gordon Forester's Letter to John Bratton: October 18, 2005...............BRA 0143

John Bratton's Sketch of 1622 Wisconsin Ave. Current Layout...................BRA 0144

John Bratton's Sketch of 1622 Wisconsin Ave. Proposed Layout.................BRA 0145

John Gordon Forester's Letter to John Bratton re: 1622 Wisconsin Avenue, NW: October 19, 2005 ................................................................…...............…BRA 0181

John Gordon Forester's Facsimile to John Bratton re:
1622 Wisconsin Avenue, NW: October 31, 2005....................................BRA 0200

John Bratton's Letter to John Gordon Forester re: 1622 Wisconsin Avenue—
Commercial Lease Agreement Addendum: October 19, 2005............................BRA 0204

John Gordon Forester's Facsimile to Thierry Liverman re: 1622 Wisconsin Avenue:
October 26, 2005...................................................................................BRA 0205

John Bratton's Letter to John Gordon Forester re: 1622 Wisconsin Avenue—
Final Lease: October 28, 2005..............................................................BRA 0206

John Bratton's Facsimile to John Gordon Forester re: 1622 Wisconsin Avenue—
Lease Agreement: October 26, 2005.........................................................BRA 0208

John Gordon Forester's Letter to John Bratton re: 1622 Wisconsin Avenue, NW:
October 26, 2005...................................................................................BRA 0209

John Bratton's Letter to John Gordon Forester re: 1622 Wisconsin Avenue—
Commercial Lease Agreement: October 19, 2005..........................BRA 0210-0211

Paul M. Beito's Facsimile to John Bratton: October 18, 2005...............BRA 0212-0216

Letter from John Gordon Forester to John Bratton
re: 1622 Wisconsin Avenue, NW: October 18, 2005................................BRA 0435

Letter from John Bratton to John Gordon Forester re: 1622 Wisconsin Avenue-
Commercial Lease Agreement: October 19, 2005..........................BRA 0436-0437

Letter from John Gordon Forester to John Bratton
re: 1622 Wisconsin Avenue, NW: October 19, 2005................................BRA 0438

Letter from John Gordon Forester to John Bratton
re: 1622 Wisconsin Avenue, NW: October 26, 2005................................BRA 0457

Facsimile Transmission from Paul Beito to John Gordon Forester re: John Bratton:
October 18, 2005...................................................................................BRA 0510-0514

See also documents produced by plaintiff in connection with his initial disclosures
designated by Bates Nos. BRA 0001- BRA 0551.

Plaintiff further exchanged several emails with his attorney, Stefan Shaibani, regarding
this case. The substance of these emails is subject to attorney-client and work-product
privileges. See Plaintiff's Privilege Log, attached hereto.

INTERROGATORY NO. 9

Set forth in detail all communications between you and any person other than Defendants relating in any way to any of the matters set forth in your Complaint, including but not limited to, the date, time and place of each communication, the manner of each communication (e.g. telephone call, letter, personal conference, etc.), the exact substance of each communication, and identify all persons present for each communication.

PLAINTIFF'S RESPONSE:

Plaintiff objects to this interrogatory upon the grounds that it contains numerous discrete subparts in contravention of the Federal Rules of Civil Procedure and the Court's scheduling order. Plaintiff further objects to this interrogatory upon the grounds that it seeks information subject to attorney-client and work-product privileges. Without waiving these objections, plaintiff points defendants to his response to Interrogatory Nos. 6 and 8 above.

Plaintiff further filed an administrative complaint for discrimination against defendants at the D.C. Office of Human Rights on October 19, 2005 . Plaintiff forwarded several documents to OHR as indicated in his responses to Interrogatories Nos. 6 and 8 above.

See the following documents:

John Bratton's formal complaint filed at the District of Columbia Office of
Human Rights including October 25, 2005 letter of Mandi Galloway.....BRA 0045-0062

Office of Human Rights' Signed and Notarized Housing Discrimination
Complaint including Complainant/Respondent Addresses, Intake Form,
and Summary of Complaint: October 25, 2005...........….....…....….....BRA 0087-0092

U.S. Department of Housing and Urban Development's Housing Discrimination
Complaint:   October 25, 2005.......................................................BRA 0093

Office of Human Rights' Housing/Commercial Space Complaint Form:
October 19, 2005................................................................BRA 0094-0102

Office of Human Rights' Housing/Commercial Space Complaint Form:
October 19, 2005................................................................BRA 0103-0111

Office of Human Rights' In-Person Interview Form by Mandi Galloway:
October 25, 2005................................................................BRA 0112-0119

Litigation Associate, PLLC Facsimile Transmission to Mandi Galloway re:
Notice of Appearance & Request for Withdrawal Form: May 2, 2005....BRA 0120-0121

Mandi Galloway's Facsimile Transmission to Litigation Associate, PLLC re:

Withdrawal form for Bratton complaint:  May 4, 2006...........................…....BRA 0122-0124

Office of Human Rights' Dismissal Order:  May 10, 2006..................BRA 0125-0127

John Bratton's Chain of Events in Reference to 1622 Wisconsin Ave.…....BRA 0128-0131

Stefan Shaibani's Letter to Mandi Galloway re:  John Bratton v. Chatel,
Docket No. 06-026-H (CN):  May 2, 2006……………………...………………BRA 0182

Stefan Shaibani's Letter to Mandi Galloway re:  John Bratton v. Chatel,
Docket No.06-026-H (CN):  May 5, 2006…………………………………..BRA 0183-0184

OHR Order of Dismissal re:  Docket No. 06-026-H, Bratton v. Chatel:
May 10, 2006……………………………………………………………………BRA 0185

See also documents produced by plaintiff in connection with his initial disclosures
designated by Bates Nos. BRA 0001- BRA 0551.

<u>INTERROGATORY NO. 10</u>

For each person you expect to call as an expert witness at trial, state the subject matter on
which the expert is expected to testify, the substance of the findings and opinions to
which the expert is expected to testify, and a summary of the grounds for each opinion.
Attach to your Answers a copy of all written reports received from each of expert.

<u>PLAINTIFF'S RESPONSE:</u>

Plaintiff objects to this Interrogatory because the deadline for designation of experts and
submission of expert reports has not arrived.  Plaintiff will submit these documents at an
appropriate time in the future.

<u>INTERROGATORY NO. 11</u>

If you contend that any act or omission of any defendant was motivated or otherwise
affected by your race, set forth in detail all facts and circumstances supporting this
contention.

<u>PLAINTIFF'S RESPONSE:</u>

Plaintiff refers defendant to plaintiff's First Amended Complaint.  Plaintiff further notes
the following:

On October 6, 2005, John Pagones began to sweat and act nervous upon learning
that plaintiff, an African-American with long hair with dreadlocks, intended to lease the
subject Property.  Despite plaintiff's insistence, Mr. Pagones willfully declined to provide
plaintiff with a rental application, blank lease agreement, and information pertaining to

the Property on October 6, 2005. Mr. Pagones further failed to promptly communicate John Bratton's offers to lease the Property to Mary White.

Mary White's October 12, 2005 decision to reject John Bratton's offer to lease the Property was motivated by racial animus. On the evening of October 12, 2005, Thierry Liverman misrepresented the availability of the Property to plaintiff by informing him that the Property had been leased to another candidate. Mr. Liverman further informed plaintiff that the Property had already been leased, that Mary White was not going to change her mind, and that this was "just business." Despite defendants' representations, no lease agreement had been executed by Roberta Jean Medlin, or anyone else, for the Property on October 12, 2005. Indeed, plaintiff was the only person to execute a lease agreement for the Property in October 2005. Defendants' misrepresentations concerning the availability of the Property on October 12, 2005 were motivated by racial animus toward plaintiff because he is an African-American and had long hair with dreadlocks.

Several days after plaintiff threatened to sue defendants for discrimination, Mary White decided to engage in "negotiations" with plaintiff on October 18, 2005 through her attorney, John Gordon Forester. However, Mary White did not genuinely intend to negotiate a lease with plaintiff even at that time but instead sought to dissuade him from leasing the Property by demanding terms and conditions in the lease that were highly disadvantageous to plaintiff.

Plaintiff's lease agreement executed on October 31, 2005 contained materially different terms and conditions from the lease drafted by Chatel for Roberta Jean Medlin. Plaintiff was required to pay an additional $200 per month for property taxes; Roberta Jean Medlin was not. Plaintiff's lease did not contain a Right of First Refusal even though he had requested one; Roberta Jean Medlin's lease did have a Right of First Refusal, even though she did not ask for one. Plaintiff's lease automatically terminated at the end of two years, even though he had asked for an option to renew the lease; Roberta Jean Medlin's lease would automatically convert to a month to month lease after two years, allowing her to occupy the Property after expiration of her lease.

Plaintiff further received disparate treatment from Chatel in comparison to Roberta Jean Medlin, a Caucasian candidate for the Property. Roberta Jean Medlin's application was processed in one day. In contrast, plaintiff had to wait for five days before Chatel began to process his application in direct violation of Chatel's "First Come, First Serve" policy. Roberta Jean Medlin's credit check was run before plaintiff's credit check, even though plaintiff submitted checks in the amounts of $2,500 for his security deposit and first month's rent on October 7, 2005, four days prior to Roberta Jean Medlin. Plaintiff was required to submit two years of tax returns and his checking account statements, Roberta Jean Medlin was not asked for these documents. Plaintiff's offers to lease the Property (made between October 6 and October 11, 2005) were rejected by Mary White on October 12, 2005, although plaintiff possessed approximately $275,000 in his checking accounts and reported an income of $205,706 in 2003 and $197,155 in 2004 in his federal income tax returns. Roberta Jean Medlin's request to lease the Property was promptly conveyed to Mary White. Plaintiff's request was subject

16

to several days of delay. Indeed, although plaintiff expressed his intent to lease the Property on October 6, 2005, Mr. Liverman did not meet with plaintiff at any time but instead met with Roberta Jean Medlin on October 11, 2005 to discuss the terms of her lease, the very same day that she inquired about the Property.

Mary White also rejected plaintiff's offers to lease the lower level unit of the Property, even though it had been listed on the MRIS for 13 days before plaintiff inquired about it, and defendants had placed two separate lockboxes outside the Property containing keys for both the street and lower level units of the Property. John Gordon Forester falsely represented to plaintiff that the lower level unit of the Property was never available for lease and that the new terms demanded by Mary White were not "new."

Ultimately, it took plaintiff 24 days to execute a lease with Mary White for office space. This delay was clearly motivated by defendants' racial animus, as defendants preferred not to engage in real property transactions with an African-American who had long hair with dreadlocks. Defendants' conduct is truly egregious in light of the fact that they are experienced real estate brokers with full knowledge of the Fair Housing Act and the anti-discrimination provisions of the Civil Rights Act and the D.C. Human Rights Act.

John Gordon Forester's burdensome "negotiations" with plaintiff and Mary White's sudden additions of new terms and conditions to the lease were designed to dissuade plaintiff from leasing the Property. John Gordon Forester's statement to plaintiff that he was a "test case" for discrimination is indicative of defendants' racial animus prompting the delays and rejections of plaintiff's offers to lease the Property.

By the time Mary White executed a lease agreement with plaintiff on October 31, 2005, plaintiff's administrative complaint for discrimination against defendants had been pending at the D.C. Office of Human Rights for 11 days. Indeed, Mary White knew as early as October 12, 2005 that plaintiff had threatened to sue defendants for discrimination. This knowledge was conveyed to her by both Barrett Anderson and Chatel. Mr. Liverman and Mr. Pagones had clearly informed Mary White on or before October 13, 2005 that plaintiff intended to sue defendants for discrimination. Consequently, Mary White executed a lease agreement with plaintiff on October 31, 2005 solely to conceal her discrimination.

The above acts and omissions of defendants were done with malice and racial animus toward plaintiff, because he is an African-American and had long hair with dreadlocks.

INTERROGATORY NO. 12

If you contend that any defendant made any statement, written or oral that demonstrated any racial animus toward you, set forth in detail all facts and circumstances supporting this contention.

PLAINTIFF'S RESPONSE:

See plaintiff's response to Interrogatory No. 11 above.

INTERROGATORY NO. 13

If you contend that Defendants violated any municipal, state or federal regulations or
statutes, set forth:
    a.  each act of omission that provides the factual basis for the alleged violation;
    b.  how such act or omission caused you injury or damage;
    c.  all damages that you allege were caused by the act(s) or omissions(s)
        including how these damages were calculated; and
    d.  the identity of all persons with personal knowledge for the factual basis of
        your contention.

PLAINTIFF'S RESPONSE:

Plaintiff objects to this interrogatory upon the grounds that it contains numerous discrete
subparts in contravention of the Federal Rules of Civil Procedure and the Court's
scheduling order. Without waiving this objection, plaintiff responds as follows:

    a.  See plaintiff's response to Interrogatory No. 11 above. See also plaintiff's
        First Amended Complaint filed on May 17, 2006.
    b.  See plaintiff's response to Interrogatory Nos. 4 and 11 above. See also
        Plaintiff's First Amended Complaint filed on May 17, 2006.
    c.  See plaintiff's response to Interrogatory No. 4 above.
    d.  See plaintiff's response to Interrogatory No. 2 above.

See also documents produced by plaintiff in connection with his initial disclosures
designated by Bates Nos. BRA 0001- BRA 0551.

INTERROGATORY NO. 14

Set forth in detail all facts and circumstances supporting your contention that "Mr.
Pagones' representations that Chatel neither had a lease agreement nor a rental
application on October 6, 2005 were false and driven by racial animus toward [you],
seeking to dissuade [you] from leasing the Wisconsin Ave. property."

PLAINTIFF'S RESPONSE:

See plaintiff's response to Interrogatory No. 11 above.

INTERROGATORY NO. 15

Set forth in detail all facts and circumstances supporting your contention that "defendants
misrepresented to [you] the unavailability if the Wisconsin Avenue Property, and no one

other than [you] executed a lease agreement or submitted an offer to lease the Wisconsin Avenue property between October 6 and October 11, 2005."

PLAINTIFF'S RESPONSE:

See plaintiff's response to Interrogatory No. 11 above.

INTERROGATORY NO. 16

If you contend that Defendants at any time misrepresented the presence, interest or existence of another person interested in leasing the Wisconsin Avenue Property, set forth in detail all facts and circumstances supporting your contention.

PLAINTIFF'S RESPONSE:

See plaintiff's response to Interrogatory No. 11 above.

INTERROGATORY NO. 17

Set forth in detail all facts and circumstances supporting your contention that "Defendants...knew that the Wisconsin Avenue Property was available for rent on October 11, 2005."

PLAINTIFF'S RESPONSE:

See plaintiff's response to Interrogatory No. 11 above.

INTERROGATORY NO. 18

Set forth in detail all facts and circumstances supporting your contention that Defendants "refused to lease the space to plaintiff because he is an African-American."

PLAINTIFF'S RESPONSE:

See plaintiff's response to Interrogatory No. 11 above.

INTERROGATORY NO. 19

Set forth in detail all facts and circumstances supporting your contention that Defendants "decision to lease the Wisconsin Avenue property to [you] after [you] filed an administrative complaint was made with the intent to conceal their racial animus toward [you]."

PLAINTIFF'S RESPONSE:

See plaintiff's response to Interrogatory No. 11 above.

INTERROGATORY NO. 20

Set forth in detail all facts and circumstances supporting your contention that the terms and conditions contained in the final lease were intended to dissuade you from leasing the property and were driven by racial animus.

PLAINTIFF'S RESPONSE:

Plaintiff was denied the opportunity to lease the lower level unit of the subject Property even though it had been listed on the MRIS for 13 days and a lockbox placed outside the Property to allow real estate agents to show the lower level unit to prospective tenants. Further, Barrett Anderson informed plaintiff that the lower level unit of the Property was available for rent and gave plaintiff a tour of the Property.

Plaintiff was denied a right of first refusal, which would afford him the opportunity to purchase the subject Property if it were to be offered for sale during the term of the lease. Plaintiff was denied an option to renew the lease. Plaintiff was required to submit to a burdensome investigation of his financial background and assets in order to obtain the lease. Plaintiff was further required to pay $200 per month for real estate taxes for the Property. These terms were not disclosed on the MRIS nor specified by John Pagones in his communications with plaintiff. Only upon commencing negotiations with John Gordon Forester, did plaintiff become aware of these new terms and conditions. In contrast to plaintiff, Roberta Jean Medlin was not subject to these terms and conditions in her attempts to lease the Property.

See also plaintiff's response to Interrogatory No. 11 above.

INTERROGATORY NO. 21

If you contend that the acts or omissions of any defendant caused you to suffer any emotional distress or damages, describe such damage and/or distress, the physical manifestations of such, the severity, and how long it lasted.

PLAINTIFF'S RESPONSE:

See plaintiff's responses to Interrogatory Nos. 2 and 4 above. Plaintiff's emotional damages continue to last to this day as a result of defendants' discrimination and misconduct.

INTERROGATORY NO. 22

If you have ever been a party to a lawsuit, administrative claim, grievance or other action alleging racial discrimination, please identify the date, parties, forum and circumstances of such.

PLAINTIFF'S RESPONSE:

Plaintiff has never been a party to a lawsuit, administrative claim, grievance, or other action alleging racial discrimination other than in this case.

INTERROGATORY NO. 23

Describe in detail any and all ownership interests that you have had in any business or enterprise in the last 10 years (with the exception of publicly traded companies), including in your answer the name and address of the business, and the names and addresses and telephone numbers of all other owners.

PLAINTIFF'S RESPONSE:

Plaintiff objects to this interrogatory because it is overbroad, unduly burdensome, irrelevant, and not reasonably likely to lead to the discovery of admissible evidence. Plaintiff was previously required by defendants to submit only his income tax records for the years 2003 and 2004 and his checking account bank statements for October 2005. Plaintiff's ownership interests in any business or enterprise over the past 10 years is completely irrelevant to the matters at issue in this case. Plaintiff further objects to this interrogatory upon the ground that it contains numerous discrete subparts in contravention of the Federal Rules of Civil Procedure and the Court's scheduling order. Without waiving these objections, plaintiff submits that he is the owner of Bratton Realty, Inc., a District of Columbia corporation engaged in the business of real estate brokerage. The address and telephone number of Bratton Realty, Inc. are as follows:

 Address:  1622 Wisconsin Avenue, NW, Washington, DC 20007
 Tel:  (202) 549-3076

INTERROGATORY NO. 24

Describe in detail any and all renovations or changes that you have made to the rented Wisconsin Ave. property.

PLAINTIFF'S RESPONSE:

Plaintiff has made slight renovations to the street level unit of the subject Property, including the posting of signs indicating Bratton Realty's occupation of the Property.

See also the following documents:

Photograph of Exterior Entrance to 1622 Wisconsin Avenue Building:
Taken on August 3, 2006............................................................BRA 0534

Photographs of Upper and Street Level Doors and Stairs Leading to
Lower Level Door of 1622 Wisconsin Avenue:
Taken on August 3, 2006……………………………………..……..BRA 0535-0536

Photographs of Backyard to 1622 Wisconsin Avenue, (access to which
is only provided by door via lower level): Taken on August 3, 2006……..BRA 0537-0539

Photographs of Interior of Bratton Realty (street level of 1622
Wisconsin Avenue): Taken on August 3, 2006……………..………..……BRA 0540-0542

Photographs of Window to Bratton Realty (1622 Wisconsin Avenue):
Taken on August 3, 2006……………………………………….…...…….BRA 0543-0544

Indices for Photographs as shown in BRA 0534-0544 processed on:
August 5, 2006………………………………………………..………….BRA 0545-0546

Deposit Ticket for Photographs as shown in BRA 0543-0544…………...BRA 0547-0548

## INTERROGATORY NO. 25

Set forth in detail any and all payments you have made to defendants related to the
Wisconsin Ave. property.

## PLAINTIFF'S RESPONSE:

Plaintiff submitted two checks in the amounts of $2,500 to Chatel for his security deposit
and first month's rent on October 7, 2005. Plaintiff has also made monthly rent payments
in the amount of $2,500 to Chatel as well as $200 per month to compensate Mary White
for the real estate taxes on the Property. Defendants Chatel and Mary White are in
possession of the checks tendered by plaintiff to defendants.

I SOLEMNLY AFFIRM UNDER PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

September 18, 2006

_____
John Bratton

As to objections:

Dated: September 18, 2006

_____
Stefan Shaibani (Bar No. 490024)
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036
Tel: (202) 862-4335
Fax: (202) 828-4130

*Attorney for Plaintiff*

23

CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2006, I sent by first class mail a copy of

"PLAINTIFF'S RESPONSE TO DEFENDANT CHATEL REAL ESTATE, INC.'S

FIRST SET OF INTERROGATORIES TO PLAINTIFF" to the recipients named below:

Matthew A. Ranck
Eccleston & Wolf, P.C.
2001 S Street, NW, Suite 310
Washington, DC 20009
Tel: 202-857-1696
*Counsel for Defendants Chatel Real Estate Inc. and Thierry Liverman*

Robert Bouse
Anderson, Coe, and King
201 North Charles Street, Suite 2000
Baltimore, MD 21201
Tel: 410-752-1630
*Counsel for Defendant Mary White*

24