339

1    IN THE UNITED STATES DISTRICT COURT
2    FOR THE DISTRICT OF COLUMBIA
3    - - - - - - - - - - - - - - - - X
4    JOHN BRATTON, et al.,              :      ORIGINAL
5              Plaintiffs,              :
6    vs.                                :   Case No.: 1:06CV00694
7    CHATEL REAL ESTATE, INC.,          :
8    et al.,                            :
9              Defendants.              :
10   - - - - - - - - - - - - - - - - X
11
12                    Volume III
13        Continued Deposition of THOMAS J. LYNCH
14                  Washington, D.C.
15              Monday, December 10, 2007
16                    12:18 p.m.
17
18
19
20   Job No.: 1-118037
21   Pages:   339 - 567
22   Reported by:  Dana C. Ryan, RPR, CRR


EXHIBIT 1

L.A.D. REPORTING & DIGITAL VIDEOGRAPHY
1100 Connecticut Avenue, NW • Suite 850, Washington, D.C. 20036
Tel: 202.861.3410 • 800.292.4789 • Fax: 202.861.3425
Web: ladreporting.com • E-mail: lisa@ladreporting.com
Additional Offices: Rockville, MD • Baltimore, MD • Greenbelt, MD • McLean, VA

DEPOSITION OF THOMAS J. LYNCH - VOLUME III
CONDUCTED ON MONDAY, DECEMBER 10, 2007

340

Continued Deposition of THOMAS J. LYNCH, held at the law offices of:

    Eccleston & Wolf, P.C.

    2001 S Street, N.W.

    Suite 310

    Washington, D.C. 20009

    (202) 857-1696

Pursuant to agreement, before Dana C. Ryan, Registered Professional Reporter, Certified Realtime Reporter and Notary Public in and for the District of Columbia.

341

A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFFS:

    STEFAN SHAIBANI, Esquire

    Litigation Associate, P.L.L.C.

    1150 Connecticut Avenue, N.W.

    Ninth Floor

    Washington, D.C. 20036

    Telephone:  (202) 862-4335


ON BEHALF OF THE DEFENDANTS CHATEL REAL ESTATE, INC., AND THIERRY LIVERMAN:

    MATTHEW A. RANCK, Esquire

    SETH P. KLEINER, Esquire

    Eccleston & Wolf, P.C.

    2001 S Street, N.W.

    Suite 310

    Washington, D.C. 20009

    Telephone:  (202) 857-1696

DEPOSITION OF THOMAS J. LYNCH - VOLUME III
CONDUCTED ON MONDAY, DECEMBER 10, 2007

342

1   A P P E A R A N C E S   C O N T I N U E D

3   ON BEHALF OF THE DEFENDANT MARY WHITE:

4       ROBERT H. BOUSE, JR., Esquire

5       Anderson, Coe & King, L.L.P.

6       201 North Charles Street

7       Suite 2000

8       Baltimore, Maryland 21201

9       Telephone:   (410) 752-1630

DEPOSITION OF THOMAS J. LYNCH - VOLUME III
CONDUCTED ON MONDAY, DECEMBER 10, 2007

343

C O N T E N T S

| | | PAGE: |
|---|---|---|
| EXAMINATION OF THOMAS J. LYNCH: | | |
| By Mr. Ranck | | 344 |
| By Mr. Shaibani | | 500 |
| By Mr. Bouse | | 526 |
| By Mr. Ranck | | 550 |

E X H I B I T S

(Attached to the Transcript)

| LYNCH DEPOSITION EXHIBIT | | PAGE |
|---|---|---|
| No. 8 | Expert Report Of Thomas Lynch On Economic Damages | 362 |

344

P R O C E E D I N G S

THOMAS J. LYNCH,

having been duly sworn, testified as follows:

EXAMINATION BY COUNSEL FOR THE DEFENDANTS

CHATEL REAL ESTATE, INC., AND THIERRY LIVERMAN

BY MR. RANCK:

Q    Can you state your name and address for the record again even though we've been through this one time sometime back?

A    Thomas J. Lynch, L-Y-N-C-H, 1062 Harriman, H-A-R-R-I-M-A-N, Street, Great Falls, Virginia 22066.

Q    Your address hasn't changed since the date of your first deposition, Mr. Lynch?

A    It has not.

Q    And that's your office or home or both?

A    It's -- it's an office and a home.

Q    How long have you used that as your office?

A    It's been my D.C. office probably for four years.

Q    Four years?

A    Yeah.

Q    Is your practice primarily residential or

468

1  Q   Had another agent at Bratton Realty assisted
2  Mr. Stanton in selling his property Bratton Realty
3  would have earned a commission on that; correct?
4          MR. SHAIBANI:  Objection, assumes facts
5  not in evidence.
6          THE WITNESS:  That's correct.
7  BY MR. RANCK:
8  Q   A 2.5 percent commission as -- that's the
9  figure --
10 A   I don't know what's your question.
11 Q   -- you use in your report?
12 A   2.5 percent commission was -- the commission
13 paid to the listing agent according to the MLS was a
14 2.5 percent commission.
15 Q   So that would have gone to Bratton Realty
16 had another agent served Mr. Stanton; correct?
17         MR. SHAIBANI:  Objection, calls for
18 speculation.
19         THE WITNESS:  A -- the gross would have
20 gone to Bratton Realty and I don't know how much of
21 the net.
22 BY MR. RANCK:

1  six months or more.

2   Q   Now, in your experience what's the effect of
3  one of those -- well, actually, that was unresponsive
4  to my question.  Is there a typical length?

5   A   Yeah, I'd say six months --

6   Q   Six months, okay.

7   A   -- if I were to give a typical.

8   Q   Okay.  Based on your experience, the buyer
9  representation letter, what's its effect if the buyer
10 on the buyer's own finds a property to purchase; is
11 the real estate professional still entitled to a
12 commission?

13   A   I would say generally speaking.

14   Q   How about if the buyer goes to some other
15 real estate professional who helps them buy a
16 property, the original real estate professional is
17 still entitled to a commission; right?

18   A   If that's the way the contract is written,
19 correct.

20   Q   Is that typical?

21   A   I would say it's pretty typical.

22   Q   Okay.  And is there -- is there any reason a

1  different agent at Bratton Realty couldn't have

2  assisted the Edwards in helping them to find a house

3  to buy --

4      MR. SHAIBANI: Objection.

5  BY MR. RANCK:

6    Q  -- during the time period at issue?

7    A  There may have been.

8    Q  Well, do you know any facts that would

9  suggest there was?

10    A  That's why I said, "There may have been." I

11  don't have any specifics as to that, no.

12    Q  Okay. All right. The Yepes family, which

13  of these various Yepes identified approached

14  Mr. Bratton; do you know?

15    A  I am not -- I am not sure at all. I don't

16  know.

17    Q  Have you ever spoken with any of the Yepes?

18    A  I have not.

19    Q  Is your testimony with regard to this lost

20  transaction the same as the Stanton transaction and

21  the Edwards transaction; that is, your conclusion that

22  Mr. Bratton lost this transaction due to the matters