Page 1

```
 1    UNITED STATES DISTRICT COURT
 2       FOR THE DISTRICT OF COLUMBIA
 3
 4   - - - - - - - - - - - - - x
 5   JOHN BRATTON,           :
 6       Plaintiff,          :
 7   vs.            :Case No.: 1:06CV00694
 8   CHATEL REAL ESTATE, INC.,:
 9   et al.,                 :
10       Defendants.         :
11   - - - - - - - - - - - - - x
12
13
14       Continued Deposition of JOHN BRATTON
15             Washington, D.C.
16          Wednesday, January 24, 2007
17                11:34 a.m.
18
19
20   Job No.: 1 - 95673
21   Pages: 1 - 170
22   Reported by: Lisa Kirk
```

Page 2

```
 1       Deposition of JOHN BRATTON, held at the
 2   offices of:
 3       LITIGATION ASSOCIATE, PLLC
 4       Connecticut Building, Ninth Floor
 5       1150 Connecticut Avenue, NW
 6       Washington, D.C. 20036
 7       (202) 862-4335
 8
 ...
17       Pursuant to agreement, before Lisa Kirk,
18   Court Reporter and Notary Public in and for the
19   District of Columbia.
```

Page 3

```
 1            APPEARANCES
 2   ON BEHALF OF THE PLAINTIFF:
 3       STEFAN SHAIBANI, ESQ.
 4       Litigation Associate, PLLC
 5       Connecticut Building, Ninth Floor
 6       1150 Connecticut Avenue, NW
 7       Washington, D.C. 20036
 8       (202) 862-4335
 9
10   ALSO PRESENT: SHABNAM KEYVAN,
11       Only admitted in the State of Maryland and
12       practicing under the supervision of Stefan
13       Shaibani, licensed D.C. attorney.
14
15   ON BEHALF OF THE DEFENDANTS,
16   CHATEL REAL ESTATE and THIERRY LIVERMAN
17       MATTHEW A. RANCK, ESQ.
18       Eccleston and Wolf, P.C.
19       Suite 310
20       2001 S Street, N.W.
21       Washington, D.C. 20009-1125
22       (202) 857-1696
```

Page 4

```
 1       APPEARANCES CONTINUED
 2   ON BEHALF OF THE DEFENDANT, MARY WHITE
 3       ROBERT H. BOUSE, JR., ESQ.
 4       Anderson, Coe & King, LLP
 5       201 North Charles Street
 6       Suite 2000
 7       Baltimore, Maryland 21201
 8       (410) 752-1630
```

EXHIBIT 4

**Page 5**

```
 1           C O N T E N T S
 2   EXAMINATION OF JOHN BRATTON        PAGE
 3     By Mr. Bouse               6, 107, 158
 4     By Mr. Ranck                  97, 141
 5     By Mr. Shaibani                   109
 6
 7
 8              E X H I B I T S
                (Retained by Counsel.)
 9
10   BRATTON DEPOSITION EXHIBITS         PAGE
11     No. 28                              17
12     No. 29                              40
13     No. 30                              45
14     No. 31                              78
15     No. 32                             118
16     No. 33                             166
17
18
19
20
21
22
```

**Page 6**

```
 1           P R O C E E D I N G S
 2              JOHN BRATTON,
 3   having been first duly sworn, testified as follows:
 4      EXAMINATION BY COUNSEL FOR DEFENDANT, MARY WHITE
 5              BY MR. BOUSE:
 6      Q  Mr. Bratton, as introduced to you, my name
 7   is Robert Bouse and I represent Mary White.  I'm
 8   going to skip around because a lot of the questions I
 9   am going to ask you have already been asked of you by
10   Mr. Ranck, so I may repeat a couple.  If I do, I
11   apologize to you, but it won't be long.  I understand
12   you're under some time constraint and I'll try to
13   finish this as promptly as I can.
14          I do want to state on the record that I
15   thank you for your courtesy the last time the
16   deposition was scheduled last week, breaking at 5
17   o'clock so I could pick up my daughter and my
18   grandson.  I appreciate that.  I just want you to
19   know that.
20          Now, have you talked to your attorney
21   about any of your testimony since the last
22   deposition?
```

**Page 7**

```
 1      A  (Nonverbal response).
 2      Q  Have you talked to either one of your
 3   attorneys about your testimony since your last
 4   deposition?
 5          MR. SHAIBANI:  I'd like to object on
 6   privilege grounds.
 7          BY MR. BOUSE:
 8      Q  Have you spoken with him about your
 9   testimony?
10      A  Yes, I have.
11      Q  And was it about -- you don't have to tell
12   me what you said to him, but tell me was it about the
13   substance of your testimony or just how am I doing or
14   words of that effect?
15          MR. SHAIBANI:  Objection on privilege
16   grounds.
17          You can answer.
18          THE WITNESS:  I basically just talked to
19   him about the fact that I thought it went well and I
20   thought that the questions didn't really get to any
21   specific points.
22          BY MR. BOUSE:
```

**Page 8**

```
 1      Q  Did you discuss anything that I -- that
 2   Mr. Shaibani would think that I would ask you today?
 3   Did you go over after your deposition any questions I
 4   may ask you.
 5          MR. SHAIBANI:  Objection on privilege
 6   grounds.
 7          BY MR. BOUSE:
 8      Q  -- as to Mary White?
 9          MR. SHAIBANI:  You can respond.
10          THE WITNESS:  I don't think we really went
11   over anything that wasn't just general conversation
12   about things that had been said for the past year and
13   a half.
14          BY MR. BOUSE:
15      Q  Since your deposition of last week have
16   you reviewed any additional documents?
17      A  Any additional documents such as?
18      Q  Well, I'm just asking, any additional
19   documents with reference to this case?
20      A  No, just the same documents from before,
21   the same documents I stated -- the same questions
22   from last week.
```

Page 89

let's not forget the fact that I am looking at an executed document, a signed lease that has an address on it, that says this is where you send your rent checks, which is exactly where I got the address from, which is the exact address of the checks that were sent back to me, directly to the address.

BY MR. BOUSE:

Q Wouldn't you agree, Mr. Bratton, that that was simply a mistake and not a discriminatory action?

MR. SHAIBANI: Objection.

THE WITNESS: Of course that was a mistake and if you look at my statement back when that happened I was like this is awful puzzling that all of the sudden now the next step is I'm in the space and now all of the sudden you're not getting my checks when I know I sent my checks out.

BY MR. BOUSE:

Q But it was straightened out, you never paid double for that month, correct?

A Of course it was straightened out.

Q And you've not had a problem with your rent since that time or any accusations that you've

Page 90

not paid your rent since that time, correct?

A That's correct.

Q What about now this hot water issue?

A Issue is just before I moved in the place.

Q Okay and who sent you the bill for the hot water heater?

A I don't know who the bill directly came from, but I think Patsy Petty is the person who handles the property management side of it.

Q And as a matter of fact you never did pay that, that was worked out also, is that correct?

A There was no reason for me to even consider paying that. You're not giving me anything with that.

Q What I'm saying is how is that evidence of discriminatory conduct by Mary White if you contend that it is?

MR. SHAIBANI: Objection.

BY MR. BOUSE:

Q If you don't contend that it is, then it's over.

A I never contended the last two things you

Page 91

brought up as the grounds for my complaint. The grounds for my complaint --

Q Or as continual discriminatory conduct by Mary White towards you, those two issues, the rent issue and the hot water issue?

MR. SHAIBANI: Objection.

THE WITNESS: You're asking about the check and the water heater, no. The meat and potatoes of my case is all the stuff that we've talked about prior to me getting into the space, prior to me negotiating that lease on October the 31st. That is the meat and potatoes of this whole entire case. The fact that the check -- I was given the wrong address to send the check and so therefore -- that could have been deliberate. Where did that address come from? No one to this day has been able to tell me where that address came from that's wrong. Oh, sorry, it's a wrong address. Well, now I know, but that was typed on my lease, so of course --

BY MR. BOUSE:

Q And if it was a mistake, it wouldn't have been discriminatory, correct, we can agree to that?

Page 92

MR. SHAIBANI: Objection.

THE WITNESS: I'm not saying people can't make a typo, but it was a clearly wrong address. It wasn't even a typo. It was a completely wrong address.

BY MR. BOUSE:

Q And the same thing with the hot water issue, that is not discriminatory. It was a mistake and you didn't pay for it, correct?

MR. SHAIBANI: Objection.

THE WITNESS: This is why you get the wrong answer, because you're trying to sit there and throw out these things as to say everything that happens to John Bratton is discriminatory. No, everything that happens to John -- I am 42 years old and I have -- pretty much have been a minority almost everywhere -- my college, everywhere I go, you know, I've been a minority. I'm totally comfortable with being a minority. You look at my circle of friends and my circle of friends is so colorful, but even within my circle of friends I am the minority. You look at my client base, you take a group picture of